**FILED**

JUN 0 6 2025

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

25 CV - 28 5 GKF - MTS

**PARTIES for Habeas Corpus for Linh**

0) *Plaintiff:* **Linh Tran Stephens**, sui juris
Rural Free Delivery, Non-Domestic 0000u,
% 1964 Ashley River Rd Ste B Unit 80112,
Charleston, South Carolina [zip exempt,near 29407] without U.S. Washington, D.C.
Phone: 817-631-3223 (donotcall.gov)
*Defendants:*

1) **STATE OF OKLAHOMA and its divisions and employees/successors;**

2) Loretta Radford a/k/a **LORETTA RADFORD**, in her individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket F;

3) Deborrah Ludi-Leitch a/k/a **DEBORRAH LUDI LEITCH**, in her individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket F;

4) Emmalene Stringer a/k/a **EMMALENE STRINGER**, in her individual capacity and in official capacity as State Attorney of Child Support Services

5) Jacob R. Williamson a/k/a **JACOB R WILLIAMSON**, in his individual capacity and in official capacity as Tulsa County District Court Sheriff employee;

6) Vic Regalado a/k/a **VIC REGALADO**, in his individual capacity and in official capacity as SHERIFF OF TULSA COUNTY;

7) Kim Hall a/k/a **KIM HALL**, in her individual capacity and in official capacity as Court Clerk of Tulsa County District Court;

8) Jeffrey Cartmell, a/k/a **JEFFREY CARTMELL** in his individual capacity and in official capacity as DIRECTOR OF OKDHS since 2024 replacing DEBORAH SHROPSHIRE;

9) Gentner Drummond, a/k/a **GENTNER FREDERICK DRUMMOND** in his individual capacity and in official capacity as OKLAHOMA ATTORNEY GENERAL since 2023;

10) John Kevin Stitt, a/k/a, **J. KEVIN STITT**, in his individual capacity and in official capacity as GOVERNOR OF OKLAHOMA;

11) **TULSA COUNTY DISTRICT COURT and its divisions** (Family Court, Juvenile Court, Civil Court, Small Claim Court Division) **and its employees/successors**

12) **OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS) and its divisions and its employees/successors;**

13) **OKLAHOMA CHILD SUPPORT SERVICES (CSS)**

14) **OKLAHOMA SHERIFFS' ASSOCIATION;**

15) **OKLAHOMA ATTORNEY GENERAL OFFICE (OAG);**

16) **OKLAHOMA SECRETARY OF STATE (SOS);**

17) **OKLAHOMA STATE GOVERNOR'S OFFICE;**

18) **DAVID L. MOSS JUSTICE CENTER/TULSA COUNTY JAIL**

19) **DOES #1-99** known but unidentified STATE OF OKLAHOMA's employees;

- *Defendants # 1, 9, 15, and all defendants:* Oklahoma Attorney General Gentner Drummond for **STATE OF OKLAHOMA and all its employees/successors** 313 NE 21st Street, Oklahoma City, OK 73105

- *Defendant # 2, 3, 11* **Tulsa County District Court and all its divisions:** ATTN: Clerk's Office, Presiding Judge, and Board of County Commissioners, Judges of docket F: Loretta Radford, Deborah Ludi Letich 500 S. Denver Avenue, Tulsa, OK 74103

- *Defendants # 4, 8, 12, 13* **Oklahoma Department of Human Services and its divisions including CSS**, Emallene Stringer, director Jerrey Cartmell and Deborah Shropshire 2400 N. Lincoln Blvd., Oklahoma City, OK 73105

- *Defendant # 5, 6* Tulsa County Sheriff's Office ATTN: Sheriff Vic Regalado and Jacob Williamson 500 S Denver Ave, Tulsa, OK 74103-3832

- *Defendant # 7* Tulsa County Court Clerk's Office; ATTN: **Kim Hall** 500 S. Denver Avenue, 3rd Floor Tulsa, OK 74103

- *Defendant # 13:* CSS P.O. Box 268849, Oklahoma City, OK 73126-8849

- *Defendant # 14* OKLAHOMA SHERIFFS' ASSOCIATION ATTN: Executive Director Ray and Registered Agent for Service of Process: 1615 South State Street, Edmond, OK 73013

- *Defendant # 16* Service of Process Division, **Oklahoma Secretary of State** 2300 N Lincoln Blvd, Suite 101 Oklahoma City, OK 73105-4897

- *Defendant # 10, 17* Office of the Governor, ATTN: J. Kevin Stitt Oklahoma State Capitol 2300 N. Lincoln Blvd., Suite 212 Oklahoma City, OK 73105

- *Defendant # 18:* **DAVID L. MOSS JUSTICE CENTER,** 300 N. Denver Ave. Tulsa, OK 74104

- CC:**The Board of County Commissioners,** Tulsa County Headquarters 218 W. 6th St., Tulsa, OK 74119-1004

*Fee paid & Summons*

OKND 2254 Mod 07/2019

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | Northern District of Oklahoma |
|---|---|

| Name (under which you were convicted):<br><br>LINH TRAN STEPHENS | Docket or Case No.:<br><br>FD-2015-2228 |
|---|---|

| Place of Confinement :<br><br>David L. Moss | Prisoner No.:<br><br><u>1282383</u> |
|---|---|

| Petitioner (include the name under which you were convicted)<br><br>LINH TRAN STEPHENS | v. | Respondent (authorized person having custody of petitioner)<br><br>STATE OF OKLAHOMA, Loretta Radford, DAVID L. MOSS, TULSA SHERIFF'S ASSOCIATION, OKDHS, CSS |
|---|---|---|

| The Attorney General of the State of: | DOUG DRUMMOND |
|---|---|

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    TULSA COUNTY DISTRICT COURT

    (b) Criminal docket or case number (if you know):  FD-2015-2228

2.  (a) Date of the judgment of conviction (if you know):  allegedly 05/02/2025 (ordered 05/08/2025?)

    (b) Date of sentencing:  05/08/2025

3.  Length of sentence:  6 months

4.  In this case, were you convicted on more than one count or of more than one ☐ Yes ☒ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    contempt of court for unvalidated fraudulent debt that I don't owe

6.  (a) What was your plea? (Check one) I did not plea because Court refused to answer Jurisdiction challenges & others

    ☐ (1)  Not guilty        ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty            ☐ (4)  Insanity plea

OKND 2254 Mod 07/2019

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?    N/A

_____

_____

_____

_____

_____

    (c) If you went to trial, what kind of trial did you have? (Check one)

        ☐ Jury    ☐ Judge only N/A I was blocked out of pretrial hearings; Removal to Federal filings;

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

        ☐ Yes    ☐ No N/A, see above

8.    Did you appeal from the judgment of conviction?

        ☐ Yes    ☒ No

9.    If you did appeal, answer the following:

    (a) Name of court: _____

    (b) Docket or case number (if you know): _____

    (c) Result: _____

    (d) Date of result (if you know): _____

    (e) Citation to the case (if you know): _____

    (f) Grounds raised:

_____

_____

_____

_____

_____

_____

    (g) Did you seek further review by a higher state court?   ☐ Yes   ☐ No

        If yes, answer the following:

        (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Result: _____

_____

OKND 2254 Mod 07/2019

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☒ Y    ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:    U.S. DISTRICT COURT NORTHERN DISTRICT OF OKLAHOMA

(2) Docket or case number (if you know):    24-CV-216-JDR-CDL

(3) Date of filing (if you know):    03/06/2025

(4) Nature of the proceeding:    PENDING appeal in 10th circuit

(5) Grounds raised:    jurisdictional challenge: Proceeding Without Jurisdiction (Viet Nam nation)

Double Jeopardy (Violation of 5th Amendment), pending appeal from same conviction 02/2024

Unconstitutional Imprisonment for Debt (Violation of 14th Amendment Due Process)

Violation of Equal Protection and Due Process (14th Amendment) : court imposed financial

barriers to justice by conditioning my right to a jury trial on payment of fees despite my documented

financial indigency; court granted accommodations for virtual attendance to opposing parties while

denying me the same accommodation despite my residence in South Carolina and documented

financial inability to travel and without a car had to borrow others. Denial of Right to Be Heard;

(due process 14th Amend): labeled me as "no show" after blocked me out; threaten arrest advocate

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result:    depriv of rights: lack of jurisdiction, double jeopardy, debtor prison inability to pay

OKND 2254 Mod 07/2019

(8) Date of result (if you know): 05/02/2025

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: U.S. DISTRICT OKND+ TULSA COUNTY DISTRICT COURT

    (2) Docket or case number (if you know): FD-2015-2228 and 24-CV-216-JDR-CDL

    (3) Date of filing (if you know): 03/06/2025

    (4) Nature of the proceeding: **NOTICE OF REMOVAL FROM STATE COURT...**

    (5) Grounds raised: Diversity Jurisdiction under 28 U.S.C. §1332 Viet Nam citizen, NOT U.S. citizen

        Civil Rights Removal under 28 U.S.C. § 1443

        Federal Question Jurisdiction under 28 U.S.C. § 1331

        28 U.S.C. § 1441 (in addition to §§ 1331, 1332, 1443, and 1446)

        FDCPA violations, ADA rights violations,

        Violation of Civil Rights 42 USC §1983; Deprivation of Rights Under Color of Law 18 USC §242

        Kidnapping (18 U.S.C. §1201); Extortion; R.I.C.O.,

        Conspiracy to Deprive of Rights (18 U.S.C. §241)

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes ☒ No

    (7) Result: deprivation of rights, denial without hearing; refusal to STAY all proceedings

    (8) Date of result (if you know): 05/02/2025

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: TULSA COUNTY DISTRICT COURT

    (2) Docket or case number (if you know): FD-2015-2228

    (3) Date of filing (if you know): 03/06/2025 + 03/07/2025 + 05/01/2025

    (4) Nature of the proceeding: **Notice/Affidavit jurisdiction+ COL form+formal protest**

    (5) Grounds raised: Lack of jurisdiction over a natural person Viet Nam nation. Gov acting as a

        private corporation under the Clearfield Doctrine. Absence of a valid complainant with firsthand

        knowledge. Rebuttal of presumption that the individual is a legal entity.

        Challenge to contractual obligations. Tax exemption for natural persons.

        Challenge to attorneys' authority.

        Demand for proof of authority and oath of office as article iii judge

        Objection of special judges' jurisdiction

        form COL "violation warning Denial of Rights" served directly to judge and also filed 03/07/2025

OKND 2254 Mod 07/2019

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☒ No

(7) Result: _____ denied without hearing, deprivation of rights _____

(8) Date of result (if you know): _____ 05/02/2025 _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:      ☒ Yes     ☐ No

(2) Second petition:    ☒ Yes     ☐ No

(3) Third petition:      ☐ Yes     ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____ N/A _____

_____ N/A _____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** _____ SEE ATTACHED for 11 grounds _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

_____

OKND 2254 Mod 07/2019

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

OKND 2254 Mod 07/2019

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

**GROUND TWO:** _____ SEE ATTACHED for 11 grounds _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐   Yes     ☐  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes     ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

_____

Docket or case number (if you know): _____

OKND 2254 Mod 07/2019

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?        ☐   Yes    ☐  No

(4) Did you appeal from the denial of your motion or petition?   ☐   Yes    ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the   ☐   Yes    ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

**GROUND THREE:**          _____ SEE ATTACHED for 11 grounds _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

OKND 2254 Mod 07/2019

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

OKND 2254 Mod 07/2019

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:**          SEE ATTACHED for 11 grounds

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐   Yes   ☐   No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)  **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes   ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

OKND 2254 Mod 07/2019

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:          SEE ATTACHED last paragraph under

Section *STATEMENT OF FACTS* and also section *EXHAUSTION OF STATE REMEDIES*

_____

_____

_____

_____

OKND 2254 Mod 07/2019

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☒ Yes   ☐ No

          If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

          N/A _____

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☐ Yes  ☒ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.    N/A _____

_____

_____

_____

_____

OKND 2254 Mod 07/2019

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:        N/A since I am sui juris self presenting as a Viet Nam national

(b) At arraignment and plea:        N/A since I am sui juris self presenting as a Viet Nam national

(c) At trial:        N/A since I am sui juris self presenting as a Viet Nam national

(d) At sentencing:        N/A since I am sui juris self presenting as a Viet Nam national

(e) On appeal:        N/A since I am sui juris self presenting as a Viet Nam national

(f) In any post-conviction proceeding:        N/A since I am sui juris self presenting as a Viet Nam

(g) On appeal from any ruling against you in a post-conviction proceeding:

   N/A since I am sui juris self presenting as a Viet Nam national

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   N/A but the court likely will do triple and quadruple jeopardy as they have zero respect for LAW,

   for CREATOR, nor for men/women that sacrificed for freedom and for the U.S. Constitution court shit on

(b) Give the date the other sentence was imposed:        N/A

(c) Give the length of the other sentence:        N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐ Yes   ☐ No N/A

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

   N/A this is a timely filed habeas

OKND 2254 Mod 07/2019

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

OKND 2254 Mod 07/2019

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: ___issue a writ of habeas corpus for my immediate___

___release from the imminent six-month imprisonment for alleged child support debt; recall all warrants; permanent___

___restraining order enjoining Defendants from executing arrest warrant against me or contempt hearings___

or any other relief to which petitioner may be entitled.

_____N/A, I'm sui juris self presenting VietNam national_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system, with the correct postage attached, on:

_____N/A_____ (month, date, year).

Executed (signed) on _____06/05/2025_____ (date).

*without prejudice*

_____
Signature of Petitioner

linh tran stephens/agent
1964 Ashley River Rd. #B
Charleston, SC [29407]
817.631.3228
United 9011 2
South Carolina

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.
N/A

Page 16 of 16

Tulsa District County Court of Oklahoma cases No. FD-2015-2228 docket C & F
https://tinyurl.com/4cdv5u56 ; jail David L Moss inmate ID# 1282383 (DLM#)for debtor
imprisonment with inability to pay [unconstitutional] for 2 months since 02/07/2024;
*Nonjurisdictional* OAH No.: 23-00313-73, *Fraudulent and nonjurisdictional* OK IV-D FGN:
000948641001; CPS Case 20652909, CPS referral # 2078246 & 2200561 against Adam for
child abuses among many other CPS referrals by nonparties since 2017 against Adam while
false # 2195835 against Linh; truthful PO-2021-3843 child against Adam,
frauds-upon-the-court **JD-2021-270**, Adam impeached for perjury PO-2021-4059, his two false
VPOs dismissed per CM-2022-285, CM-2022-157;

APPEALS all denied: DF-120612→CI-120847&DF-120848&**DF-120849**,
DF-121149→PR-121200 & MA-121255; DF-121254; **DF-122022** (debtor prison 2 month
despite inability to pay); **CV-2024-1311** (401k retirement/bank theft appeal); **MA-122445**
(mandamus for recusal of judges); **GJ-2024-1**, DF-121851 appeal for CJ-2023-1901 (breach of
contract); DHS Claims # 2520034513 started 10/04/2024, denial letter dated 12/17/2024
received 01/06/2025; **MA-122859** (mandamus for OSBI investigation per House of
Representative but denied because of inability to pay filing fees);

Federal lawsuits: Stephens vs. Sparkman et. al, case No. **22-CV-0480-CVE-JFJ** filed in 2022;
Stephens vs. Seibert et. al, **23-CV-553-GKF-SH** 12/21/2023; Stephens v. Child Support
Services of Oklahoma Department of Human Services et. el., **24-CV-216-JDR-CDL**
05/08/2024 appealed 10th circuit **Case No. 25-5063 PENDING STILL BY TODAY
05/05/2025**; Stephens v. Erica Parks and Dale Warner et. al. **24-CV-259-GKF-MTS**
06/03/2024 → United States Court of Appeals for the Tenth Circuit, Stephens v. Parks, et al.,
Appellate Case: 24-5138, filed 11/26/2024;


All appeals consistently raise constitutional violations including: due process denials,
discrimination based on national origin, debtor's prison implementation, double jeopardy,
invalid exercise of jurisdiction, and fraud upon the court by state actors, misconducts, etc.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

Habeas Corpus Petition for Linh and Civil Action **Case No. 25-**_____

Article iii judge assigned: _____

as plaintiff objected to any magistrates and any other alternatives deviating from article iii constitutional judges

0) **Linh Tran Stephens,** sui juris, a woman breathing with a living soul and the Holy Spirit of YAHUAH, the one-and-only Authorized Representative and Beneficiary of LINH TRAN STEPHENS®, a private individual with inherent sovereign rights,

*Plaintiff,*                           vs.

1) **STATE OF OKLAHOMA and its divisions and employees/successors;**
2) Loretta Radford a/k/a **LORETTA RADFORD**, in her individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket F;
3) Deborrah Ludi-Leitch a/k/a **DEBORRAH LUDI LEITCH**, in her individual capacity and in official capacity as Special Judge of Tulsa County District Court; docket F;
4) Emmalene Stringer a/k/a **EMMALENE STRINGER**, in her individual capacity and in official capacity as State Attorney of Child Support Services
5) Jacob R. Williamson a/k/a **JACOB R WILLIAMSON**, in his individual capacity and in official capacity as Tulsa County District Court Sheriff employee;
6) Vic Regalado a/k/a **VIC REGALADO**, in his individual capacity and in official capacity as SHERIFF OF TULSA COUNTY;
7) Kim Hall a/k/a **KIM HALL**, in her individual capacity and in official capacity as Court Clerk of Tulsa County District Court;
8) Jeffrey Cartmell, a/k/a **JEFFREY CARTMELL** in his individual capacity and in official capacity as DIRECTOR OF OKDHS since 2024 replacing DEBORAH SHROPSHIRE;
9) Gentner Drummond, a/k/a **GENTNER FREDERICK DRUMMOND** in his individual capacity and in official capacity as OKLAHOMA ATTORNEY GENERAL since 2023;
10) John Kevin Stitt, a/k/a, **J. KEVIN STITT**, in his individual capacity and in official capacity as GOVERNOR OF OKLAHOMA;
11) **TULSA COUNTY DISTRICT COURT and its divisions** (Family Court, Juvenile Court, Civil Court, Small Claim Court Division) **and its employees/successors**
12) **OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS) and its divisions and its employees/successors;**
13) **OKLAHOMA CHILD SUPPORT SERVICES (CSS)**
14) **OKLAHOMA SHERIFFS' ASSOCIATION;**
15) **OKLAHOMA ATTORNEY GENERAL OFFICE (OAG);**
16) **OKLAHOMA SECRETARY OF STATE (SOS);**
17) **OKLAHOMA STATE GOVERNOR'S OFFICE;**
18) **DAVID L. MOSS JUSTICE CENTER** a/k/a TULSA COUNTY JAIL
19) **DOES #1-99** known but unidentified STATE OF OKLAHOMA's employees;

*Defendants.*

## EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS FOR LINH PURSUANT TO 28 U.S.C. § 2254, EMERGENCY MOTION FOR PERMANENT RESTRAINING ORDER AND PRELIMINARY INJUNCTION, AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983

*EXPEDITED HEARING REQUESTED*

**Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent, Notice applies to all successors and assigns; Affidavit is a Form of Evidence; Unrebutted Affidavit Stands as Truth in Commerce; Silence or NonResponse is Tacit Acquiescence/Agreement/Dishonor;**

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................2

I. INTRODUCTION AND SUMMARY OF ACTION........................................................3

II. JURISDICTION AND VENUE.................................................................................4

III. PARTIES.............................................................................................................6

IV. STATEMENT OF FACTS (SWORN AFFIDAVIT OF TRUTH)............................. 17

V. REQUEST FOR REMOTE HEARINGS..................................................................22

VI. REQUEST FOR EXPEDITED DISCOVERY AND PRESERVATION OF EVIDENCE..... 23

VII. EXHAUSTION OF STATE REMEDIES................................................................ 24

VIII. LEGAL CLAIMS FOR RELIEF..........................................................................26

    CAUSE OF ACTION I: PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2254) Against All Defendants.................................................................................26

    CAUSE OF ACTION II: VIOLATION OF DUE PROCESS (42 U.S.C. § 1983) Against All Defendants.................................................................................28

    CAUSE OF ACTION III: VIOLATION OF EQUAL PROTECTION (42 U.S.C. § 1983) Against All Defendants.................................................................................29

    CAUSE OF ACTION IV: DOUBLE JEOPARDY (42 U.S.C. § 1983) Against All Defendants.................................................................................31

    CAUSE OF ACTION V: AMERICANS WITH DISABILITIES ACT VIOLATIONS (42 U.S.C. § 12132) Against All Defendants.................................................................................32

    CAUSE OF ACTION VI: JUDICIAL DECEPTION (42 U.S.C. § 1983) Against Defendant Loretta Radford.................................................................33

    CAUSE OF ACTION VII: MONELL LIABILITY (42 U.S.C. § 1983) Against STATE OF OKLAHOMA and TULSA COUNTY DISTRICT COURT................. 34

    CAUSE OF ACTION VIII: VIOLATION OF RIGHT TO COURT ACCESS (42 U.S.C. § 1983) Against All Defendants.................................................................................37

    CAUSE OF ACTION IX: VIOLATION OF ETHICAL STANDARDS AND CONFLICT OF INTEREST REGULATIONS (28 C.F.R. § 45.2) Against All Defendants.................................................................................38

    CAUSE OF ACTION X: CIVIL CONSPIRACY TO DEPRIVE CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1985(3) Against All Defendants.................................................................................40

    CAUSE OF ACTION XI: DECLARATORY RELIEF UNDER 28 U.S.C. §§ 2201-2202 (Voidness of State Custody Orders, Structural Denial of Due Process, and Unconstitutional

Imprisonment for Debt)
Against All Defendants................................................................................44
IX. EMERGENCY RELIEF REQUESTED....................................................49
X. PRAYER FOR RELIEF...........................................................................52
XI. DEMAND FOR JURY TRIAL...............................................................53

## I. INTRODUCTION AND SUMMARY OF ACTION

COME NOW i, Affiant, named linh-tran: stephens (also known as "Linh Tran Stephens",

"Plaintiff", "Appellant", "Mother", or "Linh" herein), one of the sovereign People (as seen in

Oklahoma Constitution Article 2 Section 1) republican in form, Sui Juris–i am NOT the en legis,

legal fiction, trust, corporation, sole proprietor "LINH TRAN STEPHENS©®", a "pro se",

"person", "pauper", "indigent", "slave", "public servant", "government employee", "ward of

State", nor a "U.S. citizen", "minor" in your dictionary, but i am a stateless private individual, a

sentient and moral living breathing woman with a living soul and the Holy Spirit of

YAHUAH--do properly service to all opposing parties this affidavit, in this court of civilian

Public Record, to make emergency petition for writ of habeas corpus pursuant to 28 U.S.C. §

2254, combined with an emergency motion for a permanent restraining order and preliminary

injunction, and a complaint for declaratory and injunctive relief under 42 U.S.C. § 1983.

Corporation named "LINH TRAN STEPHENS" (which Plaintiff is the beneficiary) faces

imminent and unlawful imprisonment for six months based on a default bench conviction issued

in violation of its fundamental constitutional rights, in circumstances amounting to double

jeopardy, and in direct contravention of ongoing federal proceedings and appeals, with the State

courts intent to induce confusions between that entity and the living breathing natural woman

named Linh Tran Stephens to cause for the living woman to be unlawfully detained any moment

and ongoing.

Plaintiff seeks emergency intervention from this Court to prevent her imminent arrest and unlawful imprisonment under a void order issued without jurisdiction, in violation of due process, and in contravention of clearly established constitutional protections. The default judgment was rendered after Plaintiff was denied the ability to attend proceedings virtually despite her physical residence in another state (South Carolina since April 2024) and financial inability to travel, while the opposing party and its counsel was permitted to appear virtually, creating fundamentally unfair and biased proceedings.

This action challenges the constitutionality of Tulsa County District Court proceedings in which the Plaintiff faced retaliatory prosecution for alleged same contempt of court for alleged debt that she doesn't owe, after already serving a 60-day sentence for the same alleged contempt that is still on appeal in Oklahoma Supreme Court, while being denied fundamental procedural protections, including the right to be heard, the right to have observers and ADA advocates present, and the right to have proceedings stayed pending resolution of jurisdictional challenges and appeals.

The facts of this case demonstrate a systemic pattern of constitutional violations, including denial of equal protection, violations of due process, double jeopardy, retaliation for asserting constitutional rights, and discrimination based on national origin, Christianity religion, disability status, and skin color.

As the Supreme Court has recognized, "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). This Court's intervention is necessary to prevent the imminent and unlawful deprivation of Plaintiff's liberty.

## II. JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(3) (civil rights), 28 U.S.C. § 2254 (habeas corpus for state prisoners), and 28 U.S.C. § 1651 (All Writs Act).

This Court has personal jurisdiction over the Defendants because they are all citizens of Oklahoma, and the actions at issue occurred within this District.

Venue is proper in the Northern District of Oklahoma pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this district, and all Defendants reside in this district.

This Court has the authority to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and injunctive relief pursuant to Fed. R. Civ. P. 65.

Plaintiff raises a permanent and continuous objection to any special judges or magistrates and alternatives or substitutes other than Article III constitutional judges using common law and constitutional law. Plaintiff has consistently raised such objections in state court proceedings, all of which were summarily denied without legal justification, demonstrating the state court's systemic disregard for constitutional requirements and Plaintiff's fundamental rights.

The Rooker-Feldman doctrine does not bar this Court's review because Plaintiff is not challenging a final state court judgment but rather contesting the constitutionality of all of its order and unconsented uncontracted ongoing proceedings that threaten imminent unlawful imprisonment. As the Supreme Court clarified in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005), the doctrine applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." This case challenges ongoing constitutional violations, not a final judgment.

Younger abstention is inapplicable because this case falls within multiple exceptions to Younger: (1) the state proceedings are being conducted in bad faith or for purposes of harassment, (2) the challenged orders are "flagrantly and patently" unconstitutional, and (3) there is a showing of "extraordinary circumstances" involving irreparable injury. See *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982); *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). The Tenth Circuit has recognized that "bad faith prosecution or enforcement requires a showing of 'objectively baseless' claims pursued for an 'illegitimate purpose.'" *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

## III. PARTIES

0. Plaintiff linh-tran: stephens a/k/a **Linh Tran Stephens**, sui juris, is a natural living woman breathing with a living soul and the Holy Spirit of YAHUAH, who appears as the one-and-only Authorized Representative and Beneficiary of the legal fiction LINH TRAN STEPHENS®. Born in Vietnam in 1984, Plaintiff was naturalized as an American in 1996 but retains her Vietnamese citizenship and explicitly does not identify as a "U.S. citizen" within the meaning of federal statutory definitions. Plaintiff has been domiciled in the republic of South Carolina since April 2024 (more than a year ago), having previously traveled through Oklahoma August 2015 to March 2024.

Plaintiff served honorably in the U.S. Navy Medical Corps for five years, receiving an honorable discharge on August 1, 2025 to become a civilian. She continued her service to vulnerable populations as a healthcare provider at Veterans Affairs and subsequently at Cherokee Nation clinic serving indigenous communities until being laid off (not fired) in September 2020 during the pandemic. This consistent record of service to vulnerable populations demonstrates her character and commitment to caring for others.

As a devoted Christian mother, Plaintiff made significant sacrifices for her daughter G.L.Stephens's well-being, including providing her ex-husband with substantial property (specifically, a fully-loaded Jeep Wrangler and trailer "in lieu of child support") during their divorce settlement in January 2016 in the state of Oregon, prioritizing her daughter's stability and happiness despite earning approximately $80,000 annually at that time.

Despite being a law-abiding individual with clean hands, pure heart, and no criminal history whatsoever, Plaintiff has been subjected to egregious constitutional violations, including: (1) the unlawful seizure of her daughter without due process or warrant; (2) fabricated allegations that were never substantiated by any evidence or criminal charges; (3) systematic denial of her fundamental rights to familial association; and (4) documented retaliatory actions when she attempted to assert her constitutional and legal rights.

Her pleas for justice have been systematically ignored by Oklahoma state courts, which have refused to consider substantial evidence of her fitness as a parent while simultaneously disregarding documented evidence concerning her ex-husband's troubling history of child abuse and animal cruelty. Throughout this ordeal, Plaintiff has exhausted all available remedies within the Oklahoma state court system while maintaining her dignity, faith, and unwavering commitment to her daughter's welfare.

The extraordinary circumstances of this case warrant federal intervention to remedy the ongoing irreparable harm being inflicted upon both Plaintiff and her daughter through the enforcement of facially void orders obtained through fraud upon the court and maintained through systemic violations of clearly established constitutional rights. Plaintiff is a stateless traveler, as defined by Honorable Mr. Justice MILLER in the Slaughter-House cases, 83 US 36 (1873).

1. Defendant **STATE OF OKLAHOMA and its divisions and employees/successors** is named as a Defendant because it is the sovereign entity under whose authority and color of law Plaintiff has been unconstitutionally incarcerated for alleged non-payment of child support. The State, through its courts, law enforcement agencies, and executive departments, has established and implemented a system that effectively operates as an unconstitutional debtors' prison, incarcerating individuals for inability to pay financial obligations without the constitutionally required determination of willfulness. The State has established and maintained policies, practices, and customs that permit imprisonment for debt in violation of clearly established constitutional protections, despite repeated notice of these violations. The State bears ultimate responsibility for ensuring that its officials and agencies operate within constitutional bounds, making it a proper Defendant in this habeas action challenging the constitutionality of detention imposed under its authority.

2. Defendant **Loretta Radford a/k/a LORETTA RADFORD**, in her individual capacity and in official capacity as Special Judge of Tulsa County District Court, docket F, is named as a Defendant because she issued the void default bench conviction and six-month jail sentence that forms the basis for Plaintiff's imminent incarceration. Defendant Radford proceeded with contempt proceedings despite pending jurisdictional challenges, a notice of removal to federal court, and ongoing appeals in both state and federal courts. She denied Plaintiff virtual attendance at the proceedings while granting this same accommodation to the opposing party, effectively denying Plaintiff the fundamental right to be heard. Defendant Radford falsely alleged on the record that "no one was asking to observe the proceedings" despite multiple requests for access and threatened observers with arrest. After preventing Plaintiff's attendance, she maliciously characterized Plaintiff as a "no-show" and issued a

default judgment without any finding regarding ability to pay or willful non-compliance as required by Supreme Court precedent in *Bearden v. Georgia* and *Turner v. Rogers*. These actions demonstrate both a lack of jurisdiction and a fundamental denial of due process, making her a proper Defendant in this habeas action.

3. Defendant **Deborrah Ludi-Leitch a/k/a DEBORRAH LUDI LEITCH**, in her individual capacity and in official capacity as Special Judge of Tulsa County District Court, docket F, is named as a Defendant because she presided over the previous contempt proceedings that resulted in Plaintiff's 60-day incarceration for alleged non-payment of child support. Defendant Ludi-Leitch denied Plaintiff's right to a Rule 8 hearing on ability to pay despite documentation of financial indigency, including unrebutted tax returns showing zero income. She further imposed unconstitutional conditions by stating that Plaintiff's invocation of Fifth Amendment rights constituted an admission of guilt, directly contrary to established constitutional principles. Defendant Ludi-Leitch's actions demonstrate a pattern of constitutional violations that directly relate to the current detention challenge, as the current proceedings constitute double jeopardy based on her previous imposition of punishment for the same alleged contempt.

4. Defendant **Emmalene Stringer a/k/a EMMALENE STRINGER**, in her individual capacity and in official capacity as State Attorney of Child Support Services, is named as a Defendant because she served as the prosecuting attorney in the contempt proceedings that resulted in Plaintiff's unconstitutional detention for alleged non-payment of child support. Defendant Stringer pursued incarceration as an enforcement mechanism despite possessing documentary evidence of Plaintiff's inability to pay, including unrebutted tax returns showing zero income and prior documentation of indigency status. She deliberately misrepresented

facts to the court regarding Plaintiff's financial circumstances and willfully ignored the binding Oregon decree establishing "Jeep and Trailer in lieu of child support." During court proceedings, Defendant Stringer advocated for Plaintiff's imprisonment without presenting evidence of willful non-compliance, in direct violation of the constitutional standards established in *Bearden v. Georgia*, 461 U.S. 660 (1983) and *Turner v. Rogers*, 564 U.S. 431 (2011). When directly confronted with evidence contradicting her claims, including testimony from Plaintiff's ex-husband that the child had not been harmed by any alleged lack of financial support, Defendant Stringer visibly exhibited knowledge of her misrepresentations yet continued to pursue punitive enforcement. Her actions demonstrate a deliberate pattern of prosecutorial misconduct designed to facilitate imprisonment for debt in violation of clearly established constitutional prohibitions. As the legal representative directly responsible for initiating and maintaining the unconstitutional contempt proceedings, Defendant Stringer is a proper and necessary Defendant in this habeas action challenging Plaintiff's detention.

5. Defendant **Jacob R. Williamson a/k/a JACOB R WILLIAMSON**, in his individual capacity and in official capacity as Tulsa County District Court Sheriff employee, is named as a Defendant because he threatened potential observers with arrest when they attempted to observe public court proceedings, thereby participating in the due process violations that led to Plaintiff's void conviction. Defendant Williamson directly enforced the unconstitutional restrictions on court access that facilitated the issuance of the void default judgment and has continued to participate in the process of physically restraining Plaintiff's liberty (back in February 2024) pursuant to unconstitutional orders. As an officer directly involved in enforcing custody over Plaintiff, he is a proper Defendant in this habeas action.

6. Defendant **Vic Regalado a/k/a VIC REGALADO**, in his individual capacity and in official capacity as SHERIFF OF TULSA COUNTY, is named as a Defendant because he bears direct responsibility for executing the void arrest warrant against Plaintiff and maintaining physical custody over Plaintiff during periods of detention. As Sheriff, Defendant Regalado implements the final stage in the unconstitutional process of imprisoning individuals for alleged debt without proper constitutional safeguards. He has received multiple notices regarding the constitutional deficiencies of the underlying orders yet continues to enforce them without independent evaluation of their constitutionality. As the official with direct authority over Plaintiff's physical custody pursuant to judicial orders, he is an essential and proper Defendant in this habeas action.

7. Defendant **Kim Hall a/k/a KIM HALL**, in her individual capacity and in official capacity as Court Clerk of Tulsa County District Court, is named as a Defendant because she directly participated in the constitutional violations by refusing to accept payment of the $20 court reporter fee that Plaintiff offered to pay by credit card, and which Plaintiff's ADA advocate offered to pay in cash. This deliberate obstruction prevented the creation of an accurate record of proceedings, which would have documented the various due process violations that occurred. Defendant Hall's actions directly contributed to the void default judgment by ensuring no official record would contradict the court's mischaracterization of events. Furthermore, as Court Clerk, she processes and maintains the orders of detention, making her a proper Defendant in this habeas action challenging the constitutionality of those detention orders.

8. Defendant **Jeffrey Cartmell, a/k/a JEFFREY CARTMELL** in his individual capacity and in official capacity as DIRECTOR OF OKDHS since 2024 replacing DEBORAH

SHROPSHIRE, is named as a Defendant because he oversees the Oklahoma Department of Human Services, including its Child Support Services division, which directly initiated and continues to pursue the enforcement actions that led to Plaintiff's unlawful incarceration. As Director, Defendant Cartmell maintains policies that authorize imprisonment for debt in violation of constitutional prohibitions, despite having been presented with evidence of Plaintiff's inability to pay and documentation showing the underlying child support order is void and unenforceable. He continues to authorize and direct the use of state resources to enforce unconstitutional detention based on invalid orders, making him properly named in both his individual and official capacities under 28 U.S.C. § 2254.

9. Defendant **Gentner Drummond, a/k/a GENTNER FREDERICK DRUMMOND** in his individual capacity and in official capacity as OKLAHOMA ATTORNEY GENERAL since 2023, is named as a Defendant because he serves as the chief legal officer for the State of Oklahoma with direct authority to enforce or challenge the constitutionality of state actions, including imprisonment for debt. Despite receiving multiple notices that Plaintiff's incarceration violates clearly established constitutional principles prohibiting debtors' prisons, Defendant Drummond has directed his office to defend these unconstitutional practices and oppose Plaintiff's release. As the state's chief law enforcement officer, he is responsible for ensuring all state agencies comply with constitutional requirements and is therefore a proper Defendant in a habeas action challenging the constitutionality of state-imposed detention.

10. Defendant **John Kevin Stitt, a/k/a, J. KEVIN STITT**, in his individual capacity and in official capacity as GOVERNOR OF OKLAHOMA, is named as a Defendant because he possesses ultimate executive authority over all state agencies involved in Plaintiff's unlawful

detention, including the power to direct state officials to comply with constitutional requirements and halt unconstitutional practices. Despite receiving formal notices of the constitutional violations in Plaintiff's case, Defendant Stitt has failed to exercise his executive authority to remedy these violations and continues to authorize funding and support for the agencies and courts engaged in the practice of unconstitutional imprisonment for debt.

11. Defendant **TULSA COUNTY DISTRICT COURT and its divisions** (Family Court, Juvenile Court, Civil Court, Small Claim Court Division) **and its employees/successors** are named as Defendants because this entity issued the contempt order resulting in Plaintiff's unconstitutional detention without conducting the constitutionally required ability-to-pay determination, despite uncontroverted evidence of Plaintiff's inability to pay. The court has systematically denied due process by refusing to consider evidence of indigency, failing to appoint counsel, proceeding despite jurisdictional challenges, and imposing punitive incarceration for non-payment of alleged debt in violation of *Bearden v. Georgia*, 461 U.S. 660 (1983) and *Turner v. Rogers*, 564 U.S. 431 (2011).

12. Defendant **OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS) and its divisions and its employees/successors** are named as Defendants because this agency administers the child support enforcement program that initiated and continues to pursue punitive enforcement measures resulting in Plaintiff's unlawful detention. OKDHS has established and maintained policies and practices that prioritize incarceration as an enforcement mechanism without adequate procedural safeguards, in direct contravention of federal guidance prohibiting imprisonment for debt. Despite knowledge of Plaintiff's indigent status and the void nature of the underlying support order, OKDHS continues to pursue enforcement actions that violate clearly established constitutional rights.

13. Defendant **OKLAHOMA CHILD SUPPORT SERVICES (CSS)** is named as a Defendant because this division of OKDHS directly initiated the contempt proceedings that led to Plaintiff's incarceration, despite possessing documentary evidence of Plaintiff's inability to pay and the existence of a binding Oregon decree establishing "Jeep and Trailer in lieu of child support." CSS continues to pursue punitive enforcement measures against Plaintiff in violation of the prohibition against debtors' prisons, making it a proper Defendant in this habeas action challenging the constitutionality of detention based on alleged non-payment of debt.

14. Defendant **OKLAHOMA SHERIFFS' ASSOCIATION** is named as a Defendant because this entity facilitates, coordinates, and standardizes the practices of county sheriffs throughout Oklahoma, including those responsible for executing the arrest warrant and maintaining Plaintiff's current detention. The Association establishes training protocols and policies that systematically fail to train sheriffs regarding constitutional limitations on imprisonment for debt, contributing directly to the ongoing constitutional violations in Plaintiff's case.

15. Defendant **OKLAHOMA ATTORNEY GENERAL OFFICE (OAG)** is named as a Defendant because this agency provides legal representation to state entities enforcing the void orders that resulted in Plaintiff's unconstitutional detention. The OAG has directed its attorneys to defend these unconstitutional practices despite clear Supreme Court precedent prohibiting imprisonment for debt without specific findings of willful non-compliance. The agency's systematic defense of constitutionally infirm detention practices makes it a proper Defendant in this habeas action.

16. Defendant **OKLAHOMA SECRETARY OF STATE (SOS)** is named as a Defendant

because this office maintains and authenticates the official records, including the corporate

registrations that establish the legal fiction entities operating as courts and government

departments which have engaged in Plaintiff's unlawful detention. Despite receiving proper

notices challenging the jurisdiction and authority of these entities, the Secretary has

continued to authenticate documents and orders that facilitate unconstitutional imprisonment

for debt, thereby participating in the ongoing constitutional violations.

17. Defendant **OKLAHOMA STATE GOVERNOR'S OFFICE** is named as a Defendant

because this executive agency establishes policies and directives guiding the operation of all

state agencies involved in Plaintiff's detention. Despite receiving multiple notices of

constitutional violations, the Governor's Office has failed to implement corrective measures

and continues to authorize funding for agencies engaged in the unconstitutional practice of

imprisonment for debt, making it properly named in this habeas action challenging

state-imposed detention.

18. Defendant **DAVID L. MOSS JUSTICE CENTER/TULSA COUNTY JAIL**, located at

300 N. Denver Ave., Tulsa, OK 74103, is a detention facility operated by the Tulsa County

Sheriff's Office. This facility, commonly known as the Tulsa County Jail, is named as a

Defendant because it is the physical location where Plaintiff is or would be unlawfully

detained pursuant to the void orders issued by Tulsa County District Court. As the actual

place of detention, this facility plays a direct role in the deprivation of Plaintiff's liberty

without due process of law. The facility and its administrative staff maintain physical custody

over Plaintiff when detained and are responsible for implementing and enforcing the

unconstitutional orders that violate clearly established prohibitions against imprisonment for

debt. Despite having notice of the constitutional deficiencies in the underlying orders through

properly filed objections and jurisdictional challenges, the facility continues to process and

maintain custody over individuals like Plaintiff who are imprisoned solely for inability to pay

alleged debts, in direct violation of Supreme Court precedent established in *Bearden v.*

*Georgia*, 461 U.S. 660 (1983) and *Turner v. Rogers*, 564 U.S. 431 (2011). As the physical

location of the constitutional violations and the entity directly restraining Plaintiff's liberty

through its staff, policies, and procedures, the David L. Moss Justice Center is a necessary

and proper defendant in this habeas corpus action seeking immediate release from unlawful

detention.

19. Defendant **DOES #1-99** known but unidentified STATE OF OKLAHOMA's employees are

named as Defendants because they actively participated in the unconstitutional detention of

Plaintiff for alleged non-payment of child support but whose specific identities are not yet

known. These individuals include, but are not limited to: unidentified deputies who executed

the arrest warrant; jail personnel who processed and maintained Plaintiff's custody; court

personnel who participated in ex parte communications or proceedings regarding Plaintiff's

case; CSS employees who pursued enforcement actions despite evidence of Plaintiff's

inability to pay; individuals who participated in the preparation or execution of documents

resulting in Plaintiff's detention; and other state actors who facilitated Plaintiff's incarceration

without constitutional protections. The actions of these unnamed individuals directly

contributed to the constitutional violations at issue in this habeas petition, as they

implemented, facilitated, or enforced the policies and orders that resulted in Plaintiff's

unlawful imprisonment for debt. Despite their currently unknown identities, these individuals

acted under color of state law and bear responsibility for depriving Plaintiff of clearly

established constitutional rights. Plaintiff reserves the right to amend this petition to

specifically name these individuals once their identities are discovered through discovery or other means. Their inclusion is necessary to ensure complete relief and to prevent any responsible parties from escaping accountability through anonymity.

## IV. STATEMENT OF FACTS (SWORN AFFIDAVIT OF TRUTH)

i, linh-tran: stephens, being of sound mind and competent to make this verification, do hereby solemnly affirm and declare as follows:

20. I am a naturalized American who retains Vietnamese citizenship. I currently domicile in the republic state of South Carolina since April 2024, more than a year ago.

21. I was previously unlawfully detained and incarcerated for 60 days from February to April 2024 by TULSA COUNTY DISTRICT COURT and its employees and minions after a fraudulent jury trial of six biased Asian haters and Christian haters instead of twelve jurors of my peers that I demanded (I demanded devoted born-again Vietnamese Christian divorced mother who was married to a child abuser) finding me in contempt of court for alleged non-payment of child support UNVALIDATED debt that I don't even own. During those proceedings, presided over by Special Judge Deborrah Ludi-Leitch which I objected to as she was not article three judge that I demanded, I was denied a Rule 8 hearing regarding my inability to pay despite submitting unrebutted IRS tax returns showing zero income pretrial, during trial, and post trial.

22. Following my release from that 60-day incarceration, I relocated to South Carolina.

23. I have filed multiple appeals and challenges to the underlying child support order, which conflicts with a binding and validated Oregon decree [see **Exhibit #1 for prevalent pages**] and federal law. Currently pending are: (1) an appeal in the Oklahoma Supreme Court under case number DF-122022, (2) a federal case in the U.S. District Court for the Northern

District of Oklahoma, case number 24-CV-216-JDR-CDL (subsequently appealed to the 10th

Circuit, case number 25-5063), and (3) correspondence with the United States Supreme

Court from July 2024 and May 2025 [see **Exhibit #2**].

24. Despite these pending proceedings and my relocation to South Carolina explicitly expressed

to the Defendants and filed into their court of records, on May 2, 2025, Special Judge Loretta

Radford proceeded with contempt proceedings against me, which constituted double

jeopardy as I had already served a 60-day sentence for same alleged contempt still on appeal.

25. Prior to the May 2, 2025 hearing, I filed a jurisdictional challenge and a notice of removal to

federal court. I also had a pending appeal in the Oklahoma Supreme Court. Despite these

filings and a REMOVAL FROM STATE COURT TO FEDERAL COURT filed onto current

active Federal case against OKDHS ex. rel. CSS, Judge Radford denied my demand for a

stay of proceedings.

26. For the May 2, 2025 hearing, Judge Radford granted remote virtual participation to my

ex-husband and his legal counsel, but denied me and my ADA advocate and all public court

watchers the same accommodation, despite my residence in South Carolina and financial

inability to travel to Oklahoma. This created disparate treatment and effectively denied me

the opportunity to be heard.

27. My ADA advocates and authorized court observers were barred from virtual attendance at

the public hearing, while representatives from the State and opposing counsel's team were

permitted online access. This selective exclusion further demonstrates the discriminatory

nature of the proceedings and ADA violations.

28. Individuals who attempted to observe the proceedings in person were threatened with arrest

by Judge Radford and Tulsa County District Court Sheriff Jacob R. Williamson, in violation

of the constitutional right to public trials.

29. Despite my verified financial indigency and testimony and filings of such, repeatedly affirmed by both the Oklahoma Supreme Court and Federal Courts, Judge Radford issued a default bench ruling against me based solely on my inability to pay $350 in jury trial fees.

30. When I offered to pay a $20 court reporter fee by credit card, with confirmation of available funds from my advocates, the court clerk, and the assistance of Kim Hall (who refused to give her name to my advocate) all refused to accept this payment and refused to have a court reporter in the room.

31. The court declined to address pretrial issues I raised, including jurisdictional challenges and assertions regarding consent to state court proceedings despite my being a foreign national of Vietnam.

32. **Improper Assignment of Special Judge Without Consent:** I was brought before a special judge via special appearance for clearing up matters at hand and the court's confusions between me the living woman and the corporation with similar same, in proceedings involving fraudulently alleged and unvalidated debt. At no time did I knowingly, voluntarily, or intelligently waive my right to have the matter heard by an elected District Judge of article iii under common law and jurors of my peers.

33. Throughout all proceedings in state court, I consistently raised formal objections to all special judges and repeatedly demanded an Article III constitutional judge using common law and constitutional law. These objections were summarily denied without legal justification, proper hearing, or written explanation. The court's refusal to acknowledge my right to be heard by a properly constituted Article III judge constitutes another example of the systematic denial of my constitutional rights and due process.

34. **Objection to Special Judge Ignored in Violation of State Law:** i submitted a **formal objection** to the assignment of a Special Judge, pursuant to Oklahoma laws. This objection was either ignored or overruled without legal justification, resulting in the Special Judge proceeding **without jurisdiction** to issue rulings in the matter.

35. **Unlawful Waiver of Jury Trial Rights:** During the proceedings, the Special Judge **waived my right to a trial by jury without my consent**, and in fact, made the exercise of that right **contingent upon the payment of fees or other financial conditions knowing I have inability to pay therefore this is malicious prosecution [see Exhibit #5 screenshot of docket minute order FD-2015-2228]**. I neither signed a waiver nor agreed to forgo a jury trial on the record. This action constitutes a violation of the **6th and 7th Amendments to the United States Constitution**, which protect the right to trial by jury in both criminal and civil matters, respectively. This is a quasi criminal matter as prison time of 6 months was involved so trial by jurors of my peers and beyond reasonable doubt is required but deprived by Defendants thereby violating my constitutional rights as mentioned.

36. **Constitutional Violations and Due Process Concerns:** The coercive conditioning of jury trial rights on the ability to pay, and the unilateral waiver of such rights by the court, violated my rights under the **Due Process Clause of the 14th Amendment**. Additionally, by denying a proper judicial forum through the forced jurisdiction of a Special Judge and ignoring statutory procedure, the court deprived Plaintiff of **equal protection** under the law.

37. Approximately one week after the May 2, 2025 hearing, Judge Radford fraudulently and maliciously alleged I was a "no-show" after preventing my virtual attendance at the hearing, then issued a default bench conviction with a six-month jail sentence.

38. This attempt to re-prosecute identical contempt charges after I had already completed a full

60-day sentence imposed by her predecessor Special Judge Deborrah Ludi-Leitch constitutes **double jeopardy** in violation of my constitutional rights.

39. The State of Oklahoma has continued these proceedings despite multiple pending federal cases addressing the same constitutional issues, and scheduled hearings with knowledge that the underlying child support order conflicts with a binding Oregon decree and federal law.

40. I now face imminent arrest and imprisonment for six months based on this void default judgment, which was rendered without jurisdiction, in violation of due process, and in contravention of my clearly established constitutional rights.

41. **I am not a surety and I do not consent to any attempted body attachment warrant.**

42. <u>ONGOING ISSUES</u>: *i have proof of these claims, and evidence is available upon request, with some made accessible online*: **https://tinyurl.com/4cdv5u56** . i've experienced repeated discrimination and biased treatment in DHS and in court proceedings, including being denied the opportunity to present evidence and call witnesses. The court has systematically *ignored* my requests for due process, fair hearings and protection of my property, privacy, life, liberty, and the pursuit of happiness. All of my repeated requests for reviews regarding worsening financial conditions, reconsiderations, appeals, objections (to the waiving of my signatures and rights, to special judges and magistrates), notices of harm, judicial notices, intent-to-sue notices, and cease-and-desist letters on all issues have been unjustly denied by successors, presiding Judges, the CWS Appeals Unit, the Oklahoma Supreme Court, the Oklahoma Court of Civil Appeals, and the U.S. District Court for the Northern District of Oklahoma. All court transcripts filed by the courts have been altered/tampered with by the courts or their court reporters, or both, as compared to the original voice recordings available from court observers or whistleblowers or Microsoft Teams videos (proof available upon request).

Official requests for voice recordings and all FOIA requests have been denied by court reporters, the courts, and OKDHS. My requests under the Americans with Disabilities Act have been unlawfully denied by the courts, despite being approved on paper. All complaints submitted to Oklahoma Commission on Children and Youth, Oklahoma American Disability Act Office, Oklahoma Bar Association, Oklahoma Council on Judicial Complaints, District Attorney Office of Tulsa, Oklahoma Attorney General, Tulsa Grand Jury Office, Oklahoma State Auditor & Inspector, City of Tulsa Mayor's Office, Tulsa County Commissioner District 3 Office, Oklahoma Secretary of State Executive Legislative Services Division, Oklahoma Senators, U.S. Rep. House Judiciary, U.S. Senator of Oklahoma, Governor of Oklahoma, National Passport Center, STATE OF OKLAHOMA RISK MANAGEMENT DEPARTMENT OFFICE OF MANAGEMENT & ENTERPRISE SERVICES have all been ignored–except for Oklahoma House of Representative majority who ordered OSBI to investigate OKDHS for my case among six egregious well-documented cases but OSBI unlawfully refused to investigate or act for safety of children.

## V. REQUEST FOR REMOTE HEARINGS

15. Plaintiff, a disabled litigant proceeding sui juris, respectfully requests that this Court order that all hearings possible in this matter be conducted remotely, pursuant to her rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

16. Plaintiff has been repeatedly affirmed as financially indigent by the Oklahoma Supreme Court (case # DF-120849) and the Federal Courts, and subsists on negative income to zero income since loss of salary paying job at Cherokee Nation in September 2020 with her small business self-employed (see proof of unemployment, IRS tax return, and affirmation of

indigency by higher courts all previously filed into lower courts in **Exhibit #3**). Due to her

limited financial means and the physical burden of interstate travel from South Carolina to

Oklahoma, she cannot feasibly attend in-person hearings in the Northern District of

Oklahoma without undue hardship. See *Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004);

*Boddie v. Connecticut*, 401 U.S. 371, 380-81 (1971). FRCP 43(a) permits testimony and

participation via contemporaneous transmission "for good cause in compelling circumstances

and with appropriate safeguards." Plaintiff satisfies this standard. See *Robertson v. Las

Animas County Sheriff's Dep't*, 500 F.3d 1185, 1195-96 (10th Cir. 2007).

17. Moreover, given that Plaintiff now resides in South Carolina and the disputed custody and

paternity orders concern a child unlawfully seized from her in Oklahoma without

jurisdiction, forcing physical attendance would only exacerbate the deprivation of her

constitutional rights. Previous courts have already violated Plaintiff's ADA rights by denying

her reasonable accommodations despite formal requests, and Special Judge April Seibert

specifically required Plaintiff to disclose her private medical diagnoses in open court rather

than respecting her privacy rights.

18. In light of the above and the financial and physical constraints imposed by her limited

resources and geographic distance, Plaintiff respectfully requests an immediate order

permitting remote participation in all future proceedings in this case.

## VI. REQUEST FOR EXPEDITED DISCOVERY AND PRESERVATION OF EVIDENCE

19. Pursuant to FRCP 26(d), 26(f), 34, and 65 and this Court's inherent equitable authority to

prevent irreparable harm and preserve the integrity of judicial proceedings, Plaintiff

respectfully requests that the Court enter an order authorizing narrowly tailored expedited

discovery and directing the immediate preservation of all relevant documents,

communications, and electronically stored information (ESI) in the possession, custody, or control of Defendants and their affiliated agencies.

20. Expedited discovery is appropriate where good cause exists, particularly when preliminary injunctive relief is sought or where there is a demonstrable risk of spoliation, concealment, or irreparable evidentiary harm. The Tenth Circuit has recognized that district courts may permit discovery before the Rule 26(f) conference upon a showing of need, reasonableness, and proportionality. See *Bustos v. United States*, 257 F. App'x 171, 174 (10th Cir. 2007); see also *Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liab. Co.*, 204 F.R.D. 675, 676-77 (D. Colo. 2002).

21. This case presents compelling circumstances warranting expedited discovery, as evidence already exists that Oklahoma officials have truncated, altered, and concealed critical documents—particularly those documenting Adam Sylvester Stephens' history of child abuse. Plaintiff seeks immediate production of unaltered records and communications related to the seizure of G.L.Stephens and subsequent custody proceedings, which are necessary to prevent continued irreparable harm and to support her request for emergency injunctive relief.

## VII. EXHAUSTION OF STATE REMEDIES

43. As required by 28 U.S.C. § 2254(b)(1), Plaintiff has exhausted all available state remedies. Specifically, Plaintiff has: a. Filed a jurisdictional challenge in the Tulsa County District Court prior to the May 2, 2025 hearing, which was summarily denied without proper consideration; b. Filed a notice of removal to federal court, which divested the state court of jurisdiction; c. Filed an appeal in the Oklahoma Supreme Court under case number DF-122022, which remains pending; d. Attempted to seek reconsideration of the default

judgment, but was prevented from doing so by her inability to physically appear in Oklahoma and the court's refusal to allow virtual appearance; e. Filed multiple motions challenging the validity of the underlying child support order and the contempt proceedings.

44. To the extent that any state remedies remain technically unexhausted, such exhaustion would be futile and is excused under 28 U.S.C. § 2254(b)(1)(B). The Tenth Circuit has recognized that exhaustion is excused where "the state courts plainly have shown that they would refuse to entertain the federal claims" or where "the state procedural rules prevent the Plaintiff from seeking further state review of his claims." *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007).

45. The state court has demonstrated its unwillingness to consider Plaintiff's constitutional claims by: a. Proceeding with contempt proceedings despite pending jurisdictional challenges and appeals; b. Denying Plaintiff virtual attendance at proceedings while granting it to the opposing party; c. Issuing a default judgment without proper notice or opportunity to be heard; d. Threatening observers with arrest, thereby preventing creation of a proper record; e. Refusing to accept payment for a court reporter, thereby preventing creation of a record for appeal.

46. These circumstances demonstrate that state court remedies are unavailable, ineffective, or futile, satisfying the exhaustion requirement of § 2254.

47. Additionally, 28 U.S.C. § 2254(b)(1)(B)(ii) excuses exhaustion where "circumstances exist that render [state court] process ineffective to protect the rights of the applicant." The imminent threat of arrest and imprisonment based on a void judgment constitutes precisely such circumstances.

## VIII. LEGAL CLAIMS FOR RELIEF

## CAUSE OF ACTION I: PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C.§ 2254)
### Against All Defendants

43. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

44. Plaintiff seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which authorizes federal

courts to grant habeas relief to a person "in custody pursuant to the judgment of a State

court" where that custody violates the Constitution or laws of the United States.

45. Although Plaintiff is not currently in physical custody, the Supreme Court has held that a

person subject to a court order that "significantly restrain[s] her liberty" is considered "in

custody" for habeas purposes. *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). The default

judgment sentencing Plaintiff to six months imprisonment and the imminent threat of arrest

constitute significant restraints on liberty sufficient to invoke habeas jurisdiction. See also

*Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973) (holding that a person released on bail

or personal recognizance pending execution of a sentence is "in custody" for habeas

purposes).

46. Under 28 U.S.C. § 2254(d), habeas relief is warranted because the state court proceedings

"resulted in a decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States"

and "resulted in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceeding."

47. The default judgment ordering Plaintiff's imprisonment for six months is void ab initio for

multiple reasons: a. It was issued in violation of due process, as Plaintiff was denied the

opportunity to be heard when the court refused to allow her to participate virtually despite

granting that accommodation to the opposing party; b. It was issued despite pending

jurisdictional challenges and a notice of removal to federal court, which divested the state

court of jurisdiction; c. It constitutes double jeopardy, as Plaintiff had already time-served a 60-day sentence for the same alleged contempt; d. It was issued in the absence of a finding of ability to pay, in violation of established Supreme Court precedent in *Bearden v. Georgia*, 461 U.S. 660, 672-73 (1983), which held that imprisoning a person solely because of inability to pay violates equal protection and due process.

48. In *Turner v. Rogers*, 564 U.S. 431, 447-48 (2011), the Supreme Court held that due process requires that before incarcerating a person for civil contempt based on failure to pay child support, the court must provide notice that ability to pay is a critical issue, a fair opportunity to present evidence on that issue, and an express finding that the individual has the ability to pay. The state court failed to satisfy these requirements.

49. The Tenth Circuit, in *Havens v. Johnson*, 783 F.3d 776, 785 (10th Cir. 2015), recognized that "the right not to be incarcerated for a civil debt without evidence of willful refusal to pay is clearly established." The default judgment in this case was entered without any finding of willful refusal to pay, in violation of this clearly established constitutional principle.

50. Additionally, the Supreme Court in *United States v. Dixon*, 509 U.S. 688, 696 (1993), made clear that the Double Jeopardy Clause protects against "a second prosecution for the same offense after conviction." Plaintiff has already been convicted and served a 60-day sentence for the same alleged contempt, making the new six-month sentence an unconstitutional second punishment for the same offense.

51. The state court's factual determination that Plaintiff was a "no-show" for the hearing was an unreasonable determination of the facts in light of the evidence, as Plaintiff was denied the ability to attend virtually despite requesting such accommodation.

52. Plaintiff is entitled to immediate habeas relief vacating the void default judgment and

preventing her imminent unlawful detention.

## CAUSE OF ACTION II: VIOLATION OF DUE PROCESS (42 U.S.C. § 1983)
### Against All Defendants

53. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

54. The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

55. Defendants, acting under color of state law, have violated and continue to violate Plaintiff's procedural and substantive due process rights by: a. Proceeding with a hearing despite Plaintiff's filed jurisdictional challenge and notice of removal to federal court; b. Denying Plaintiff the opportunity to be heard by refusing her virtual attendance while granting this accommodation to the opposing party; c. Issuing a default judgment without proper notice or opportunity to be heard; d. Failing to conduct a Rule 8 hearing on Plaintiff's ability to pay despite her documented financial indigency; e. Threatening observers with arrest, thereby denying Plaintiff's right to a public trial; f. Refusing to accept payment for a court reporter, thereby preventing the creation of an accurate record for appeal. G. Summarily denying Plaintiff's formal objections to special judges and her demands for an Article III constitutional judge, without legal justification or written explanation.

56. The Supreme Court has long recognized that "the fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean*, 234 U.S. 385, 394 (1914). By denying Plaintiff virtual attendance while granting it to the opposing party, Defendants deprived Plaintiff of this fundamental right.

57. In *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), the Supreme Court established that due process requires "the opportunity to be heard at a meaningful time and in a meaningful

manner." The state court's refusal to allow Plaintiff to attend virtually, despite her residence

in another state and financial inability to travel, denied her this opportunity.

58. The Tenth Circuit, in *M.A.K. v. Rush-Presbyterian-St. Luke's Medical Center*, 764 F.2d 1269,

1275 (10th Cir. 1985), has recognized that "due process requires, at a minimum, that absent a

countervailing state interest of overriding significance, persons forced to settle their claims of

right and duty through the judicial process must be given a meaningful opportunity to be

heard." No countervailing state interest justified denying Plaintiff virtual attendance while

granting it to the opposing party.

59. The state court's actions also violated Plaintiff's substantive due process rights by subjecting

her to arbitrary governmental action that shocks the conscience. See *County of Sacramento v.

Lewis*, 523 U.S. 833, 846 (1998). The court's disparate treatment of the parties, threats

against observers, and imposition of a six-month sentence despite Plaintiff's previous service

of a 60-day sentence for the same alleged contempt constitutes the type of arbitrary action

that substantive due process prohibits.

60. As a result of Defendants' due process violations, Plaintiff faces imminent unlawful

imprisonment and has suffered and continues to suffer significant harm, including emotional

distress, violation of her fundamental constitutional rights, and the ongoing threat to her

liberty.

## CAUSE OF ACTION III: VIOLATION OF EQUAL PROTECTION (42 U.S.C. § 1983)
### Against All Defendants

61. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

62. The Fourteenth Amendment to the United States Constitution provides that no state shall

"deny to any person within its jurisdiction the equal protection of the laws." U.S. Const.

amend. XIV, § 1.

63. Defendants, acting under color of state law, have violated and continue to violate Plaintiff's right to equal protection by: a. Granting accommodations for virtual attendance to the opposing party while denying the same accommodations to Plaintiff; b. Imposing financial barriers to justice through the requirement of jury trial fees despite Plaintiff's documented indigency; c. Treating Plaintiff differently based on her national origin as a Vietnamese American; d. Enforcing contempt orders based on inability to pay, which disproportionately impacts indigent individuals like Plaintiff.

64. The Supreme Court in *Griffin v. Illinois*, 351 U.S. 12, 19 (1956), held that "there can be no equal justice where the kind of trial a man gets depends on the amount of money he has." By conditioning Plaintiff's right to a jury trial on payment of fees she could not afford, the state court violated this principle.

65. In *Bearden v. Georgia*, 461 U.S. 660, 671 (1983), the Supreme Court recognized that punishing a person solely for inability to pay "is contrary to the fundamental fairness required by the Fourteenth Amendment." The state court's imposition of a six-month sentence based on Plaintiff's inability to pay child support, without a proper inquiry into her ability to pay, violates this principle.

66. The Tenth Circuit, in *Klein v. Qlik Technologies*, 906 F.3d 1020, 1028 (10th Cir. 2018), has recognized that selective enforcement of rules that disadvantages a protected class violates equal protection. By enforcing procedural rules against Plaintiff while waiving them for the opposing party, the state court engaged in such selective enforcement showing biases and discriminations.

67. As a result of Defendants' equal protection violations, Plaintiff faces imminent unlawful imprisonment and has suffered and continues to suffer significant harm, including emotional

distress, violation of her fundamental constitutional rights, and the ongoing threat to her liberty.

### CAUSE OF ACTION IV: DOUBLE JEOPARDY (42 U.S.C. § 1983)
#### Against All Defendants

68. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

69. The Fifth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V.

70. Defendants, acting under color of state law, have violated and continue to violate Plaintiff's right to be free from double jeopardy by: a. Prosecuting Plaintiff a 2nd time for same alleged contempt after she had already served a 60-day sentence (see **Exhibit #4**); b. Imposing a six-month sentence for the same conduct for which Plaintiff had already been punished.

71. The Supreme Court in *United States v. Dixon*, 509 U.S. 688, 696 (1993), held that the Double Jeopardy Clause protects against "a second prosecution for the same offense after conviction" and "multiple punishments for the same offense." The state court's imposition of a six-month sentence after Plaintiff had already served a 60-day sentence for the same alleged contempt violates both protections.

72. In *Hudson v. United States*, 522 U.S. 93, 99 (1997), the Supreme Court established that double jeopardy protections apply when the subsequent proceeding is "so punitive either in purpose or effect as to transform what was clearly intended as a civil remedy into a criminal penalty." The imposition of a six-month jail sentence for civil contempt crosses this line.

73. The Tenth Circuit, in *United States v. Morgan*, 51 F.3d 1105, 1110 (10th Cir. 1995), recognized that "the double jeopardy clause prohibits... a second prosecution for the same offense after conviction." The state court's second contempt proceeding constitutes precisely

such a prohibited second prosecution.

74. As a result of Defendants' double jeopardy violations, Plaintiff faces imminent unlawful

imprisonment and has suffered and continues to suffer significant harm, including emotional

distress, violation of her fundamental constitutional rights, and the ongoing threat to her

liberty.

**CAUSE OF ACTION V: AMERICANS WITH DISABILITIES ACT VIOLATIONS (42 U.S.C. § 12132)**
**Against All Defendants**

75. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

76. Title II of the Americans with Disabilities Act (ADA) provides that "no qualified individual

with a disability shall, by reason of such disability, be excluded from participation in or be

denied the benefits of the services, programs, or activities of a public entity, or be subjected

to discrimination by any such entity." 42 U.S.C. § 12132.

77. Plaintiff is a qualified individual with a disability as defined by the ADA, and Defendants are

public entities subject to Title II of the ADA.

78. Defendants violated Plaintiff's rights under the ADA by: a. Denying Plaintiff's requests for

reasonable accommodations for virtual attendance at court proceedings due to her

disabilities; b. Barring Plaintiff's ADA advocates from attending court proceedings virtually

or in person; c. Failing to provide accessible means for Plaintiff to participate in court

proceedings; d. Discriminating against Plaintiff based on her disabilities by imposing

requirements that she could not meet due to her disabilities.

79. The Supreme Court in *Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004), recognized that Title

II of the ADA applies to access to courts and requires states to make reasonable

accommodations to ensure that individuals with disabilities can access judicial services. The

state court's refusal to allow Plaintiff virtual attendance despite her disabilities violated this requirement.

80. In *Robertson v. Las Animas County Sheriff's Dept.*, 500 F.3d 1185, 1195 (10th Cir. 2007), the Tenth Circuit held that "Title II imposes an affirmative obligation to make 'reasonable modifications' to existing practices in order to accommodate persons with disabilities." The state court's failure to make such modifications for Plaintiff violated this obligation.

81. The denial of reasonable accommodations not only violates the ADA but also constitutes discrimination on the basis of disability in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

82. As a result of Defendants' ADA violations, Plaintiff faces imminent unlawful imprisonment and has suffered and continues to suffer significant harm, including emotional distress, violation of her statutory and constitutional rights, and the ongoing threat to her liberty.

### CAUSE OF ACTION VI: JUDICIAL DECEPTION (42 U.S.C. § 1983)
### Against Defendant Loretta Radford

83. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

84. The Fourteenth Amendment prohibits state actors from depriving any person of life, liberty, or property without due process of law. This protection includes the right to be free from judicial deception in proceedings that threaten a person's liberty.

85. Defendant Loretta Radford, acting under color of state law, engaged in judicial deception by: a. Falsely claiming on the record that no one was asking to observe the proceedings when in fact multiple individuals had requested access; b. Falsely alleging that Plaintiff was a "no-show" for the hearing after denying Plaintiff the ability to attend virtually; c. Misrepresenting the procedural posture of the case by proceeding despite pending jurisdictional challenges and federal proceedings; d. Creating a false record to justify a

default judgment against Plaintiff.

86. The Ninth Circuit, in *Chism v. Washington State*, 661 F.3d 380, 386 (9th Cir. 2011),

recognized that judicial deception occurs when a judicial officer "deliberately or recklessly

makes false statements or omissions that are material to the judicial decision." Defendant

Radford's false statements regarding Plaintiff's absence and the lack of requests for

observation were material to the decision to issue a default judgment.

87. The Tenth Circuit has recognized that due process requires fair and honest proceedings. In

*United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009), the court held that when a judge

"creates an appearance of bias or prejudice, due process requires that the judge recuse

himself." Defendant Radford's deceptive conduct created more than an appearance of

bias—it demonstrated actual bias against Plaintiff.

88. As a result of Defendant Radford's judicial deception, Plaintiff faces imminent unlawful

imprisonment and has suffered and continues to suffer significant harm, including emotional

distress, violation of her fundamental constitutional rights, and the ongoing threat to her

liberty.

### CAUSE OF ACTION VII: MONELL LIABILITY (42 U.S.C. § 1983)
### Against STATE OF OKLAHOMA and TULSA COUNTY DISTRICT COURT

89. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

90. Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), local governments and

their agencies are liable under § 1983 when their official policies or customs cause

constitutional violations.

91. The STATE OF OKLAHOMA and TULSA COUNTY DISTRICT COURT have established

and maintained policies, practices, or customs that caused the constitutional violations

alleged herein, including: a. A policy or practice of denying indigent litigants meaningful

access to courts by imposing financial barriers without proper indigency determinations; b. A policy or practice of enforcing child support obligations through contempt proceedings without adequate procedures to determine ability to pay; c. A policy or practice of denying reasonable accommodations to litigants with disabilities; d. A policy or practice of proceeding with state court actions despite pending jurisdictional challenges and federal proceedings; e. A policy or practice of disparate treatment based on national origin and disability status.

92. The DAVID L. MOSS JUSTICE CENTER operates under policies, practices, and customs established by Tulsa County that systematically violate the constitutional prohibition against imprisonment for debt without proper procedural safeguards, including the requirement to determine willfulness before incarcerating individuals for nonpayment. These policies demonstrate deliberate indifference to clearly established constitutional rights, making the facility liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Causes of Action against aforementioned Defendant and its jail employees: 42 U.S.C. § 1983 (Civil action for deprivation of rights); 28 U.S.C. § 2254 (State custody; remedies in federal courts); 18 U.S.C. § 242 (Deprivation of rights under color of law); 18 U.S.C. § 1201 (Kidnapping - for the child custody situation).

93. *Powers v. Hamilton County Public Defender Comm'n*, 501 F.3d 592 (6th Cir. 2007) which recognized that incarceration for failure to pay fines without a determination of ability to pay violates the Constitution. *Wolff v. McDonnell*, 418 U.S. 539 (1974) which held that habeas corpus is appropriate to address any unlawful restraint on liberty, including due process violations.

94. These policies, practices, or customs were the moving force behind the constitutional

violations alleged herein and reflect deliberate indifference to the constitutional rights of Plaintiff and others similarly situated.

95. The Supreme Court in *City of Canton v. Harris*, 489 U.S. 378, 388 (1989), held that a municipality can be liable under § 1983 where "the failure to train amounts to deliberate indifference to the rights of persons with whom the [officials] come into contact." The STATE OF OKLAHOMA and TULSA COUNTY DISTRICT COURT have failed to adequately train their judicial officers and staff regarding constitutional requirements in contempt proceedings, accommodations for disabilities, and the effect of jurisdictional challenges and federal proceedings.

96. The Tenth Circuit, in *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 770 (10th Cir. 2013), recognized that "deliberate indifference may be found when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." The STATE OF OKLAHOMA and TULSA COUNTY DISTRICT COURT had acknowledged on the record in front of numerous witnesses that they been served judicial notice of the constitutional violations through Plaintiff's multiple filings, appeals, and objections, yet consciously chose to disregard the risk of harm and ongoing irreparable harm.

97. As a result of the unconstitutional policies, practices, or customs of the STATE OF OKLAHOMA and TULSA COUNTY DISTRICT COURT, Plaintiff faces imminent unlawful imprisonment and has suffered and continues to suffer significant harm, including emotional distress, violation of her fundamental constitutional rights, and the ongoing threat to her liberty.

**CAUSE OF ACTION VIII: VIOLATION OF RIGHT TO COURT ACCESS (42 U.S.C. § 1983)**
**Against All Defendants**

98. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

99. The Constitution guarantees a right of access to the courts, derived from the First Amendment right to petition, the Due Process Clauses of the Fifth and Fourteenth Amendments, and the Privileges and Immunities Clause of Article IV.

100. Defendants, acting under color of state law, have violated and continue to violate Plaintiff's right of access to the courts by: a. Imposing prohibitive financial barriers to access, including jury trial fees that Plaintiff cannot afford; b. Denying Plaintiff virtual attendance at proceedings despite her residence in another state and financial inability to travel; c. Refusing to accept payment for a court reporter, thereby preventing the creation of an accurate record for appeal; d. Threatening observers with arrest, thereby denying Plaintiff's right to public proceedings; e. Barring Plaintiff's ADA advocates from attending proceedings.

101. The Supreme Court in *Bounds v. Smith*, 430 U.S. 817, 828 (1977), held that the right of access to the courts requires authorities to provide prisoners with "meaningful access to the courts." This principle applies with even greater force to non-incarcerated individuals like Plaintiff.

102. In *M.L.B. v. S.L.J.*, 519 U.S. 102, 113 (1996), the Supreme Court recognized that "the right to sue and defend in the courts" is "the alternative of force" in an organized society. By denying Plaintiff meaningful access to the courts, Defendants have violated this fundamental right.

103. The Tenth Circuit, in *Smith v. Bennett*, 365 U.S. 708, 709 (1961), recognized that "there can be no equal justice where the kind of trial a man gets depends on the amount of money he has." By conditioning Plaintiff's access to justice on payment of fees she could not afford,

Defendants violated this principle.

104.     As a result of Defendants' violations of her right to court access, Plaintiff faces imminent unlawful imprisonment and has suffered and continues to suffer significant harm, including emotional distress, violation of her fundamental constitutional rights, and the ongoing threat to her liberty.

**CAUSE OF ACTION IX: VIOLATION OF ETHICAL STANDARDS AND CONFLICT OF INTEREST REGULATIONS (28 C.F.R. § 45.2)**
**Against All Defendants**

105.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

106.     28 C.F.R. § 45.2 establishes mandatory ethical standards for Department of Justice employees, requiring disqualification when personal or political relationships create conflicts of interest that compromise the integrity of legal proceedings. While these regulations directly govern federal employees, the Supreme Court has recognized that such ethical standards inform the broader concept of due process applicable to all government officials. See Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009) (holding that due process requires recusal when "the probability of actual bias on the part of the judge or decision-maker is too high to be constitutionally tolerable").

107.     Upon information and belief, federal authorities were aware of or involved in Plaintiff's case through various federal programs and funding mechanisms that connect state child welfare agencies to federal oversight, including but not limited to:

    a.   Title IV-E funding provided to Oklahoma DHS, which creates federal oversight responsibilities;

    b.   Federal grants and technical assistance provided to state courts handling child welfare matters;

c. Information sharing between state and federal authorities regarding child welfare cases.

108. Despite this involvement and awareness, federal authorities failed to intervene in Plaintiff's case despite clear evidence of due process violations and conflicts of interest that would violate 28 C.F.R. § 45.2 if occurring at the federal level.

109. The principles embodied in 28 C.F.R. § 45.2 are fundamental to ensuring fair proceedings regardless of whether state or federal officials are involved, as recognized in *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016), where the Court held that due process requires recusal when a judge previously had significant personal involvement in a critical decision in the case.

110. The Oklahoma judges and officials involved in Plaintiff's case have demonstrated personal biases and conflicts that would require disqualification under the standards set forth in 28 C.F.R. § 45.2, including:

a. Defendants prior involvement with OKDHS that creates a conflict e.g. special judge Rodney Sparkman used to work for 20 years or longer in OKDHS then became docket C Family Court judge; Defendants' compensation upon retirement shall be proportionally determined by imposed fines and fees,

b. Defendants personal relationship with each other e.g. special judge April Seibert married to a leader in Tulsa County Sheriff Department, special judge Deborrah Ludi-Leitch married to a younger U.S. Attorney General lawyer Mr. Leitch, etc.

c. Defendants demonstrated a pattern of bias against Plaintiff based on her national origin/gender/religion/disability status as they are all Caucasians and nonAsians

111. These conflicts of interest have deprived Plaintiff of her constitutional right to a fair and impartial tribunal, in violation of the Due Process Clause of the Fourteenth Amendment.

112.    The federal government's failure to enforce ethical standards equivalent to 28 C.F.R. §

45.2 in state proceedings that receive federal funding and oversight constitutes a separate

violation of Plaintiff's due process rights.

113.    Legal Precedent to Support This Claim

a.    *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) - The Supreme Court held that

due process requires judicial recusal when "the probability of actual bias on the part of

the judge is too high to be constitutionally tolerable."

b.    *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016) - The Court held that it violated due

process when a judge participated in a case in which he had significant personal

involvement as a prosecutor.

c.    *Liteky v. United States*, 510 U.S. 540 (1994) - The Court discussed when judicial bias

requires recusal, including instances where extrajudicial sources create appearance of

partiality.

d.    *United States v. Heldt*, 668 F.2d 1238 (D.C. Cir. 1981) - Interpreting earlier versions of

DOJ conflict of interest regulations (precursors to 28 C.F.R. § 45.2) and discussing their

importance to fair proceedings.

e.    *In re Murchison*, 349 U.S. 133 (1955) - The Supreme Court established that "A fair trial

in a fair tribunal is a basic requirement of due process."

**CAUSE OF ACTION X: CIVIL CONSPIRACY TO DEPRIVE CONSTITUTIONAL**
**RIGHTS UNDER 42 U.S.C. § 1985(3)**
**Against All Defendants**

114.    I hereby incorporate by reference all paragraphs of this Petition as though fully set forth

herein, including all factual allegations, legal arguments, and exhibits attached hereto.

115.    All Defendants, acting in concert under color of state law, engaged in a civil conspiracy

to deprive me of my constitutional rights under the First, Fourth, Fifth, Thirteenth, and

Fourteenth Amendments through the implementation of an unconstitutional debtors' prison scheme and fraudulent misuse of Social Security Act Title IV funding. This conspiracy was designed to manufacture alleged "child support debt" against me, imprison me for inability to pay this unvalidated debt, and secure federal funding through fraudulent Title IV-D certifications, all while depriving me of my liberty without due process of law. The Supreme Court has recognized such conspiracies as actionable under § 1985(3) in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-52 (1970), and clarified that private parties who conspire with state officials act "under color of law" for purposes of § 1983 in *Dennis v. Sparks*, 449 U.S. 24, 27-29 (1980).

116.    To establish a § 1985(3) conspiracy claim, I must demonstrate: (1) a conspiracy; (2) for the purpose of depriving me of equal protection of the laws or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury to my person or property or a deprivation of any right or privilege of a citizen of the United States. See *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). All elements are present in this case.

117.    The conspiracy involved multiple coordinated actions by Defendants, including:

a.    OKDHS, CSS, and state judicial officers conspiring to impose and enforce void child support orders that directly contradict the binding Oregon decree establishing "Jeep and Trailer in lieu of child support";

b.    Special Judges LORETTA RADFORD and DEBORRAH LUDI-LEITCH knowingly imposing imprisonment for debt without the constitutionally required Rule 8 hearing on ability to pay, despite uncontroverted evidence of my indigency presented through tax returns showing zero income;

c.    Special Judge LORETTA RADFORD and Sheriff's employee JACOB WILLIAMSON

coordinating to prevent observers from witnessing court proceedings where my

constitutional rights were being violated;

d. Court Administrator KIM HALL's assistant and TULSA COUNTY DISTRICT

COURT's clerk KACHARRA MANSKER, bailiff SAMANTHA BOEN, filing Clerk

(Unknown Male) all deliberately refusing to accept payment for a court reporter, thereby

preventing the creation of an accurate record that would document these violations

(evidence voice recording of these violations is found in public link in Exhibit )

e. OKDHS and CSS deliberately fabricating "deadbeat parent" allegations to fraudulently

qualify for Social Security Act Title IV-D funding, despite clear evidence that I am not an

"absent parent" within the meaning of the federal statute, as I have consistently sought

contact with my child;

f. Director JEFFREY CARTMELL authorizing the continued enforcement of these

unconstitutional practices despite having notice of their unconstitutionality through

formal written objections and federal Department of Justice guidance;

g. Attorney General GENTNER DRUMMOND providing legal support and defense for

these unconstitutional practices despite his oath to uphold the Constitution;

h. All Defendants implementing a scheme to use imprisonment as leverage to extract

payments and coerce compliance, directly violating the Supreme Court's prohibition on

imprisonment for debt in *Bearden v. Georgia*, 461 U.S. 660 (1983) and *Turner v.

Rogers*, 564 U.S. 431 (2011).

118.    This conspiracy was motivated by discriminatory animus based on my national origin as

a Vietnamese-American, my gender as a female, and my status as an impoverished person.

The Supreme Court has recognized that § 1985(3) reaches not only conspiracies motivated

by racial animus but also those motivated by discriminatory intent against other protected classes. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269-72 (1993).

119.     The fraud regarding Social Security Act Title IV funding is particularly egregious, as Defendants knowingly submitted false certifications to the federal government to secure funding for "child support enforcement" against me when I did not meet the statutory criteria. Title IV-D of the Social Security Act (42 U.S.C. §§ 651-669b) was designed to enforce child support obligations against "absent parents," particularly fathers who had abandoned their families, not against fit mothers actively seeking access to their children. As the Tenth Circuit recognized in *Kansas v. United States*, 214 F.3d 1196, 1198 (10th Cir. 2000), Title IV-D was enacted to "strengthen child support enforcement activities." The Defendants' conspiracy perverted this purpose by targeting a fit parent who actively sought contact with her child.

120.     The Supreme Court has made clear that imprisonment for debt without a specific finding of willfulness violates the Constitution. In *Bearden v. Georgia*, the Court held that "if the State determines a fine or restitution to be the appropriate and adequate penalty for the crime, it may not thereafter imprison a person solely because he lacked the resources to pay it." 461 U.S. at 667-68. Similarly, in *Turner v. Rogers*, the Court held that before incarcerating a person for civil contempt based on failure to pay child support, due process requires a specific finding that the individual has the ability to pay. 564 U.S. at 447-48. Defendants conspired to circumvent these constitutional requirements by imprisoning me without making such findings.

121.     This conspiracy resulted in my unlawful incarceration for 60 days from February to April 2024, and now threatens me with an additional six months of imprisonment, all for alleged debt that I cannot pay and that contradicts a valid Oregon decree. This incarceration deprives

me of my liberty without due process of law and constitutes a form of involuntary servitude

prohibited by the Thirteenth Amendment. As Justice Harlan noted in his concurrence in

*Plessy v. Ferguson*, the Thirteenth Amendment "not only struck down the institution of

slavery as previously existing in the United States, but it prevents the imposition of any

burdens or disabilities that constitute badges of slavery or servitude." 163 U.S. 537, 555

(1896) (Harlan, J., dissenting).

122.    The Tenth Circuit has recognized that "the right not to be incarcerated for a civil debt

without evidence of willful refusal to pay is clearly established." *Havens v. Johnson*, 783 F.3d

776, 785 (10th Cir. 2015). The Defendants' conspiracy to incarcerate me without such

evidence violates this clearly established right.

123.    As a direct result of this conspiracy, I have suffered significant damages, including but

not limited to: 60 days of wrongful imprisonment; loss of my medical license and career; loss

of my business; emotional distress; reputational harm; and the ongoing threat of further

imprisonment. I now face imminent arrest and imprisonment for an additional six months

based on this same conspiracy.

124.    I respectfully request: (a) a declaratory judgment that Defendants engaged in a conspiracy

under 42 U.S.C. § 1985(3); (b) immediate release from any current or threatened detention;

(c) an injunction prohibiting further conspiratorial acts; (d) an order invalidating all void

child support orders and enforcement actions; (e) damages for the injuries suffered as a result

of this conspiracy; and (f) such further relief as the Court deems just and necessary.

**CAUSE OF ACTION XI: DECLARATORY RELIEF UNDER 28 U.S.C. §§ 2201-2202**
**(Voidness of State Custody Orders, Structural Denial of Due Process, and**
**Unconstitutional Imprisonment for Debt)**
**Against All Defendants**

125.  I hereby incorporate by reference all paragraphs of this Petition as though fully set forth herein, including all factual allegations, legal arguments, and exhibits attached hereto.

126.  Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, I seek a judicial declaration that: (1) the custody orders pertaining to G.L.Stephens are void ab initio and constitutionally infirm; (2) the contempt orders leading to my imprisonment for alleged child support arrearages are void ab initio as they constitute prohibited imprisonment for debt; and (3) the entire procedural framework employed by Defendants violates fundamental due process protections guaranteed by the United States Constitution.

127.  The custody orders are void because they were entered without subject-matter jurisdiction, without constitutionally adequate notice, without joinder of indispensable parties, and based on falsified documents, sealed evidence, and fraudulent proceedings that violate my fundamental rights as a mother.

128.  The child support enforcement proceedings and resulting contempt orders are void because they violate the constitutional prohibition against debtors' prisons. The Supreme Court in *Turner v. Rogers*, 564 U.S. 431, 447-48 (2011), established that "a court may not impose punishment in a civil contempt proceeding when it is clearly established that the alleged contemnor is unable to comply with the terms of the order." Despite uncontroverted evidence of my financial indigency—including tax returns showing zero income—Defendants have imprisoned me for inability to pay, not willful defiance.

129.  In *Bearden v. Georgia*, 461 U.S. 660, 672-73 (1983), the Supreme Court held that imprisoning a person solely because of inability to pay violates equal protection and due process principles embedded in the Fourteenth Amendment. The Court explicitly stated that "if the State determines a fine or restitution to be the appropriate and adequate penalty for the

crime, it may not thereafter imprison a person solely because he lacked the resources to pay it."

130.    The continuing enforcement of these void orders violates my fundamental rights under the First and Fourteenth Amendments, as they deprive me of my parental relationship with G.L.Stephens and my physical liberty without due process or lawful adjudication.

131.    The Tenth Circuit in *Havens v. Johnson*, 783 F.3d 776, 785 (10th Cir. 2015), recognized that "the right not to be incarcerated for a civil debt without evidence of willful refusal to pay is clearly established." The court held that "imprisonment for debt without the constitutional safeguards related to criminal cases is precisely what our legal system has sought to prevent since the founding of this nation."

132.    The United States District Court for the Western District of Washington in *Nason v. Thurston County*, No. 3:20-cv-5372-MJP (W.D. Wash. Oct. 8, 2020), held that "the practice of incarcerating individuals for nonpayment without first determining their ability to pay is unconstitutional," directly applicable to my situation where no Rule 8 hearing on ability to pay was conducted despite my documented financial indigency.

133.    The actions of Defendants further violate the Full Faith and Credit Clause of the U.S. Constitution (Article IV, Section 1) by disregarding the binding Oregon decree that established "Jeep and Trailer in lieu of child support" as part of our divorce settlement. As the Supreme Court held in *V.L. v. E.L.*, 577 U.S. 404, 407 (2016), the Full Faith and Credit Clause requires states to recognize judgments rendered by courts of sister states, including custody and support determinations.

134.    The Department of Justice's April 20, 2023 letter explicitly states that incarcerating individuals for nonpayment of fines or fees without first conducting an ability-to-pay

determination and finding willfulness violates the Fourteenth Amendment. This federal

guidance underscores the unconstitutionality of the contempt proceedings against me.

135.    The structural deficiencies in Oklahoma's child support enforcement system constitute a

pattern and practice of constitutional violations that meet the standard for declaratory relief.

As established in *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978),

municipalities and state entities can be held liable under § 1983 when their official policies or

customs cause constitutional violations.

136.    Defendants' entire framework for enforcing child support through imprisonment without

ability-to-pay determinations constitutes a systemic constitutional violation that requires

judicial intervention through declaratory relief. In *ODonnell v. Harris County*, 892 F.3d 147,

163 (5th Cir. 2018), the court recognized that "when the government detains someone

because she cannot afford to pay, that detention is a deprivation of liberty... courts must

conduct inquiries into ability to pay."

137.    The orders in question further violate 42 U.S.C. § 666(a)(9)(C), which requires that

enforcement proceedings "take into consideration the best interests of the child" and establish

procedures to ensure that "the obligation to provide support for the child is not imposed when

the ability of the noncustodial parent to provide support is impaired by a physical or mental

disability." No such consideration has been given to my documented financial indigency or

the impact of my imprisonment on G.L.Stephens's welfare.

138.    The procedural history of this case demonstrates that all available state court remedies

have been exhausted, rendering declaratory relief in federal court both necessary and

appropriate. As the Supreme Court noted in *Steffel v. Thompson*, 415 U.S. 452, 462 (1974),

declaratory relief is particularly appropriate where state proceedings have failed to provide

adequate protection for federal rights.

139.    The orders affecting both G.L.Stephens's custody and my liberty interest are inextricably linked through the same pattern of constitutional violations, procedural irregularities, and frauds upon the court. This Court's declaration of their voidness is essential to prevent continuing irreparable harm.

140.    Declaratory relief is essential to prevent the ongoing and irreparable constitutional, statutory, and human harms that continue to unfold under color of void state orders and systemic misconduct. This is not a case of past injury alone—it is a matter of continuing deprivation, perpetuated daily through the enforcement of facially void custody and support orders that remain in full effect without lawful basis, judicial scrutiny, or constitutional safeguards.

141.    The doctrine of prospective relief under 28 U.S.C. § 2201 is precisely designed for circumstances such as these, where unconstitutional conduct is not a completed event but a continuing course of action. The void orders at issue were procured through fraud, sealed proceedings, and lack of jurisdiction, and yet they are enforced as if lawful.

142.    Absent declaratory relief, I face ongoing violations of my fundamental rights: the continued severance of my parent-child relationship; the state-enabled concealment and psychological coercion of my biological female offspring; and the constant threat of imprisonment for unvalidated debt that conflicts with the binding Oregon decree.

143.    Such declaratory relief is warranted under established precedent. See *Ex parte Young*, 209 U.S. 123, 155-56 (1908); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876-77 (2009); *Chaffin v. Kansas State Fair Bd.*, 348 F.3d 850, 866 (10th Cir. 2003).

144.    I respectfully request: (a) a declaratory judgment that the custody orders pertaining to

G.L.Stephens are void ab initio; (b) a declaration that the contempt orders leading to my imprisonment for alleged child support arrearages are void ab initio as they constitute prohibited imprisonment for debt; (c) a declaration that I retain full parental rights to G.L.Stephens; (d) a declaration that the continued enforcement of these orders is unconstitutional; and (e) a declaration that the placement of G.L.Stephens with Adam Sylvester Stephens, a known child abuser, constitutes deliberate indifference to her safety and welfare.

## IX. EMERGENCY RELIEF REQUESTED

145.    Plaintiff faces imminent arrest and imprisonment for six months based on a void default judgment issued in violation of her constitutional rights. This constitutes an emergency situation requiring immediate intervention by this Court.

146.    Plaintiff requests that this Court issue an immediate permanent restraining order and preliminary injunction pursuant to Federal Rule of Civil Procedure 65, enjoining Defendants from:

a.   Executing any arrest warrant against Plaintiff based on the default judgment issued by Special Judge Loretta Radford;

b.    Taking any action to enforce the default judgment or alleged child support;

c.   Interfering with Plaintiff's liberty or freedom of movement based on the default judgment;

d.   Continuing contempt proceedings against Plaintiff while her jurisdictional challenges, removal to federal court, and appeals remain pending.

105. A permanent restraining order, rather than merely a temporary one, is necessary because the constitutional violations at issue are not temporary in nature but represent ongoing, systematic

violations that will continue absent permanent relief. The evidence clearly establishes not just a likelihood of success on the merits, but actual success, as required for permanent injunctive relief. See *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (noting that for a permanent injunction, a plaintiff must demonstrate actual success on the merits, not merely a likelihood of success).

147.    The constitutional violations committed by Defendants are not isolated incidents but reflect a pattern of misconduct that will continue absent permanent injunctive relief. As the Supreme Court recognized in *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983), permanent injunctive relief is appropriate when there is a real and immediate threat of repeated injury.

148.    This emergency relief is necessary to prevent irreparable harm to Plaintiff, as monetary damages cannot adequately compensate for unlawful imprisonment and the violation of fundamental constitutional rights.

149.    Plaintiff meets all requirements for permanent restraining order & preliminary injunction:

   a.    Actual success on the merits: As detailed above, Plaintiff has established multiple clear constitutional violations, including due process violations, double jeopardy, and ADA violations. The record conclusively demonstrates that the default judgment was issued in violation of clearly established constitutional rights.

   b.    Irreparable harm: Unlawful imprisonment constitutes irreparable harm, as does the violation of constitutional rights. See *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.").

   c.    Balance of equities: The balance of equities strongly favors Plaintiff, as she faces

imminent unlawful imprisonment, while Defendants face no harm from being enjoined

from enforcing a constitutionally infirm judgment. As the Supreme Court noted in

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008), courts must

"balance the competing claims of injury" and consider "the effect on each party of the

granting or withholding of the requested relief." Here, the harm to Plaintiff from denial of

relief far outweighs any harm to Defendants from granting relief.

d. Public interest: The public interest always favors protecting constitutional rights and

preventing unlawful imprisonment. See *G & V Lounge, Inc. v. Michigan Liquor Control

Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994) ("[I]t is always in the public interest to

prevent the violation of a party's constitutional rights."). As the Supreme Court

recognized in *Awad v. Ziriax*, 670 F.3d 1111, 1132 (10th Cir. 2012), "it is always in the

public interest to prevent the violation of a party's constitutional rights."

150.    Under the All Writs Act, 28 U.S.C. § 1651, this Court has the authority to "issue all writs

necessary or appropriate in aid of [its] jurisdiction." This includes the authority to stay state

court proceedings that threaten to interfere with federal jurisdiction or that present an

immediate threat of irreparable harm based on constitutional violations.

151.    The permanent relief requested is precisely tailored to the constitutional violations at

issue and will not unduly intrude on state proceedings. As the Supreme Court recognized in

*Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982),

federal courts should abstain from interfering in state proceedings only where the state

proceedings do not involve "flagrant and patent" constitutional violations. Here, the

constitutional violations are both flagrant and patent, justifying federal intervention.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254 directing Defendants to show cause why Plaintiff should not be released from the restraint on her liberty imposed by the void default judgment;

2. Issue an immediate permanent restraining order and preliminary injunction enjoining Defendants from executing any arrest warrant against Plaintiff, taking any action to enforce the default judgment or alleged child support orders or debts, or otherwise interfering with Plaintiff's liberty based on the default judgment;

3. Declare that the default judgment sentencing Plaintiff to six months imprisonment is void ab initio and unenforceable;

4. Declare that the contempt proceedings violate double jeopardy by attempting to punish Plaintiff a second time for the same alleged contempt;

5. Declare that Defendants violated Plaintiff's due process rights by denying her the opportunity to be heard while granting that opportunity to the opposing party;

6. Declare that Defendants violated the Americans with Disabilities Act by denying reasonable accommodations to Plaintiff;

7. Enjoin Defendants from proceeding with any further contempt proceedings against Plaintiff while her jurisdictional challenges, removal to federal court, and appeals remain pending;

8. Award Plaintiff costs and legal-related fees pursuant to 42 U.S.C. § 1988;

9. This superior Court to provide written statements of fact and conclusions of law, rather than any abusive discretion for appeal purposes if justice, truth, and the constitutional of united states of America is not revered in this court;

10. Grant such other and further relief as this Court deems just and proper.

11. Plaintiff reserves the right to amend this petition at any time.

## XI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to the Seventh

Amendment to the United States Constitution and Federal Rule of Civil Procedure 38.

Plaintiff operates under the presumption that this honorable court maintains his/her oath to the

Divine Creator YAHUAH that he/she took:

"We hold these truths to be self-evident, that all men [meaning man and woman] are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness.--That to secure these rights, Governments are instituted among Men, deriving their just powers from the consent of the governed, --That whenever any Form of Government becomes destructive of these ends, it is the Right of the People to alter or to abolish it, and to institute new Government, laying its foundation on such principles and organizing its powers in such form, as to them shall seem most likely to effect their Safety and Happiness."--**The unanimous Declaration of the thirteen united States of America, circa 1776**.

"I, [your family name here and your en legis name here both] do solemnly swear (or affirm) that i will support, **obey**, and **defend** the **Constitution of the United States**, and the Constitution of the State of Oklahoma..."--**Oath of Office** required for all governmental officials and all U.S. citizens.

**Please take Notice that** this is sent to you in the peace and love of Messiah Yashua. Luke 11:52.

### AVOUCHMENT / VERIFICATION

i hereby declare, verify, certify and affirm, pursuant to the penalties of perjury under the laws of the united states of America, and by the provision of 28 U.S. Code § 1746 that i am of sound mind and competent to make this verification, and that all of the above and foregoing representations are true and correct to the best of my knowledge, information, belief.

Executed in Charleston County, republic land of South Carolina on this 05th day of June in the Year of Our Lord Two Thousand and Twenty Five.

*Nemo me impune lacessit pursuant to Psalm 105:15 + Isaiah 54:17*
PRIVATE; THIS IS NOT A PUBLIC COMMUNICATION
**Silence is Tacit Acquiescence/Agreement/Dishonor;**
*This communication is in no way forming a contract nor requesting any contracting; it is simply a notice regarding the matters at hand. This communication is not intended to nor does it create nor confirm any professional-client relationship or any type of relationship between us;*

Private sector autograph;
**WITHOUT RECOURSE**

*without prejudice*
*linh-tran: stephens/Agent*

By one–and–only beneficiary: _____

All Rights Reserved None Waived, **Without Prejudice** *UCC 1-308 & 1-103*, **Non-Assumpsit**, one-and-only Grantor & Authorized Agent & Beneficiary for LINH TRAN STEPHENS©® ens legis and all its derivatives thereof including Cestui Que Trust a.k.a. "Fide Commissary Trust", sui juris, Ambassador of Messiah Yahusha, Heir of the Creator, my heir/offspring is G.L.Stephens, A natural living woman breathing with a living soul and the Holy Spirit of Creator YAHUAH, natural people with hands legs, Alive-on-the-land, Plenary mind body soul/spirit, unlimited, non-incorporated, non-sole-proprietor, **stateless "freeman of the Union"** per Honorable Mr. Justice MILLER on April 14th, 1983, in the Slaughter-House cases, 83 US 36 (a SCOTUS case specifically mentioned in 8 FAM 102.3), full capacity and competency with postgraduate level of education, living on the land of the republic, with God-given rights pursuant to Bills of Rights, NOT a "pro se"/"person"/"pauper"/"indigent"/"slave"/"public servant"/"government employee"/"ward of State"/"U.S. citizen"/"minor" in your dictionary; i reject your 12 legal presumptions, other presumptions/assumptions/double-speaking/implied or undisclosed contracts; Article IV Section 2 Citizens of each State shall be entitled to all Privileges & Immunities of Citizens in several States; **Rural Free Delivery, Non-Domestic 00000,** ℅ 1964 Ashley River Rd Ste B Unit 80112, Charleston, South Carolina [zip exempt,near 29407] without U.S. Washington, D.C.
Email: LinhStephens7@gmail.com
Tel: 817-631-3223

## Notary as JURAT CERTIFICATE

STATE OF MINNESOTA          )
                           ) *ss*
COUNTY OF SHERBURNE )

On this 05th day of June, 2025 before me, Melissa K. Vagle, a Notary Public, personally appeared a living woman Linh Tran Stephens ( the Authorized Representative and Beneficiary for Legal Fiction LINH TRAN STEPHENS©® ), who electronically (remotely) proved to me on the basis satisfactory evidence to be the woman whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her autograph(s) on the instrument the woman executed, the instrument.

i certify under PENALTY OF PERJURY under the lawful laws of Minnesota State and that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

*Melissa K. Vagle*

Signature of Notary/Jurat



MELISSA K VAGLE
Notary Public
State of Minnesota
My Commission Expires
January 31, 2028

Notary Public's Commission Expires: 01/31/2028

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the <u>06th</u> day of <u>June</u>, 2025, a true, correct, and exact copy of the above and foregoing instrument was filed face-to-face with Court Clerk at <u>United States District Court Northern District of Oklahoma, 333 W 4th St, Suite 411, Tulsa, OK 74103 with $5 fees donated by ADA advocate</u>; previously efiling and In Forma Pauperis (IFP) were approved on 02/01/2024 in another case 24-CV-216-JDR-CDL, thus Court Clerk to issue summons for the following defendants

1.  *Defendants # 1, 9, 15, and all defendants:*
Oklahoma Attorney General Gentner Drummond for **STATE OF OKLAHOMA and all its employees/successors**
313 NE 21st Street, Oklahoma City, OK 73105
2.  *Defendant # 2, 3, 11*
**Tulsa County District Court and all its divisions**: ATTN: Clerk's Office, Presiding Judge, and Board of County Commissioners, Judges of docket F: Loretta Radford, Deborrah Ludi Letich
500 S. Denver Avenue, Tulsa, OK 74103
3.  *Defendants # 4, 8, 12, 13*
**Oklahoma Department of Human Services and its divisions including <u>CSS</u>**, Emallene Stringer, director Jerrey Cartmell and Deborah Shropshire
2400 N. Lincoln Blvd., Oklahoma City, OK 73105
4.  *Defendant # 5, 6*
Tulsa County Sheriff's Office
ATTN: Sheriff Vic Regalado and Jacob Williamson
500 S Denver Ave, Tulsa, OK 74103-3832
5.  *Defendant # 7*
Tulsa County Court Clerk's Office
ATTN: **Kim Hall**
500 S. Denver Avenue, 3rd Floor
Tulsa, OK 74103
6.  *Defendant # 13*
CSS
P.O. Box 268849, Oklahoma City, OK 73126-8849
7.  *Defendant # 14*
OKLAHOMA SHERIFFS' ASSOCIATION ATTN: Executive Director Ray and Registered Agent for Service of Process: 1615 South State Street, Edmond, OK 73013
8.  *Defendant # 16*
Service of Process Division, **Oklahoma Secretary of State**
2300 N Lincoln Blvd, Suite 101
Oklahoma City, OK 73105-4897
9.  *Defendant # 10, 17*
Office of the Governor, ATTN: J. Kevin Stitt
Oklahoma State Capitol
2300 N. Lincoln Blvd., Suite 212
Oklahoma City, OK 73105
10. *Defendant # 18*: **DAVID L. MOSS JUSTICE CENTER**, 300 N. Denver Ave. Tulsa, OK 74103
11. <u>CC:</u>**The Board of County Commissioners,** Tulsa County Headquarters
218 W. 6th St., Tulsa, OK 74119-1004

Signature  *without prejudice linh-tran: stephens/Agent*