**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LINH TRAN STEPHENS, a natural living woman, *sui juris*, with inherent sovereign rights,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No.  25-cv-285-GKF-MTS** |
| **STATE OF OKLAHOMA, *et al.*,** | ) ) ) | |
| **Defendants.** | ) | |

**MOTION TO DISMISS AND BRIEF IN SUPPORT OF DEFENDANT
THE OKLAHOMA SHERIFF'S ASSOCIATION, INC.**

COMES NOW The Oklahoma Sheriff's Association, Inc. ("OSA") pursuant to 28 U.S.C. § 2254(a), Fed. R. Civ. P. Rule 8, Rule 12(b)(6), and Rule 41 and moves this Court for an order dismissing the OSA from this lawsuit.  Plaintiff Linh Tran Stephens ("Stephens") in her Petition for Writ of Habeas Corpus [DOC 2] ("Petition") fails to state any viable claim against the OSA. In support of this Motion, the OSA respectfully submits the following:

**STATEMENT OF THE CASE**

Stephens is not unknown to this Court, having filed at least six separate cases prior to, or contemporaneously with, the instant case.  (*See Stephens v. Sparkman, et al.*, Case No. 22-cv-480-CVE-JEJ; *Stephens v. Seibert, et al.* Case No. 23-cv-553-GKF-SH; *Stephens v. Freeman, et al.*, Case No. 24-cv-216-JDR-CDL; *Stephens v. Parks et al.*, Case No. 42-cv-259-GKF-MTS; *Stephens v. State of Oklahoma, et al.*, Case No. 25-cv-286-CVE-MTS; *Stephens v. State of Oklahoma, et al.*, Case No. 25-cv-322-SEH-JFJ).  OSA received a copy of the Petition on August 4, 2025, albeit not via its registered service agent.

The claims in this action appear to arise from a contempt citation entered in a state court family law matter, which neither involves, nor implicates, the OSA.  Stephens rambles through

1

151 paragraphs, 55 pages, and 19 named defendants, without demonstrating any conduct or action on the part of the OSA.  In fact, reference to the OSA appears only in the caption and in the party identification section of the pleading.  Absolutely no viable claim is stated against the OSA and it must be dismissed as a party from this lawsuit.

## ARGUMENTS AND AUTHORITIES

### I.  Motion to Dismiss Standard

Rule 12(b)(6) dismissal is appropriate if the complaint alone is legally insufficient to state a claim.  *Serpik v. Weedon*, 2024 WL 556680, *1 (W.D. Okla. 2024). The inquiry is whether the complaint contains enough facts to state a claim to relief that is plausible on its face.  *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

While pro se pleadings must be liberally construed and must be held to less stringent standards than pleadings drafted by lawyers, pro se litigants remain obligated to comply with the fundamental requirements of the Federal Rules of Civil Procedure and substantive law.  *Gabriel v. Melton Truck Lines*, 2022 WL 3401949, *2 (N.D. Okla. 2022).  "[T]he liberal construction to be afforded does not transform 'vague and conclusory arguments' into valid claims for relief."  *Id.* (quoting *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994)). Nor will "[t]he liberal standard applicable to pro se pleadings . . . permit the filing of frivolous or abusive litigation."  *Gabriel*, 2022 WL 3401949 at *2.  A court will not construct a legal theory on a plaintiff's behalf.  *Id.*

Additionally, shotgun pleadings which violate the mandate of Fed. R. Civ. P. 8, requiring a short and plain statement of the claim showing that the pleader is entitled to relief, are properly subject to dismissal.  *Gabriel*, 2022 WL 3401949 at *4.  "The Tenth Circuit has long recognized that inordinately long pleadings - which it describes as 'prolix' – are a strain on both other

litigants and the courts." *Id.* Prolix pleadings are those which are dozens to hundreds of pages long, like the Petition in the instant case. *Id.* at *5. A habeas corpus petition must still comply with Fed. R. Civ. P. 8. *Johnson v. Westfall*, 201 F.3d 448 (10th Cir. 1999).

Furthermore, the sovereign citizen theory has been repeatedly rejected by the Tenth Circuit. *Serpik*, 2024 WL 556680 at *3. "These theories should be rejected summarily, however they are presented." *Id.*

In the instant case, no actual allegations of acts or omissions by OSA against Stephens are alleged in the body of the Petition. Stephens makes the baseless allegation that OSA "establishes training protocols and policies that systematically fail to train sheriffs regarding constitutional limitations on imprisonment for debt, contributing directly to the ongoing constitutional violations in Plaintiff's case." (*See* Petition at p.14, ¶ 14). Conspicuously absent from the Petition is the identification of any training protocols and policies established, or the role of the OSA in either establishing any such training protocols and policies, or any basis for Stephens' contention that the OSA is required to or failed to train sheriffs regarding "constitutional limitations on imprisonment for debt." The OSA should be dismissed from this lawsuit for failure to meet the threshold requirements for habeas corpus, for failure to state a claim upon which relief can be granted, for improper shotgun pleading, and because sovereign citizen theories should be summarily rejected.

## II. Stephens has Failed To State A Claim Plausible on its Face Against the OSA

Stephens' Petition contains no allegation of any direct act or omission of the OSA. In fact, other than it being mentioned in the caption, the only statement referencing the OSA in all 55 pages of the Petition is found on page 14 in paragraph 14 which states:

> 14.    Defendant **OKLAHOMA SHERIFFS' ASSOCIATION** is named as a Defendant because this entity facilitates, coordinates, and standardizes the

practices of county sheriffs throughout Oklahoma, including those responsible for executing the arrest warrant and maintaining Plaintiff's current detention. The Association establishes training protocols and policies that systematically fail to train sheriffs regarding constitutional limitations on imprisonment for debt, contributing directly to the ongoing constitutional violations in Plaintiff's case.

Stephens offers no facts or legal authorities to support her claims that OSA had a role in the state court proceedings, the arrest warrant, order of detention, or in establishing training protocols and policies that systematically fail to train sheriffs regarding constitutional limitations on imprisonment for debt. Without more, these naked generalizations provide no basis for the OSA to know the nature of any claims made against it. Due process requires that a defendant be given meaningful notice of any claim against which it may be required to defend. U.S. CONST. amend. XIV, § 1; OKLA. CONST. art. II, § 7. "When a defendant is merely named in the caption of a complaint but is nowhere claimed to have caused the plaintiff injury, the complaint against him must be dismissed even under the liberal construction to be given to *pro se* complainants." *Clark v. Sierra*, 837 F. Supp. 1179, 1182 (M.D. Fla. 1993) (dismissal for failure to state a claim granted where plaintiff only named defendant in caption and made minimal references to that defendant in the body of the complaint on ground that such pleading did not establish any cognizable action at law against that defendant); *See also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant except for [its] name appearing in the caption, the complaint is properly dismissed. . . ."); *Linebarger v. Williams*, 77 F.R.D. 682, 685 (E.D. Okla. 1977) (finding complaint properly dismissed where no specific act or conduct on the part of defendant is alleged).

Stephens has failed to state any claim against the OSA upon which relief can be granted. None of the 151 paragraphs explain how the OSA allegedly relates to this lawsuit. No well-pleaded facts establish that the OSA harmed Stephens in any manner. *Gilberti v. Padar*, 2023

WL 9547875, *4 (M.D. Fla. 2023) (dismissing *pro se* Amended Complaint that named defendant only in caption and failed to relate any alleged actions to the defendant relevant to the lawsuit). Furthermore, Stephens is, admittedly, not in custody. 28 U.S.C. § 2254(a) (". . . a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). "Federal courts do not grant habeas relief for errors of state law. *Martin v. Bear*, 2016 WL 697006, *3 (W.D. Okla. 2016) (dismissing Petition for Writ of Habeas Corpus). The OSA must be dismissed from this action.

### III.  Stephens' "Shotgun" Pleading Must be Dismissed

Federal Rule of Civil Procedure 8 requires a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). *Gabriel*, 2022 WL 3401949 at *4. "Concise pleading is necessary because a complaint may be 'made . . . unintelligible by scattering and concealing in a morass of irrelevancies the few allegations that matter.'" *Id.* As stated above, the Tenth Circuit recognizes that prolix pleadings are a strain on both other litigants and the courts. *Id.*

"Shotgun" pleadings have been "roundly, repeatedly, and consistently" condemned for years. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018). A complaint requires more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Sladek v. Bank of America, NA*, 2024 WL 4224029, *2 (10th Cir. 2024). The shotgun approach combines vague and conclusory factual allegations with disparate legal theories resulting in a pleading that is incomprehensible. *Id.*

The Eleventh Circuit has identified four types of shotgun pleadings:

(1)    complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2)  complaints containing conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3)  complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions; and,

(4)  complaints that fail to specify against which defendants a claim is brought.

*Gilberti*, 2023 WL 9547875 at \*2.

In this case, Stephens' Petition meets all of the shotgun criteria.  At least 9 of the 11 causes of action are pled against "all Defendants" without specifying any act or omission of a particular defendant which allegedly gave rise to the claim or caused harm to Stephens.  "[T]he Court and the parties are left to guess and attempt [to] parse out which claims relate to which individuals" because Stephens simply refers to "Defendants" without making it clear which allegations are directed to which defendant or defendants.  *Hart v. Salois*, 605 Fed. Appx. 694, 697 (10th Cir. 2015) (affirming dismissal of plaintiff's exceedingly long and convoluted shotgun complaint which failed to connect the 60 separate claims pled to the hundreds of factual allegations included and failed to clarify which acts each defendant was alleged to have committed to give rise to the various claims asserted).

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to comply with any aspect of the Federal Rules.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).  Litigants must present claims in a manageable format that allows the court and the defendants to know what claims are being asserted such that each defendant might be able to discern how it is alleged to have participated in the asserted constitutional violations.  *Id.* at 1160.  Failure to comply with the requirements of Rule 8 is

6

sufficient cause for a Rule 41(b) dismissal. *Eaves v. Kory*, 2024 WL 2764136, *1 (10th Cir. 2024). Stephens' Petition should also be dismissed for failure to comply with Fed. R. Civ. P. 8.

### IV. Sovereign Citizen Theories Should be Summarily Rejected

"The sovereign citizen theory has been repeatedly rejected by the Tenth Circuit." *Serpik*, 2024 WL 556680 at *3 (citing *United States v. Palmer*, 699 Fed. Appx. 836, 838 (10th Cir. 2017) (unpublished) ("As for [Petitioner's] sovereign state citizen argument, reasonable jurists could also not disagree that the claim is plainly frivolous.")).

> Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' . . . or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented. An individual's belief that her status as a 'sovereign citizen' puts her beyond the jurisdiction of the courts 'has no conceivable validity in American law.'

*Serpik*, 2024 WL 556680 at *3 (internal citations omitted); *United States v. Palmer*, 699 Fed. Appx. 836, 838 (10th Cir. 2017).

The claims asserted in the Petition tie back to Stephens' arguments regarding her status as a sovereign citizen to challenge alleged actions of the Tulsa County District Court in a family law proceeding. The Petition is plainly frivolous and should be summarily dismissed.

### V. Stephens' Allegations of "Conspiracy" do not State a Separate Cause of Action and do not Preclude Dismissal

Including claims of civil conspiracy in a pleading does not allow the plaintiff to thwart the rules and rely on the shotgun approach.

> A civil conspiracy consists of a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means. ***Unlike its criminal counterpart, civil conspiracy itself does not create liability***. To be liable the conspirators must pursue an independently unlawful purpose or use an independently unlawful means. There can be no civil conspiracy where the act complained of and the means employed are lawful.

*Brock v. Thompson*, 1997 OK 127, ¶ 39, 948 P.2d 279, 294 (footnotes omitted and emphasis

7

added).   As indicated in *Brock*, the Court does not recognize "civil conspiracy" as an independent tort or "cause of action."   The theory of "civil conspiracy" in Oklahoma is a doctrine by which a plaintiff can "enlarge the pool of potential defendants," but standing alone it is simply a gloss used to label or characterize the underlying torts themselves.[1]

In Oklahoma, two "essential elements" of civil conspiracy that plaintiff must establish are that the defendant(s) committed "one or more unlawful, overt acts" and that the defendants had "a meeting of minds on the object or course of action."   *Schovanec v. Archdiocese of Oklahoma City*, 2008 OK 70, ¶ 46, 188 P.3d 158, 175 (quoting *Closs v. Goose Creek Consolidated Indep. School Dist.*, 874 S.W.2d 859, 871 (Tex. App. 1994)).   Yet nowhere in the Petition does Stephens allege specific unlawful overt acts on which any Defendants had a meeting of the minds. "As a general rule, an actionable conspiracy must consist of wrongs that could have been actionable against the individual conspirators."   *Schovanec*, 2008 OK 70 at ¶ 46, 188 P.3d at 175.

In Cause of Action X, Stephens alleges that all Defendants "conspired" to achieve the amorphous conspiratorial goal of unconstitutional punishment.   Stephens identifies certain defendants by name, however, the OSA is not specifically identified in this cause of action, despite the claim being made against "all Defendants."   Stephens has not alleged facts supporting action of the OSA or the required element of a meeting of minds on any object or course of action that includes, in any manner, the OSA.   In discussing the common-law definition of "civil conspiracy," the Supreme Court of the United States made several observations that are pertinent here:

> **Consistent with this principle, it was sometimes said that a conspiracy claim was not an independent cause of action, but was only the mechanism for subjecting co-conspirators to liability when one of their members committed**

---

[1] Conspiracy is not a tort, but rather a rule of responsibility for the tortious actions of others. *Bridge C.A.T. Scan Associates v. Ohio-Nuclear, Inc.*, 608 F. Supp. 1187, 1193 (D.N.Y. 1985).

**a tortious act.**  An alleged conspiracy by or agreement between the defendants is not of itself actionable.  Some wrongful act to the plaintiff's damage must have been done by one or more of the defendants, and the fact of a conspiracy merely bears on the liability of the various defendants as joint-tortfeasors.  **Since liability for civil conspiracy depends on performance of some underlying tortious act, the conspiracy is not independently actionable; rather, it is a means for establishing vicarious liability for the underlying tort.**

*Beck v. Prupis*, 529 U.S. 494, 503, 120 S. Ct. 1608, 1615, 146 L. Ed. 2d 561 (2000) (footnotes, citations, and internal quotation marks omitted; emphasis added).

In this case, alleging that some or all Defendants "conspired" does not avoid dismissal. "It is well settled that civil conspiracy itself does not create liability." *Tanique, Inc. v. State ex rel. Oklahoma Bureau of Narcotics and Dangerous Drugs*, 2004 OK CIV APP 73, ¶ 38, 99 P.3d 1209, 1218. Alleging conspiracy does not state facts that are specific enough to place Defendants on fair notice of who is claimed to have actually engaged in the alleged conspiracy, why it is plausible that any particular Defendant would do so, and the specific acts of a Defendant that arguably demonstrate a meeting of minds and intent to act in concert with all other Defendants. The lack of such particularized allegations matters. In pleading the existence of a "civil conspiracy," the plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement. *City of Omaha Employees Betterment Association v. City of Omaha*, 883 F.2d 650, 652 (8th Cir. 1989); *Leon v. Murphy*, 988 F.2d 303, 310-311 (2nd Cir. 1993); *Schovanec*, 2008 OK 70 at ¶ 46, 188 P.3d at 175.

**CONCLUSION**

Stephens has failed to state a claim against the OSA upon which relief can be granted. First and foremost, Stephens is not in custody.  Second, the Petition is defective on its face and constitutes an improper "shotgun" pleading which should be dismissed in its entirety. Third, there is no recognized claim of civil conspiracy.  Finally, even if the Petition is not dismissed in

9

its entirety, which it should be, OSA should be dismissed from this action and awarded its attorneys' fees, costs and such other and further relief as the Court deems just under the circumstances.

Respectfully submitted:

/s/ Sharon K. Parker
Sharon K. Parker, OBA #19010
**JPM LAW** | JAYNE PETERS MCVICKER BURKE
        ASKEW & PARKER
401 South Boston Ave., Suite 2000
Tulsa, OK  74103
(918) 938-7944 phone
(918) 938-7966 fax
sparker@jpmlawgroup.com
*Attorney for The Oklahoma Sheriff's Association, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2025, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James D. Dunn
6080 E. 66th Street North
Tulsa, OK 74117
918-596-8704 - Telephone
jdunn@tcso.org
*Attorney for Tulsa County Sheriff*
*Tulsa County Sheriff's Office*

John Langford
P.O. Box 25352
Oklahoma City, OK  73125-0000
405-521-3638 – Telephone
John.langford@okdhs.org
*Attorney for Oklahoma Department of Human Services*

And sent to the following by U.S. Mail with proper postage thereon:

Linh Tran Stephens
1964 Ashley River Rd, Ste B, Unit 80112
Charleston, SC  29407
*Plaintiff pro se*

/s/ Sharon K. Parker
Sharon K. Parker