**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LINH TRAN STEPHENS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **Case No. 25-CV-0285-GKF-MTS** |
| | ) | |
| **STATE OF OKLAHOMA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## <u>ORDER</u>

Petitioner Linh Tran Stephens, a self-represented litigant, petitions for a writ of habeas corpus under 28 U.S.C. § 2254 but also seeks relief under 42 U.S.C. § 1983 for alleged violations of her federal rights by various state and local officials.   Dkt. 2.   Ms. Stephens describes this civil action as an "emergency petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, combined with an emergency motion for a permanent restraining order and preliminary injunction, and a complaint for declaratory and injunctive relief under 42 U.S.C. § 1983."   *Id.* at 20.[1]   This matter is before the Court on the following motions:   Ms. Stephens's motions seeking leave to obtain electronic case filing rights for non-attorneys (Dkts. 3, 4); a motion to dismiss by Defendants David L. Moss Correctional Center, Sheriff Vic Regalado and Deputy Sheriff Jacob Williamson (collectively, "TCSO Defendants") (Dkt. 8); a motion to dismiss by Defendants Oklahoma Department of Human Services and Oklahoma Child Support Services (collectively "OKDHS Defendants") (Dkt. 10); and a motion to dismiss by Defendant Oklahoma Sheriffs' Association (Dkt. 15).   Ms. Stephens did not respond to the motions to dismiss, and the time to so do has

---

[1] The Court's citations refer to the CM/ECF header pagination.

expired.[2]   For two reasons, the Court grants the motions to dismiss and dismisses Ms. Stephens's

hybrid habeas petition/civil complaint and this civil action.   Based on the dismissal, the Court

dismisses as moot Ms. Stephens's motions for leave to obtain electronic case filing rights for non-

attorneys.

**I.      This Court lacks subject matter jurisdiction under 28 U.S.C. § 2254.**

First, to the extent Ms. Stephens invokes federal habeas jurisdiction and seeks a petition

for writ of habeas corpus, under 28 U.S.C. § 2254,[3] the Court agrees with TCSO Defendants and

OKDHS Defendants that this action must be dismissed for lack of subject matter jurisdiction

because Ms. Stephens has not alleged sufficient facts showing that she is "in custody" pursuant to

a state court judgment.   Dkt. 8 at 2-3; Dkt. 10 at 24-26.

Federal courts are empowered to grant a writ of habeas corpus to a "prisoner" if, among

other reasons, she is "in custody in violation of the Constitution or laws or treaties of the United

States."   28 U.S.C. § 2241(c)(3); *see* 28 U.S.C. § 2254(a) (specifically providing federal courts

authority to consider habeas petitions filed by state prisoners who allege they are "in custody in

violation of the Constitution or laws or treaties of the United States").

---

[2] Because Ms. Stephens appears without counsel, the Court liberally construes her filings. *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).   This rule of liberal construction "means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] Ms. Stephens alleges this Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1343, 1651, and 2254.   Dkt. 2 at 22.

Ms. Stephens purports to seek a writ of habeas corpus to challenge her "custody" under a judgment entered against her in Tulsa County District Court Case No. FD-2015-2228, a domestic proceeding, and alleges she was sentenced to a six-month term of imprisonment, on May 8, 2025, "for alleged child support debt." Dkt. 2 at 2, 16. She also alleges she was "unlawfully detained and incarcerated for 60 days from February to April 2024" and that she relocated to South Carolina after her release from that period of incarceration. *Id.* at 34; *see also* Dkt. 2-1 at 33 (release order dated March 26, 2024, showing Ms. Stephens was released on "time served" for a charge of indirect contempt). Relevant to the May 2025 sentence, Ms. Stephens alleges "Judge Radford issued a default bench ruling against [Ms. Stephens] based solely on [Ms. Stephens's] inability to pay $350 in jury trial fees" and subsequently "issued a default bench conviction with a six-month jail sentence." *Id.* at 36-37. Ms. Stephens further alleges that, in June 2025 when she filed this civil action, she "face[d] imminent arrest and imprisonment for six months based on this void default judgment, which was rendered without jurisdiction, in violation of due process, and in contravention of [her] clearly established constitutional rights." *Id.* at 38. Ms. Stephens asserts she "is not currently in physical custody" but she should be deemed in custody because ""[t]he default judgment sentencing [her] to six months imprisonment and the imminent threat of arrest constitute significant restraints on liberty sufficient to invoke habeas jurisdiction." *Id.* at 43. In her request for relief, she asks this Court to "issue a writ of habeas corpus for [her] immediate release from the imminent six-month imprisonment for alleged child support debt; recall all warrants [and issue a] permanent restraining order enjoining Defendants from executing arrest

3

warrant against [her] or contempt hearings or any other relief to which petitioner may be entitled." *Id.* at 16.

Even a self-represented litigant must allege sufficient facts to establish the existence of federal jurisdiction. *See Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1201 (10th Cir. 2012) (noting that the party invoking federal jurisdiction bears the burden to identify the basis of court's jurisdiction). Ms. Stephens has not alleged any facts showing she is "in custody" for purposes of invoking federal habeas jurisdiction. *See, e.g., Hensley v. Mun. Ct.*, 411 U.S. 345, 351 (1973) ("Since habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality and federalism, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate."). Instead, Ms. Stephens's allegations refer to detention for a sixty-day term she has already served and a potential future six-month detention she speculates might result from a bench warrant that might be executed should she travel to Oklahoma from her current residence in South Carolina. Dkt. 2 at 1, 43-45. Her allegations do not show that this is a case of special urgency or that the alleged restraints on her liberty are either severe or immediate. Because Ms. Stephens's allegations, accepted as true, do not show she is

"in custody" for purposes of invoking federal habeas jurisdiction, the Court concludes that this action shall be dismissed, in part, for lack of subject matter jurisdiction.[4]

**II.   Ms. Stephens's hybrid habeas petition/civil complaint is a deficient pleading.**

Second, to the extent Ms. Stephens seeks relief under § 1983, she has sufficiently alleged jurisdiction under 28 U.S.C. § 1331 and 1343, but she has not properly commenced this civil action by filing a hybrid habeas petition/civil complaint.   A habeas proceeding under § 2254 is a special proceeding wherein a person in state custody can file a petition in federal court to challenge the lawfulness of her custody upon payment of a minimal ($5) filing fee.   In contrast, a civil action under § 1983 is a civil proceeding wherein any citizen can file a civil complaint in federal court to seek relief for alleged violations of her federal rights by state and local officials upon payment of more substantial ($405) filing and administrative fees.[5]

Even disregarding the improper attempt to combine two distinct types of civil actions in one pleading, the Court agrees with the moving defendants that Ms. Stephens's pleading does not comply with Federal Rule of Civil Procedure 8.   Dkt. 8 at 4-5; Dkt. 10 at 10-13; Dkt. 15 at 2, 5-

---

[4] To the extent this order could be considered a final adverse order entered against Ms. Stephens in a habeas proceeding, the Court declines to issue a certificate of appealability under 28 U.S.C. § 2253 because the lack of subject matter jurisdiction constitutes a plain procedural bar. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   Further, even if the Court could reasonably construe Ms. Stephens's hybrid habeas petition/civil complaint as alleging sufficient facts to support federal habeas jurisdiction (which the Court does not), the Court would dismiss the pleading because, as discussed next, Ms. Stephens's attempt to bring a combined habeas action and civil rights action is improper and her pleading does not comply with Federal Rule of Civil Procedure 8.

[5] Ms. Stephens paid only the $5 filing fee necessary to commence a federal habeas action. Dkt. 5.

6.    Rule 8 establishes basic but important requirements for a pleading filed in federal court. Specifically, a pleading "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."   Fed. R. Civ. P. 8(a); *see Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) ("Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted.").   Though Ms. Stephens appears without counsel, she is subject to Rule 8(a)'s pleading requirements.   *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) ("Although we construe Green's pleadings liberally because he is a pro se litigant, he nevertheless must follow the same rules of procedure that govern other litigants."); LCvR17-1(d) ("A pro se party is required to comply with all applicable local rules and all applicable federal rules.").

Ms. Stephens's seventy-two-page hybrid habeas petition/civil complaint purports to assert multiple claims against multiple individual state officials, employees, or entities who allegedly caused her some kind of harm during what appears to be an ongoing domestic proceeding in state court.   Dkt. 2 at 1, 17-18, 25-34.   Ms. Stephens asserts that she "seeks emergency intervention from this Court to prevent her imminent arrest and unlawful imprisonment under a void order issued without jurisdiction, in violation of due process, and in contravention of clearly established constitutional protections."   *Id.* at 21.   She then identifies eleven claims, the first of which purports to seek federal habeas relief, the remainder of which alleged constitutional violations, all of which she asserts against "all defendants," and most of which fail to identify specific actions or

omissions of particular defendants.  *Id.* at 19-20, 43-66.  For example, Ms. Stephens describes her second claim as one alleging a violation of her Fourteenth Amendment right to due process and asserts:

> Defendants, acting under color of state law, have violated and continue to violate Plaintiff's procedural and substantive due process rights by:   a. Proceeding with a hearing despite Plaintiff's filed jurisdictional challenge and removal to federal court; b. Denying Plaintiff the opportunity to be heard by refusing her virtual attendance while granting this accommodation to the opposing party; c. Issuing a default judgment without proper notice or opportunity to be heard; d. Failing to conduct a Rule 8 hearing on Plaintiff's ability to pay despite her documented financial indigency; e. Threatening observers with arrest, thereby denying Plaintiff's right to a public trial; f. Refusing to accept payment for a court reporter, thereby preventing the creation of an accurate record for appeal. G. Summarily denying Plaintiff's formal objections to special judges and her demands for an Article III constitutional judge, without legal justification or written explanation.

*Id.* at 45.   Two paragraphs later and within the second claim, Ms. Stephens mentions "state court's actions," and, perhaps, all allegations in support of her second claim could be understood as referring to actions and omissions of one or more state courts and/or individual state judges.   *Id.* at 46.   In her tenth claim, Ms. Stephens alleges "all Defendants . . . engaged in a civil conspiracy to deprive" her of her rights under the First, Fourth, Fifth, Thirteenth, and Fourteenth Amendments.   *Id.* at 57-61.   As to this claim, Ms. Stephens does identify specific actions of some defendants, but she also states that she asserts this claim against all Defendants.   *Id.* at 58-61.   Critically, it falls to the plaintiff in a federal lawsuit to make plain how each individual defendant allegedly harmed her through that individual defendant's actions or omissions.   Fed. R. Civ. P. 8(a); *see Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013) (noting that in § 1983 actions involving multiple defendants "it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants" because § 1983 is a "vehicle[] for imposing personal liability on government officials"

(emphases in original) (citations and internal quotation marks omitted)). Stated another way, when a plaintiff files a pleading asserting multiple claims against multiple defendants and identifies each claim as asserted against "all defendants," neither an individual defendant nor a federal district court is required to speculate about which, if any, claims each individual defendant must defend against. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("We need not speculate, because the burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants. Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.").

Ms. Stephens's requests for relief are similarly framed as applying to all Defendants. For example, she asks this Court to: "[i]ssue an immediate permanent restraining order and preliminary injunction enjoining Defendants from executing any arrest warrant against Plaintiff, taking any action to enforce the default judgment or alleged child support orders or debts, or otherwise interfering with Plaintiff's liberty based on the default judgment"; declare the state court default judgment "void ab initio and unenforceable"; "[d]eclare that Defendants violated Plaintiff's due process rights by denying her the opportunity to be heard while granting that opportunity to the opposing party"; and "[d]eclare that Defendants violated the Americans with Disabilities Act by denying reasonable accommodations to Plaintiff." Dkt. 2 at 69.

Because Ms. Stephens's pleading does not comply with Federal Rule of Civil Procedure 8(a)'s basic pleading requirements and does not provide fair notice to each individual defendant

of the claim or claims against which he or she must defend, the Court grants the pending motions to dismiss and dismisses the hybrid habeas petition/civil complaint, in part, as a deficient pleading. Further, because Ms. Stephens did not pay the filing fee necessary to commence a civil action under § 1983 when she included § 1983 claims in her hybrid habeas petition/civil complaint, the Court concludes that the dismissal shall be without prejudice and without leave to amend.  Should Ms. Stephens wish to pursue a civil action under § 1983, she must file a civil complaint, not a habeas petition or a hybrid pleading that improperly combines habeas and § 1983 claims and must pay the $405 fees necessary to commence a civil action.

**IT IS THEREFORE ORDERED** that the motion to dismiss by Defendants David L. Moss Correctional Center, Sheriff Vic Regalado and Deputy Sheriff Jacob Williamson (Dkt. 8), the motion to dismiss by Defendants Oklahoma Department of Human Services and Oklahoma Child Support Services (Dkt. 10), and the motion to dismiss by Defendant Oklahoma Sheriffs' Association (Dkt. 15) are **granted**.

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus (Dkt. 2) is construed in part has a petition seeking relief under 28 U.S.C. § 2254 and is **dismissed without prejudice** in part for lack of subject matter jurisdiction; and is construed in part as a civil complaint seeking relief under § 1983 and is **dismissed without prejudice** in part for failure to comply with Federal Rule of Civil Procedure 8.

**IT IS FURTHER ORDERED** that Ms. Stephens's motions seeking leave to obtain electronic case filing rights for non-attorneys (Dkts. 3 and 4) are **dismissed as moot**.

9

**IT IS FURTHER ORDERED** that this is a final order terminating this action, a certificate of appealability is **denied**, and a separate judgment of dismissal shall be entered herewith.

**DATED** this 21st day of January, 2026.

Gregory K. Frizzell
United States District Court