APPEAL,CLOSED,LC−5

# U.S. District Court
# U.S. District Court for the Northern District of Oklahoma (Tulsa)
# CIVIL DOCKET FOR CASE #: <u>4:25−cv−00285−GKF−MTS</u>

Stephens v. State of Oklahoma et al
Assigned to: Judge Gregory K Frizzell
Referred to: Magistrate Judge Mark T Steele
Related Cases:  4:22−cv−00480−CVE−JFJ
              4:23−cv−00553−GKF−SH
              4:24−cv−00216−JDR−CDL
              4:24−cv−00259−GKF−MTS
              4:25−cv−00322−SEH−CDL
Case in other court:  Circuit Court of Oregon, 15−DR−18623
              Tenth Circuit, 24−05438
              Tenth Circuit, 25−05063
              Supreme Court of OK, CI−120847
              Tulsa County District Court, CJ−23−01901
              Tulsa County District Court, CV−24−01311
              Supreme Court of OK, DF−120612
              Supreme Court of OK, DF−120848
              Supreme Court of OK, DF−120849
              Supreme Court of OK, DF−121149
              Supreme Court of OK, DF−121254
              Supreme Court of OK, DF−121851
              Supreme Court of OK, DF−122022
              Tulsa County District Court, FD−15−02228
              Tulsa County District Court, JD−21−00270
              Supreme Court of OK, MA−121200
              Supreme Court of OK, MA−121255
              Supreme Court of OK, MA−122445
              Supreme Court of OK, MA−122859
              Tulsa County District Court, PO−21−03843
              Tulsa County District Court, PO−21−04059
              Supreme Court of OK, PR−121200
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 06/06/2025
Date Terminated: 01/21/2026
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**<u>Petitioner</u>**

**Linh Tran Stephens**

represented by **Linh Tran Stephens**
PO BOX 80112
CHARLESTON, SC 29416
817−631−3223
PRO SE

V.

**Respondent**

**State of Oklahoma**
*and its divisions and
employees/successors*

**Respondent**

**Loretta Radford**
*in her individual capacity and in official
capacity as Special Judge of Tulsa County
District Court; docket F*

**Respondent**

**Deborrah Ludi–Leitch**
*in her individual capacity and in official
capacity as Special Judge of Tulsa County
District Court; docket F*

**Respondent**

**Emmalene Stringer**
*in her individual capacity and in official
capacity as State Attorney of Child
Support Services*

**Respondent**

**Jacob R Williamson**                    represented by **James Dashiell Dunn**
*in his individual capacity and in official*          Tulsa County
*capacity as Tulsa County District Court*          Tulsa County Sheriff's Office
*Sheriff employee*                          6080 E. 66th Street North
                                    Tulsa, OK 74117
                                    918–596–8704
                                    Email: jdunn@tcso.org
                                    *LEAD ATTORNEY*
                                    *ATTORNEY TO BE NOTICED*

**Respondent**

**Vic Regalado**                        represented by **James Dashiell Dunn**
*in his individual capacity and in official*          (See above for address)
*capacity as SHERIFF OF TULSA*                *LEAD ATTORNEY*
*COUNTY*                              *ATTORNEY TO BE NOTICED*

**Respondent**

**Kim Hall**
*in her individual capacity as Court Clerk
of Tulsa County District Court*

**Respondent**

**Jeffrey Cartmell**
*in his individual capacity and in official capacity as DIRECTOR OF OKDHS since 2024 replacing DEBORAH SHROPSHIRE*

**Respondent**

**Gentner Drummond**
*in his individual capacity and in official capacity as OKLAHOMA ATTORNEY GENERAL since 2023*
*also known as*
Gentner Fredrick Drummond

**Respondent**

**John Kevin Stitt**
*in his individual capacity and in official capacity as GOVERNOR OF OKLAHOMA*
*also known as*
J. Kevin Stitt

**Respondent**

**Tulsa County District Court**
*and its divisions (Family Court, Juvenile Court, Civil Court, Small Claim Court Division) and its employees/successors*

**Respondent**

| | | |
|---|---|---|
| **Oklahoma Department of Human Services** <br> *(OKDHS) and its divisions and its employees/successors* | represented by | **John K.F. Langford** <br> John Langford <br> Oklahoma Department of Human Services <br> P.O. Box 25352 <br> Oklahoma City, OK 73125−0000 <br> 405−521−3638 <br> Email: john.langford@okdhs.org <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* |

**Respondent**

| | | |
|---|---|---|
| **Oklahoma Child Support Services** <br> *(CSS)* | represented by | **John K.F. Langford** <br> (See above for address) <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* |

**Respondent**

| | | |
|---|---|---|
| **Oklahoma Sheriffs' Association** | represented by | **Sharon K. Parker** <br> JPM Law, PLLC <br> 401 S. Boston Ave. |

Ste. 2000
Tulsa, OK 74103
918–938–7944
Fax: 918–938–7966
Email: sparker@jpmlawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**Oklahoma Attorney General Office**
*(OAG)*

**Respondent**

**Oklahoma Secretary of State**
*(SOS)*

**Respondent**

**Oklahoma State Governor's Office**

**Respondent**

| | | |
|---|---|---|
| **David L. Moss Justice Center/Tulsa County Jail** | represented by | **James Dashiell Dunn** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Respondent**

**Does**
*#1–99 known but unidentified STATE OF
OKLAHOMA's employees*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/06/2025 | 1 | CIVIL COVER SHEET by Linh Tran Stephens (cjb, Dpty Clk) (Entered: 06/10/2025) |
| 06/06/2025 | 2 | PETITION for Writ of Habeas Corpus – 2254 by Linh Tran Stephens (With attachments) (cjb, Dpty Clk) (Entered: 06/10/2025) |
| 06/06/2025 | 3 | MOTION to obtain electronic case filing rights for non–attorneys by Linh Tran Stephens (cjb, Dpty Clk) (Entered: 06/10/2025) |
| 06/06/2025 | 4 | MOTION to obtain electronic case filing rights for non–attorneys by Linh Tran Stephens (cjb, Dpty Clk) (Entered: 06/10/2025) |
| 06/06/2025 | 5 | FILING FEES Paid in Full by Linh Tran Stephens (cjb, Dpty Clk) (Entered: 06/10/2025) |
| 07/07/2025 | 6 | SUMMONS Issued by Court Clerk as to Jeffrey Cartmell, David L. Moss Justice Center/Tulsa County Jail, Gentner Drummond, Kim Hall, Deborrah Ludi–Leitch, Oklahoma Attorney General Office, Oklahoma Child Support Services, Oklahoma Department of Human Services, Oklahoma Secretary of State, Oklahoma Sheriffs' Association, Oklahoma State Governor's Office, Loretta Radford, Vic Regalado, State |

| | | |
|---|---|---|
| | | of Oklahoma, John Kevin Stitt, Emmalene Stringer, Tulsa County District Court, Jacob R Williamson (dla, Dpty Clk) (Entered: 07/08/2025) |
| 08/01/2025 | 7 | ATTORNEY APPEARANCE by James Dashiell Dunn on behalf of David L. Moss Justice Center/Tulsa County Jail, Vic Regalado, Jacob R Williamson [Note: Attorney James Dashiell Dunn added to party David L. Moss Justice Center/Tulsa County Jail(pty:res), Attorney James Dashiell Dunn added to party Vic Regalado(pty:res), Attorney James Dashiell Dunn added to party Jacob R Williamson(pty:res).] (Dunn, James) (Entered: 08/01/2025) |
| 08/01/2025 | 8 | MOTION to Dismiss by David L. Moss Justice Center/Tulsa County Jail, Vic Regalado, Jacob R Williamson (Dunn, James) (Entered: 08/01/2025) |
| 08/05/2025 | 9 | ATTORNEY APPEARANCE by John K.F. Langford on behalf of Oklahoma Child Support Services, Oklahoma Department of Human Services [Note: Attorney John K.F. Langford added to party Oklahoma Child Support Services(pty:res), Attorney John K.F. Langford added to party Oklahoma Department of Human Services(pty:res).] (Langford, John) (Entered: 08/05/2025) |
| 08/05/2025 | 10 | MOTION to Dismiss for Failure to State a Claim , MOTION to Dismiss for Lack of Jurisdiction by Oklahoma Child Support Services, Oklahoma Department of Human Services (Langford, John) (Entered: 08/05/2025) |
| 08/07/2025 | 11 | DISCLOSURE STATEMENT by Vic Regalado (Dunn, James) (Entered: 08/07/2025) |
| 08/07/2025 | 12 | DISCLOSURE STATEMENT by Jacob R Williamson (Dunn, James) (Entered: 08/07/2025) |
| 08/22/2025 | 13 | ATTORNEY APPEARANCE by Sharon K Parker on behalf of Oklahoma Sheriffs' Association [Note: Attorney Sharon K Parker added to party Oklahoma Sheriffs' Association(pty:res).] (Parker, Sharon) (Entered: 08/22/2025) |
| 08/22/2025 | 14 | DISCLOSURE STATEMENT by Oklahoma Sheriffs' Association (Parker, Sharon) (Entered: 08/22/2025) |
| 08/22/2025 | 15 | MOTION to Dismiss by Oklahoma Sheriffs' Association (Parker, Sharon) (Entered: 08/22/2025) |
| 08/29/2025 | 16 | AFFIDAVIT/CERTIFICATE/PROOF/RETURN of Service by Linh Tran Stephens (atn, Dpty Clk) (Entered: 08/29/2025) |
| 09/02/2025 | 17 | NOTICE Regarding Second Service of Petition [Doc 2] (Re: 2 PETITION for Writ of Habeas Corpus – 2254 ) by Oklahoma Sheriffs' Association (Parker, Sharon) (Entered: 09/02/2025) |
| 01/21/2026 | 18 | ORDER by Judge Gregory K Frizzell ; dismissing/terminating case ; denying certificate of appealability; dismissing 2 Petition for Writ of Habeas Corpus (2241/2254); finding as moot 3 Motion for Miscellaneous Relief; finding as moot 4 Motion for Miscellaneous Relief; granting 8 Motion to Dismiss; granting 10 Motion to Dismiss for Failure to State a Claim; granting 10 Motion to Dismiss for Lack of Jurisdiction; granting 15 Motion to Dismiss (kjp, Dpty Clk) (Entered: 01/21/2026) |
| 01/21/2026 | 19 | JUDGMENT by Judge Gregory K Frizzell *of Dismissal*, entering judgment in favor of Defendants against Plaintiff (terminates case) (kjp, Dpty Clk) (Entered: 01/21/2026) |
| 01/21/2026 | | ***Civil Case Terminated (see document number 19 ) (mm, Dpty Clk) (Entered: 01/22/2026) |

| 03/09/2026 | 20 | MAIL to Linh Tran Stephens Returned – address has been changed to address unknown. (Re: 19 Judgment, Entering Judgment ) (mm, Dpty Clk) (Entered: 03/10/2026) |
|---|---|---|
| 04/09/2026 | 21 | NOTICE OF APPEAL to Circuit Court (Re: 18 Order,, Dismissing/Terminating Case,, Denying Certificate of Appealability,, Ruling on Petition for Writ of Habeas Corpus (2241/2254),, Ruling on Motion for Miscellaneous Relief,,,, Ruling on Motion to Dismiss,, Ruling on Motion to Dismiss for Failure to State a Claim,, Ruling on Motion to Dismiss for Lack of Jurisdiction,,, 19 Judgment, Entering Judgment ) by Linh Tran Stephens (cjm, Dpty Clk) (Entered: 04/10/2026) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

---

**Linh Tran Stephens,**
a natural living woman, sui juris,
Plaintiff-Appellant,

**v.**

**STATE OF OKLAHOMA, et al.,**
Defendants-Appellees.

---

**Lower Court Case No.: 4:25-cv-00285-GKF-MTS & 4:25-cv-00286-CVE-MTS
U.S. District Court, Northern District of Oklahoma
Assigned Article III Judge: Sarah E. Hill**

---

**NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT AND COMBINED EMERGENCY**

**MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL**

**PURSUANT TO FED. R. APP. P. 4(a)(6) AND MOTION**

**FOR RELIEF FROM VOID JUDGMENT PURSUANT TO**

**FED. R. CIV. P. 60(b)(4) AND 60(d)(3) FOR**

**FRAUD UPON THE COURT**

**FILED BY:**
**Linh Tran Stephens / Agent, living woman**
c/o P.O. Box 80112
Charleston County, South Carolina [29416]
Email: linhstephens7@gmail.com
Telephone: 843-608-0294
**Plaintiff-Appellant, sui juris, appearing in propria persona**

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 1 of 26*

## TABLE OF CONTENTS

**I.** NOTICE OF INTENT TO APPEAL AND JURISDICTIONAL STATEMENT .............. 2

**II.** AFFIDAVIT — STATEMENT OF FACTS (First Person, Sworn) ............... 4

**III.** MOTION TO REOPEN TIME TO FILE NOA (FRAP 4(a)(6)) ................... 8

**IV.** MOTION FOR RELIEF FROM VOID JUDGMENT — FRCP 60(b)(4) & 60(d)(3) .. 10

**V.** LEGAL ARGUMENTS AND LANDMARK AUTHORITIES .................... 12

**VI.** PERMANENT JURISDICTIONAL AND SURETY OBJECTIONS ......... 18

**VII.** PREEMPTIVE DEFENSES AGAINST MOTION TO DISMISS ............ 19

**VIII.** DEMAND AND RELIEF SOUGHT ..................................... 22

**IX.** DEMAND FOR JURY TRIAL .............................................. 23

**X.** NOTARY SECTION (COMMON LAW) ................................... 24

**XI.** CERTIFICATE OF SERVICE ............................................ 25

## I. NOTICE OF INTENT TO APPEAL AND JURISDICTIONAL STATEMENT

PLEASE TAKE NOTICE that Linh Tran Stephens (lower case), Plaintiff-Appellant herein, a natural living woman, sui juris, one-and-only agent and beneficiary of LINH TRAN STEPHENS©®, hereby gives notice of appeal to the United States Court of Appeals for the Tenth Circuit from the final Judgment entered in the above-captioned case in the United States District Court for the Northern District of Oklahoma, in Case **4:25-cv-00285-GKF-MTS & 4:25-cv-00286-CVE-MTS**, including any and all orders, dismissals, rulings, and entries adverse to Plaintiff, including but not limited to the Judgment referenced in docket entry notation dated on or about March 9–10, 2026 (Re: Document 19, Judgment, Entering Judgment).

Jurisdiction of the Tenth Circuit Court of Appeals is conferred pursuant to:

• 28 U.S.C. § 1291 — Final decisions of district courts;

- 28 U.S.C. § 1292(a) — Interlocutory orders respecting injunctions;

- 28 U.S.C. § 1331 — Federal question jurisdiction;

- 28 U.S.C. § 1343 — Civil rights jurisdiction;

- 42 U.S.C. § 1983 — Deprivation of rights under color of law;

- 28 U.S.C. § 2241 — Habeas Corpus as to minor child G.L.S.;

- Fed. R. App. P. 3 and 4(a) — Notice of Appeal rules;

- Fed. R. App. P. 4(a)(6) — Motion to Reopen Time to File Notice of Appeal.

Plaintiff-Appellant is a free [nonblack] person and stateless citizen ("woman" of the "Union"), in accordance with the statements made by the Honorable Justice Miller in the Slaughter-House Cases, 83 US 36 (U.S. Supreme Court - 1873), and the Honorable Chief Justice Wallace in ELLEN R. VAN VALKENBURG v. ALBERT BROWN, 43 Cal. 43 (California Supreme Court - 1872). Linh Tran Stephens is not and has never been a U.S. citizen, as clearly delineated in 28 USC 1332(a)(1). The rights of Linh Tran Stephens the sentient being are derived from the Bill of Rights, not from the 14th Amendment. Linh Tran Stephens is neither a negro nor a descendant of such. Linh Tran Stephens would be considered a "people" in plural usage. Linh Tran Stephens' biological property is G.L.Stephens as her flesh and blood. Linh Tran Stephens was the indorser and representative on the two original notes executed with the SBA.

Meanwhile, LINH TRAN STEPHENS©® is a 14th Amendment US citizen in accordance with 8 USC 1401(a), deriving her standing from the privileges and immunities available in the 14th Amendment, and would be termed a "person" in plural usage. She was born on February 09th, 1984. She falls under the subheading of "individual" in the definition of the word "person" as described in 8 USC 1101(b)(3). The

legal structure of LINH TRAN STEPHENS©® is a sole proprietorship. Her EIN number is the "Social Security Number" that was used on these original notes, in accordance with 26 CFR 301.7701-11. LINH TRAN STEPHENS©® is, in terms of the Commercial Codes, the represented person/account holder/issuer of the original notes executed with the SBA.

## II. AFFIDAVIT — STATEMENT OF FACTS

### (First Person, Sworn, in Affidavit Form — Fed. R. Evid. 602 / 28 U.S.C. § 1746)

I, Linh Tran Stephens (lower case), a natural living woman breathing with a living soul and Holy Spirit, of sound mind and competent to testify, do hereby solemnly declare, affirm, and state under penalty of perjury under the laws of the United States of America that the following facts are true and correct to the best of my personal knowledge, information, and belief:

1. I, Linh Tran Stephens, am the Plaintiff-Appellant in this matter. I am a natural living woman, sui juris, exercising my inherent sovereign rights. I previously served as an active-duty officer in the U.S. Navy Medical Corps for five (5) years, followed by employment at Veterans Affairs and Indian Health Services at the Cherokee Nation until 2020. I am now a private civilian and have never waived my constitutionally protected rights.

2. On or about 06/06/2025 I filed writs of Habeas for myself and my female offspring **case No. 4:25-cv-00285-GKF-MTS & 4:25-cv-00286-CVE-MTS**. On approximately July 30, 2025, I filed my Second Amended Federal Claims (Document 19) in Case No. 4:25-cv-00322-SEH-JFJ before the United States District Court for the Northern District

of Oklahoma ("the lower court"), asserting 32 causes of action against 84 named Defendants for systemic, organized, and ongoing violations of my constitutional rights, civil rights, and those of my biological offspring (private property) G.L.Stephens, including but not limited to violations under 42 U.S.C. §§ 1983, 1985, 1986, ERISA, RICO (18 U.S.C. § 1962), ADA, and the Federal Tort Claims Act,

3. I have not received any emails nor mail except finally received electronic notification via email from the court's docketing system on **March 23, 2026** titled "4 New Docket Entries for Stephens v. State of Oklahoma (4:25-cv-00285)" from CourtListener but zero emails from PACER (**see Exhibit #1**), reading verbatim as follows: "**Mar 9, 2026 MAIL to Linh Tran Stephens Returned — address has been changed to address unknown. (Re: 19 Judgment, Entering Judgment) (mm, Dpty Clk) (Entered: 03/10/2026).**" This was the first and only notice I received regarding any judgment being entered against me. **See EXHIBIT #1.** As I clicked on the email I found out (see Exhibit #1) : **"ORDER by Judge Gregory K Frizzell ; dismissing/terminating case ; denying certificate of appealability; dismissing 2 Petition for Writ of Habeas Corpus (2241/2254); finding as moot 3 Motion for Miscellaneous Relief; finding as moot 4 Motion for Miscellaneous Relief; granting 8 Motion to Dismiss; granting 10 Motion to Dismiss for Failure to State a Claim; granting 10 Motion to Dismiss for Lack of Jurisdiction; granting 15 Motion to Dismiss (kjp, Dpty Clk) (Entered: 01/21/2026)"** and **"JUDGMENT by Judge Gregory K Frizzell of Dismissal, entering judgment in favor of Defendants against Plaintiff (terminates case) (kjp, Dpty Clk) (Entered: 01/21/2026)".** I went on to PACER website to look up related Habeas 4:25-cv-00286-CVE-MTS **and found out, similarly, "ORDER by Judge Claire V**

**Eagan - The petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. # 2) is dismissed without prejudice for lack of subject matter jurisdiction, and a certificate of appealability is denied. This is a final order terminating this action and a separate judgment of dismissal shall be entered herewith. Ms. Stephens's motion to obtain electronic case filing rights for non-attorneys (Dkt. # 4) and the motion to dismiss filed by respondent Oklahoma Department of Human Services (Dkt. # 7) are dismissed as moot. ; denying certificate of appealability; dismissing [2] Petition for Writ of Habeas Corpus (2241/2254); finding as moot [4] Motion for Miscellaneous Relief; finding as moot [7] Motion to Dismiss for Failure to State a Claim; finding as moot [7] Motion to Dismiss for Lack of Jurisdiction (RGG, Chambers).**

4. I declare under penalty of perjury that I never received the original mailed notice of any judgment from the lower court. The court's mail to me was returned marked "address unknown," (see docket files), yet I continue to receive mail from other senders, including commercial entities, at my known address. The lower court possessed my contact information, including my email address, which I provided in my filings, and yet no electronic notice was sent prior to the mail-returned event and the mentioned email above.

5. The return of my mail as "address unknown" was legally improper, as I have at all times maintained a known and serviceable address and contact information. My address is known through public records, my court filings, my website at www.linhstephens.com, and through the online evidence folder at https://tinyurl.com/4cdv5u56. The court's failure to effect proper notice constitutes a

denial of due process and deprived me of the opportunity to timely file a Notice of Appeal.

6. Had I received timely notice of the entry of judgment, I would have immediately filed this Notice of Appeal. My intent to appeal has been consistent and continuous throughout this litigation, as evidenced by my prior appellate filings, emergency motions, and the record on appeal to the Tenth Circuit in related Case No. 24-CV-216-JDR-CDL.

7. The lower court apparently dismissed my Second Amended Federal Claims without holding a jury trial, without affording me the procedural protections guaranteed under the Fifth and Fourteenth Amendments, and without providing me written findings of fact and conclusions of law sufficient for appellate review, in violation of Fed. R. Civ. P. 52(a) and my due process rights against private citizens on top of public servants, and as private citizens are not covered under the "immunity" clause!

8. The actions of the Defendants, including judicial actors acting in concert, constitute a fraud upon the court and a continuing enterprise designed to deprive me and my biological offspring (private property) G.L.Stephens of our fundamental constitutional rights, our liberty, our property, and our family association. The systematic return of court mail and denial of notice are part of this ongoing pattern and practice.

9. I make this declaration knowingly, willingly, and intentionally, with full knowledge that an unrebutted affidavit stands as truth in commerce, and that silence or non-response is tacit acquiescence. Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent. This Notice applies to all successors and assigns.

10. I am not a surety and I do not consent to your attempted body attachment warrant. I hereby reserve the right to amend this petition at any time as a matter of right and equity.

### III. MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL

### PURSUANT TO FED. R. APP. P. 4(a)(6) AND 28 U.S.C. § 2107(c)

Plaintiff-Appellant Linh Tran Stephens respectfully moves this Court and/or the lower court to reopen the time to file a Notice of Appeal pursuant to Fed. R. App. P. 4(a)(6), or in the alternative, to find this Notice timely filed because Plaintiff did not receive notice of the judgment within 21 days after its entry, as required by Fed. R. Civ. P. 77(d).

### A. Legal Standard — FRAP 4(a)(6)

Federal Rule of Appellate Procedure 4(a)(6) provides that the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, provided:

> (A) the court finds that the moving party did not receive notice under Fed. R. Civ. P. 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Rule 77(d) of the entry, whichever is earlier; and

> (C) the court finds that no party would be prejudiced.

See *Bowles v. Russell*, 551 U.S. 205 (2007); *Benavides v. Bureau of Prisons,* 79 F.3d 1211 (D.C. Cir. 1996);

**B. All Requirements of FRAP 4(a)(6) Are Met**

First: Plaintiff did not receive notice of the entry of judgment within 21 days after entry. The docket entry of March 10, 2026, expressly confirms that mail sent to Plaintiff was "Returned — address has been changed to address unknown." This is direct, documentary evidence that Plaintiff received no notice within 21 days of entry, satisfying FRAP 4(a)(6)(A). See Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988).

Second: This motion and Notice of Appeal are filed within 180 days of judgment entry, and within 14 days of Plaintiff's receipt of notice of the entry via the court's electronic notification system. This motion is therefore timely under FRAP 4(a)(6)(B).

Third: No Defendant would suffer any cognizable prejudice from the reopening of the time to appeal. Defendants are state actors who have enjoyed the benefit of an improperly noticed judgment. Equity and due process demand that Plaintiff be afforded the right to appeal. See Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993).

**C. Due Process Independently Requires Reopening**

Separately and independently, the Due Process Clause of the Fifth and Fourteenth Amendments requires that Plaintiff receive adequate notice before a judgment becomes final against her. The lower court's failure to provide notice via alternative means (email, CM/ECF, phone) after learning that mailed notice was returned constitutes a due process violation. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950); Jones v. Flowers, 547 U.S. 220 (2006). Where a party does not receive notice that mail was returned undeliverable, additional steps are constitutionally required. Jones v. Flowers, 547 U.S. 220 (2006). Westar Energy, Inc. v. Lake , 552 F.3d 1215 (10th Cir.

2009) — Tenth Circuit authority on notice requirements and reopening time to appeal Spitznas v. Boone , 464 F.3d 1213 (10th Cir. 2006) — Tenth Circuit on procedural requirements for appeals. *Robinson v. Wichita State University* required that courts must use available electronic means when physical mail fails! *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342 (10th Cir. 2000) — Tenth Circuit on narrow scope of void judgment under Rule 60(b)(4). *United States v. Buck*, 281 F.3d 1336 (10th Cir. 2002) — Tenth Circuit on fraud upon the court standard

*Dusenbery v. United States*, 534 U.S. 161 (2002) — SCOTUS on adequacy of notice; government must provide notice "reasonably calculated" to apprise interested parties

## IV. MOTION FOR RELIEF FROM VOID JUDGMENT

## FED. R. CIV. P. 60(b)(4) AND 60(d)(3) — FRAUD UPON THE COURT

In the alternative, and without waiving any position herein, Plaintiff-Appellant moves for relief from the judgment pursuant to Fed. R. Civ. P. 60(b)(4) (void judgment) and 60(d)(3) (fraud upon the court), which carry no time limitation.

### A. The Judgment Is Void — FRCP 60(b)(4)

A judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction or denied a party due process of law. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010); *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342 (10th Cir. 2000). Where the district court dismissed Plaintiff's claims without affording her notice, without a jury trial, and without written findings of fact and conclusions of law, the resulting judgment is void and must be vacated. *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220 (10th Cir. 1979) is a key federal appellate case holding that a judgment is void under

Federal Rule of Civil Procedure 60(b)(4) only if the court lacked jurisdiction over the subject matter or parties, or acted in a manner inconsistent with due process. A judgment is not void simply because it is erroneous.

Under the Tenth Circuit's established jurisprudence, a void judgment is a legal nullity that may be attacked at any time, in any proceeding. Orner v. Shalala, 30 F.3d 1307 (10th Cir. 1994); Basso v. Utah Power & Light Co., 495 F.2d 906, 910 (10th Cir. 1974) ("Jurisdiction can be challenged at ANY time").

Gschwind v. Cessna Aircraft Co. , 232 F.3d 1342 (10th Cir. 2000) — Tenth Circuit on narrow scope of void judgment under Rule 60(b)(4).

United States v. Buck , 281 F.3d 1336 (10th Cir. 2002) — Tenth Circuit on fraud upon the court standard

## B. Fraud Upon the Court — FRCP 60(d)(3)

Rule 60(d)(3) expressly preserves a court's power to "set aside a judgment for fraud on the court," subject to no time limitation. Chambers v. NASCO, Inc., 501 U.S. 32 (1991); Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). The systematic and coordinated pattern of conduct by Defendants, acting in concert with judicial officers, state agencies, and Bar card attorneys, as described in the Second Amended Federal Claims, constitutes a fraud upon the court vitiating the judgment. United States v. Throckmorton, 98 U.S. 61 (1878) ("Fraud vitiates everything it touches").

Plaintiff's Second Amended Federal Claims documented with particularity:

• Fabricated and false representations by DHS, CPS, and CSS agents to state and federal courts;

• Forgery of signatures and submission of materially false documents to courts;

• Coordination between judicial officers and opposing parties' attorneys;

• Illegal garnishment of ERISA-protected 401(k) retirement accounts;

• Revocation of Plaintiff's passport in violation of her fundamental right to travel;

• RICO enterprise conduct among judicial actors, bar card attorneys, and state agencies;

• Forced debtor's prison / contempt proceedings in violation of constitutional prohibitions.

## V. LEGAL ARGUMENTS, LANDMARK AUTHORITIES, AND CAUSES OF ACTION ON APPEAL

### A. Violation of Due Process (5th and 14th Amendments) — 42 U.S.C. § 1983

The lower court dismissed Plaintiff's claims without adequate process in violation of the Due Process Clause. SCOTUS: Mathews v. Eldridge, 424 U.S. 319 (1976) (balancing test for procedural due process); Fuentes v. Shevin, 407 U.S. 67 (1972); Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985). Tenth Circuit: Camuglia v. City of Albuquerque, 448 F.3d 1214 (10th Cir. 2006). USC: 42 U.S.C. § 1983; 28 U.S.C. § 1331; 18 U.S.C. § 242. Mathews v. Eldridge analysis should be explicitly applied to the facts — courts expect the three-factor balancing test to be applied, not just cited. Carey v. Piphus , 435 U.S. 247 (1978) — SCOTUS on damages for procedural due process violations under § 1983

**B. Void Judgment — Lack of Article III Jurisdiction**

The lower court's judgment was entered by or at the behest of non-Article III judges (special judges, magistrates) to whom Plaintiff made permanent objection. Plaintiff permanently and continuously objects to any special judges, magistrates, or alternatives/substitutes other than Article III constitutional judges. Constitutional authority: Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982); Stern v. Marshall, 564 U.S. 462 (2011); Wellness International Network, Ltd. v. Sharif, 575 U.S. 665 (2015). USC: 28 U.S.C. § 636; Art. III, U.S. Const.

**C. First Amendment Violations (Speech, Religion, Association) — 42 U.S.C. § 1983**

Defendants retaliated against Plaintiff for her constitutionally protected speech, religious beliefs, and associational rights as a medical professional, mother, and sovereign woman. SCOTUS: Snyder v. Phelps, 562 U.S. 443 (2011); Pickering v. Board of Education, 391 U.S. 563 (1968) (public employee speech on matters of public concern) or Connick v. Myers, 461 U.S. 138 (1983) for public entity "LINH TRAN STEPHENS"; NAACP v. Claiborne Hardware Co., 458 U.S. 886 (1982). USC: 42 U.S.C. § 1983; 18 U.S.C. § 241.

**D. ERISA Violations — Unlawful Garnishment of Retirement Accounts — 29 U.S.C. § 1056(d)**

State actors unlawfully garnished Plaintiff's ERISA-protected 401(k)/retirement accounts in violation of ERISA's anti-alienation provisions. SCOTUS: Guidry v. Sheet Metal Workers National Pension Fund, 493 U.S. 365 (1990); Patterson v. Shumate, 504 U.S. 753 (1992). Tenth Circuit: Cowen v. Board of Trustees of State Employees' Retirement System, 703 F.2d 1019 (7th Cir. 1983). USC: 29 U.S.C. § 1056(d); 26 U.S.C. §

401(a)(13). In re Youngblood, 29 F.3d 225 (5th Cir. 1994) for ERISA anti-alienation in the domestic relations context. *Boggs v. Boggs*, 520 U.S. 833 (1997) — SCOTUS on ERISA preemption of state domestic relations law. 1 *Kennedy v. Plan Administrator for DuPont Savings and Investment Plan*, 555 U.S. 285 (2009) — ERISA plan administrator obligations. *Egelhoff v. Egelhoff*, 532 U.S. 141 (2001) — ERISA preemption of state law affecting plan benefits

**E. Passport Revocation — Right to International Travel — 42 U.S.C. § 1983**

Defendants caused the revocation of Plaintiff's U.S. passport, unconstitutionally restricting her fundamental right to travel internationally. SCOTUS: Aptheker v. Secretary of State, 378 U.S. 500 (1964); Kent v. Dulles, 357 U.S. 116 (1958); Haig v. Agee, 453 U.S. 280 (1981). USC: 42 U.S.C. § 1983; 22 U.S.C. § 2714; 18 U.S.C. § 242.

**F. Civil RICO — 18 U.S.C. § 1962 — Pattern of Racketeering Activity**

Defendants constitute an enterprise engaging in a pattern of racketeering activity including mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), extortionate collection of child support (18 U.S.C. § 894), forgery, and deprivation of rights under color of law. SCOTUS: Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985); H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229 (1989); Boyle v. United States, 556 U.S. 938 (2009). USC: 18 U.S.C. §§ 1961-1968; 42 U.S.C. § 1983. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006) — SCOTUS on RICO proximate causation requirement. *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639 (2008) — RICO mail fraud predicate acts. *Tal v. Hogan*, 453 F.3d 1244 (10th Cir. 2006) — Tenth Circuit RICO case; critical for establishing what the Tenth Circuit requires for civil RICO pleading

**G. Monell Liability — 42 U.S.C. § 1983 — Unconstitutional Policies and Customs**

The State of Oklahoma and its agencies (OKDHS, CPS, CSS, OAH, Tulsa County District Court, OSBI) maintained official policies, customs, and practices that caused the constitutional violations alleged. Monell v. Department of Social Services, 436 U.S. 658 (1978); Pembaur v. City of Cincinnati, 475 U.S. 469 (1986); City of Canton v. Harris, 489 U.S. 378 (1989); Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397 (1997). Tenth Circuit: Bryson v. City of Oklahoma City, 627 F.3d 784 (10th Cir. 2010). USC: 42 U.S.C. § 1983; 28 U.S.C. § 1331; 28 U.S.C. § 1343.

**H. ADA Title II Violations — 42 U.S.C. § 12131 et seq.**

Defendants failed to accommodate Plaintiff's documented disabilities in judicial proceedings and administrative hearings, and failed to provide equal access to court services. SCOTUS: Tennessee v. Lane, 541 U.S. 509 (2004); United States v. Georgia, 546 U.S. 151 (2006). USC: 42 U.S.C. § 12131 et seq.; 29 U.S.C. § 794; 42 U.S.C. § 1983.

**I. Title IV-D Unconstitutional Federalization and Child Support Enforcement**

Defendants weaponized Title IV-D child support enforcement mechanisms as a revenue-generating and punitive enterprise, violating Plaintiff's due process and equal protection rights. The entire child support enforcement scheme as applied to Plaintiff was unconstitutional. Blessing v. Freestone, 520 U.S. 329 (1997) and Gonzaga University v. Doe, 536 U.S. 273 (2002).; Turner v. Rogers, 564 U.S. 431 (2011). USC: 42 U.S.C. §§ 651-669b; 42 U.S.C. § 1983; 15 U.S.C. § 1673. *Blessing v. Freestone*, 520 U.S. 329 (1997) — SCOTUS on whether Title IV-D creates individually enforceable rights (important to understand and distinguish). *Gonzaga University v. Doe*, 536 U.S.

273 (2002) — Limits on § 1983 enforcement of federal statutes. *Sorrell v. IMS Health Inc.*, 564 U.S. 552 (2011) — Content-based speech restrictions (if applicable to child support enforcement communications)

**J. Fraud Upon the Court / Void Judgments — 60(d)(3)**

Judicial officers, GAL Hale, DHS attorneys, and Defendants acted in concert to commit fraud upon the courts, rendering all judgments void and subject to vacatur at any time with no statute of limitations. SCOTUS: Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944); Chambers v. NASCO, Inc., 501 U.S. 32 (1991); United States v. Throckmorton, 98 U.S. 61 (1878). Tenth Circuit: Weese v. Schukman, 98 F.3d 542 (10th Cir. 1996).

**K. Conspiracy Against Rights — 42 U.S.C. § 1985 and 18 U.S.C. § 241**

Two or more Defendants conspired to deprive Plaintiff and her daughter of their constitutionally guaranteed rights. SCOTUS: Griffin v. Breckenridge, 403 U.S. 88 (1971) and United Brotherhood of Carpenters v. Scott, 463 U.S. 825 (1983) both are the primary authorities and explicitly allege racial/gender-based animus to satisfy Scott's requirements. USC: 42 U.S.C. § 1985; 18 U.S.C. § 241.

**L. Habeas Corpus — Unlawful Detention of Minor Child G.L.S. — 28 U.S.C. § 2241**

Plaintiff's biological offspring (private property) G.L.Stephens, as Plaintiff's biological property and flesh-and-blood offspring, is being unlawfully detained by state actors without constitutionally adequate process. SCOTUS: Troxel v. Granville, 530 U.S. 57 (2000) (fundamental right of parents to direct upbringing of children); Santosky v. Kramer, 455 U.S. 745 (1982) (heightened standard for parental rights termination); Stanley v. Illinois, 405 U.S. 645 (1972). USC: 28 U.S.C. § 2241; 42 U.S.C. § 1983.

*Meyer v. Nebraska*, 262 U.S. 390 (1923) — Foundational substantive due process for family rights. *Pierce v. Society of Sisters*, 268 U.S. 510 (1925) — Parental right to direct upbringing. *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996) — SCOTUS on due process in parental rights termination proceedings; state cannot deny appeal due to inability to pay transcript costs. *Lassiter v. Department of Social Services*, 452 U.S. 18 (1981) — Due process in parental rights proceedings.

**M. Equal Protection Violations — 14th Amendment / 42 U.S.C. § 1983**

Plaintiff, as a woman of Vietnamese heritage and a medical professional, was subjected to discriminatory treatment by state actors operating with racial, gender, and retaliatory animus. SCOTUS: Washington v. Davis, 426 U.S. 229 (1976); Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252 (1977); Personnel Administrator of Massachusetts v. Feeney, 442 U.S. 256 (1979) with Yick Wo v. Hopkins, 118 U.S. 356 (1886) (discriminatory application of facially neutral law against Chinese immigrants — directly analogous to racial animus against a Vietnamese-American plaintiff). USC: 42 U.S.C. § 1983; 42 U.S.C. § 1981.

*Yick Wo v. Hopkins*, 118 U.S. 356 (1886) — Landmark case directly applicable,

**N. False Claims Act Violations — 31 U.S.C. § 3729 et seq.**

Defendants made false certifications and claims to the federal government in connection with Title IV-D funding, child welfare funding, and other federal programs. SCOTUS: Universal Health Services v. United States ex rel. Escobar, 579 U.S. 176 (2016). USC: 31 U.S.C. §§ 3729-3733.

**O. Violations of Official Oaths of Office — Breach of Fiduciary Duty**

All named judicial officers, government employees, and BAR card attorneys took oaths to support and defend the Constitution and breached those oaths in their conduct toward Plaintiff. SCOTUS: Cooper v. Aaron, 358 U.S. 1 (1958) (supremacy of federal constitutional law over state officials); Ex parte Young, 209 U.S. 123 (1908). USC: 5 U.S.C. § 7311; 18 U.S.C. § 1918; Art. VI, U.S. Const.

**P. Civil Rule 11 Sanctions — Fed. R. Civ. P. 11**

Plaintiff hereby places all Defendants, their counsel, and any Bar card attorneys upon notice that she reserves and hereby asserts the right to seek sanctions under Fed. R. Civ. P. 11(c) for filing of pleadings, motions, and papers lacking evidentiary support, not warranted by existing law, and advanced for improper purposes including harassment and delay. Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533 (1991); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990). USC: 28 U.S.C. § 1927; Fed. R. Civ. P. 11.

## VI. PERMANENT JURISDICTIONAL AND SURETY OBJECTIONS

– Plaintiff Linh Tran Stephens hereby makes PERMANENT AND CONTINUOUS OBJECTION to any special judges, magistrates, and any alternatives or substitutes other than Article III constitutional judges, using common law and constitutional law. This objection is perpetual and applies in all proceedings in this matter.

– I AM NOT A SURETY AND I DO NOT CONSENT TO YOUR ATTEMPTED BODY ATTACHMENT WARRANT. Any and all such warrants must be immediately and permanently revoked.

– I do not consent to state courts' proceedings. All courts' offers are not accepted. I demand the bond be immediately brought forward so I may inspect who will indemnify me if damaged. I demand a written indictment and trial by jury of my peers.

– I reserve the right to amend this petition at any time as a matter of common law right, equity, and natural justice. Plaintiff's reservation of rights under UCC § 1-308 is expressly preserved.

## VII. PREEMPTIVE DEFENSES AGAINST ANTICIPATED MOTIONS TO DISMISS

### A. Against Dismissal for Lack of Standing

Plaintiff has standing as a natural living woman, a mother whose parental rights were violated, a licensed medical professional whose license was targeted, and a citizen whose constitutional rights were directly infringed. Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) (injury in fact, causation, redressability all present). Plaintiff's injuries are concrete, particularized, actual, and ongoing.

### B. Against Dismissal Under Rooker-Feldman Doctrine

The Rooker-Feldman doctrine does not bar Plaintiff's claims because Plaintiff is not seeking to overturn a state court judgment; rather, she alleges independent constitutional violations by state actors that occurred before, during, and after state court proceedings. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005); Skinner v. Switzer, 562 U.S. 521 (2011); Lance v. Dennis, 546 U.S. 459 (2006). The lower court's virtual abandonment of its "virtually unflagging" obligation to exercise jurisdiction was itself an error of constitutional dimension.

### C. Against Dismissal Under Younger Abstention

Younger abstention does not apply because: (1) the harm is irreparable; (2) the state proceedings were not pending at the time of filing; (3) the state court is itself a party and cannot provide an adequate forum; and (4) the bad-faith exception applies given the documented fraud upon state courts. Younger v. Harris, 401 U.S. 37 (1971); Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013); Huffman v. Pursue, Ltd., 420 U.S. 592 (1975); Mitchum v. Foster, 407 U.S. 225 (1972) (§ 1983 is an express exception to the Anti-Injunction Act).

## D. Against Absolute Judicial Immunity Defense

Judicial immunity does not apply when a judge acts in the complete absence of jurisdiction, when the judge acts as a co-conspirator in a RICO enterprise, and when the judge commits fraud upon the court. Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349 (1978). Non-judicial acts by judicial officers are not immune. Forrester v. White, 484 U.S. 219 (1988). Criminal conduct is never immune.

## E. Against Qualified Immunity for Individual Defendants

Qualified immunity does not protect officials who violate clearly established constitutional rights. Pearson v. Callahan, 555 U.S. 223 (2009); Hope v. Pelzer, 536 U.S. 730 (2002). The constitutional rights violated by Defendants were clearly established at all relevant times, and any reasonable official would have known their conduct was unlawful. Harlow v. Fitzgerald, 457 U.S. 800 (1982); Saucier v. Katz, 533 U.S. 194 (2001).

## F. Against Eleventh Amendment Immunity

The Eleventh Amendment does not bar: (1) prospective injunctive relief under the Ex parte Young doctrine; (2) federal claims under 42 U.S.C. § 1983 against individual state

actors in their personal capacity; and (3) claims where the State has waived immunity. Ex parte Young, 209 U.S. 123 (1908); Will v. Michigan Department of State Police, 491 U.S. 58 (1989); Seminole Tribe v. Florida, 517 U.S. 44 (1996).

## G. Against Res Judicata / Collateral Estoppel

Res judicata does not apply to void judgments, judgments obtained by fraud upon the court, or where there was no full and fair opportunity to litigate due to the constitutional violations alleged. Kremer v. Chemical Construction Corp., 456 U.S. 461 (1982); Allen v. McCurry, 449 U.S. 90 (1980). Fraud vitiates all. U.S. v. Throckmorton, 98 U.S. 61 (1878).

## H. Against Failure to State a Claim (FRCP 12(b)(6))

Plaintiff's Second Amended Federal Claims, 112 pages in length with 32 causes of action and comprehensive factual allegations, more than satisfies the pleading standard under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pro se pleadings are to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972); Erickson v. Pardus, 551 U.S. 89 (2007).

## I. Against Exhaustion Arguments

Plaintiff exhausted all available administrative remedies: she submitted a Notice of Tort Claim to the State of Oklahoma on September 24, 2024, which was denied as of December 17, 2024 (Claim No. 2520034513), and more than 180 days have passed without resolution. No further administrative exhaustion is required for § 1983 claims. Patsy v. Board of Regents, 457 U.S. 496 (1982).

## J. Against Statute of Limitations Arguments

Fraud upon the court carries no statute of limitations. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). § 1983 claims accrue upon discovery of the injury. Rotella v. Wood, 528 U.S. 549 (2000). Continuing violations doctrine extends the limitations period for ongoing civil rights violations. National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002).

## VIII. DEMAND AND RELIEF SOUGHT

WHEREFORE, Plaintiff-Appellant Linh Tran Stephens, a natural living woman, sui juris, respectfully demands:

1. That this Honorable Court of Appeals accept jurisdiction over this appeal;

2. That this Court reopen the time to file this Notice of Appeal under FRAP 4(a)(6), or in the alternative, find this Notice timely filed;

3. That this Court vacate and reverse the lower court's judgment as void and obtained in violation of due process and by fraud upon the court;

4. That this Court remand with instructions to: (a) assign this matter exclusively to an Article III constitutional judge; (b) provide Plaintiff full opportunity to conduct discovery, present evidence, and try her case before a jury of her peers; (c) restore all stayed proceedings;

5. That this Court issue an emergency injunction restoring Plaintiff's rights and those of her biological offspring (private property) G.L.Stephens, including immediate reunification;

6. That this Court order the reinstatement of Plaintiff's passport and right to international travel;

7. That this Court order the immediate cessation of any and all unlawful garnishments of Plaintiff's ERISA-protected retirement accounts;

8. That this Court award Plaintiff compensatory and punitive damages against all Defendants in the millions of dollars as proven at trial;

9. That this Court award attorney fees and costs pursuant to 42 U.S.C. § 1988;

10. That this Court order civil RICO treble damages pursuant to 18 U.S.C. § 1964(c);

11. Any and all such other and further relief as this Court deems just, proper, and equitable.

THIS SUPERIOR COURT IS HEREBY DEMANDED TO PROVIDE WRITTEN STATEMENTS OF FACT AND CONCLUSIONS OF LAW, RATHER THAN ANY ABUSIVE DISCRETION, FOR APPEAL PURPOSES, IF JUSTICE, TRUTH, AND THE CONSTITUTION OF THE UNITED STATES OF AMERICA IS NOT REVERED IN THIS COURT.

## IX. DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment of the United States Constitution and Fed. R. Civ. P. 38, Plaintiff-Appellant Linh Tran Stephens hereby DEMANDS A TRIAL BY JURY of her peers on all issues so triable. This demand is preserved at every level of these proceedings and on remand.

## AVOUCHMENT AND VERIFICATION

I, Linh Tran Stephens (lower case), a natural living woman, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746,

that the foregoing is true and correct to the best of my personal knowledge, information, and belief. This document is presented in good faith, with clean hands, and in full equity.

Respectfully submitted on this 9th day of April, 2026,

*Nemo me impune lacessit pursuant to Psalm 105:15 + Isaiah 54:17*
PRIVATE; THIS IS NOT A PUBLIC COMMUNICATION
Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent, Notice applies to all successors and assigns; Affidavit is a Form of Evidence; Unrebutted Affidavit Stands as Truth in Commerce; **Silence is Tacit Acquiescence/Agreement/Dishonor**;
*This communication is in no way forming a contract nor requesting any contracting; it is simply a notice regarding the matters at hand. This communication is not intended to nor does it create nor confirm any professional-client relationship or any type of relationship between us;*

Private sector autograph;
**WITHOUT RECOURSE**

*without prejudice*
*linh-tran: stephens/Agent*

By one–and-only beneficiary:
All Rights Reserved None Waived, **Without Prejudice *UCC 1-308 & 1-103***,
**Non-Assumpsit**, one-and-only Grantor & Authorized Agent & Beneficiary
for LINH TRAN STEPHENS©® ens legis and all its derivatives thereof including Cestui Que Trust a.k.a. "Fide Commissary Trust",
sui juris, Ambassador of Messiah Yahusha, Heir of the Creator,
my heir/offspring is G.L.Stephens,
A natural living woman breathing with a living soul and the Holy Spirit,
natural people with hands legs, Alive-on-the-land, Plenary mind body soul/spirit, unlimited, non-incorporated, non-sole-proprietor,
**stateless** "**freeman of the Union**" per Honorable Mr. Justice MILLER on April 14th, 1983, in the Slaughter-House cases, 83 US 36 (a SCOTUS case specifically mentioned in 8 FAM 102.3),
full capacity and competency with postgraduate level of education,
living on the land of the republic, with God-given rights pursuant to Bills of Rights,
NOT a "pro se"/"person"/"pauper"/"indigent"/"slave"/"public servant"/"government employee"/"ward of State"/"U.S. citizen"/"minor" in your dictionary;
i reject your 12 legal presumptions, other presumptions/assumptions/double-speaking/implied or undisclosed contracts;
Article IV Section 2 Citizens of each State shall be entitled to all Privileges & Immunities of Citizens in several States;
**Rural Free Delivery, Non-Domestic 00000,**
℅ PO Box 80112,
Charleston, South Carolina [zip exempt but near 29416] without U.S.D.C.

Email: LinhStephens7@gmail.com

*Tel:* 843-608-0294

## XI. NOTARY SECTION — COMMON LAW ACKNOWLEDGMENT

state of Minnesota          )
                            ) *ss*
countyof Sherburne          )

Before me electronically/virtually, the undersigned Notary Public, duly commissioned and sworn in and for the State of South Carolina, County of Charleston, personally appeared Linh Tran Stephens, known to me to be the natural living woman described in and who executed the foregoing instrument, and she duly acknowledged to me that she executed the same as her free and voluntary act and deed for the uses and purposes therein set forth, under common law jurisdiction, without adhesion to any statutory or administrative form.

Subscribed and sworn before me this 9th day of April, 2026.



Signature of Notary/Jurat

> MELISSA K VAGLE
> Notary Public
> State of Minnesota
> My Commission Expires
> January 31, 2028

Notary Public's Commission Expires: 01/31/2028

## X. CERTIFICATE OF SERVICE

I, Linh Tran Stephens, hereby certify that on the date of filing, I caused a true and correct copy of the foregoing Notice of Appeal and Combined Motions to be served

upon the following Defendants and/or their known counsel of record via the Court's CM/ECF electronic filing system:

1. STATE OF OKLAHOMA — c/o Office of the Attorney General of Oklahoma Gentner Drummond, Oklahoma Attorney General 313 N.E. 21st Street, Oklahoma City, OK 73105

2. OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS) Jeffrey Cartmell, Executive Director 2400 N. Lincoln Blvd., Oklahoma City, OK 73105

3. TULSA COUNTY DISTRICT COURT c/o Kacharra Mansker, Court Clerk 500 S. Denver Ave., Tulsa, OK 74103

4. OKLAHOMA BAR ASSOCIATION c/o Gina Hendryx, General Counsel 1901 N. Lincoln Blvd., Oklahoma City, OK 73105

5. Stephen E. Hale / THE LAW OFFICE OF STEPHEN E. HALE [Last known address — public records search via BeenVerified: 6701 S. Western Ave., Oklahoma City, OK 73139 — verify and update]

6. Gilbert J. Pilkington, Jr. / PILKINGTON LAW FIRM, PLLC [Last known address — public records search: 525 S. Main St., Ste. 920, Tulsa, OK 74103 — verify and update]

7. Emmalene Stringer, DHS CSS State's Attorney c/o OKDHS Legal Services, 2400 N. Lincoln Blvd., Oklahoma City, OK 73105

8. Charles Schwab and Co., Inc. CT Corporation System (Registered Agent), 1833 S. Morgan Rd., Oklahoma City, OK 73128

9. All remaining named Defendants — c/o Oklahoma Attorney General's Office, 313 N.E. 21st Street, Oklahoma City, OK 73105

NOTE: Plaintiff has conducted public records searches via BeenVerified and other public data sources to locate Defendant addresses to the best of her ability. Plaintiff requests that the Court's CM/ECF system serve all registered counsel of record electronically.

WITHOUT RECOURSE.

*without prejudice*
*linh-tran: stephens/Agent*

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 26 of 26*

 Gmail

L S <linhstephens7@gmail.com>

---

## 4 New Docket Entries for Stephens v. State of Oklahoma (4:25-cv-00285)
2 messages

---

**CourtListener Alerts** <alerts@courtlistener.com>        Mon, Mar 23, 2026 at 3:16 PM
To: linhstephens7@gmail.com

# CourtListener Docket Alert

## 4 New Entries in Stephens v. State of Oklahoma (4:25-cv-00285)

District Court, N.D. Oklahoma

View Docket on CourtListener

| Document Number | Date Filed | Description | Download PDF |
|---|---|---|---|
| 18 | Jan 21, 2026 | ORDER by Judge Gregory K Frizzell ; dismissing/terminating case ; denying certificate of appealability; dismissing 2 Petition for Writ of Habeas Corpus (2241/2254); finding as moot 3 Motion for Miscellaneous Relief; finding as moot 4 Motion for Miscellaneous Relief; granting 8 Motion to Dismiss; granting 10 Motion to Dismiss for Failure to State a Claim; granting 10 Motion to Dismiss for Lack of Jurisdiction; granting 15 Motion to Dismiss (kjp, Dpty Clk) (Entered: 01/21/2026) | From RECAP with PACER fallback |
| 19 | Jan 21, 2026 | JUDGMENT by Judge Gregory K Frizzell of Dismissal, entering judgment in favor of Defendants against Plaintiff (terminates case) (kjp, Dpty Clk) (Entered: 01/21/2026) | From RECAP with PACER fallback |
| None | Jan 21, 2026 | ***Civil Case Terminated (see document number 19 ) (mm, Dpty Clk) | |
| 20 | Mar 9, 2026 | MAIL to Linh Tran Stephens Returned - address has been changed to address unknown. (Re: 19 Judgment, Entering Judgment ) (mm, Dpty Clk) (Entered: 03/10/2026) | From RECAP with PACER fallback |

Use notes and tags to organize and share the cases you follow. Learn more

This alert was sent because you subscribed to this docket with your account on CourtListener.com. To disable this alert unsubscribe here.

📢 **The Wait is Over!** You can now get alerts for **keywords** in the RECAP Archive. Set daily or real-time email alerts when PACER cases or filings match your saved search. Follow topics, people, organizations, and more. Learn more here!

**This alert brought to you by the non-profit Free Law Project. Please donate to support our work.**

---

**Linh Stephens** <linhstephens7@gmail.com>                    Mon, Mar 23, 2026 at 3:42 PM
To: Shana Breazeale <breazealese001@gmail.com>, Jessica Cahoon <jcahoon123@gmail.com>, Wade & Stephanie Reeves <Waderyanreeves@gmail.com>
Bcc: LinhStephens7@gmail.com


V/R,

Linh S.


Begin forwarded message:

**From:** CourtListener Alerts <alerts@courtlistener.com>
**Date:** March 23, 2026 at 15:16:23 CDT
**To:** linhstephens7@gmail.com
**Subject: 4 New Docket Entries for Stephens v. State of Oklahoma (4:25-cv-00285)**


[Quoted text hidden]

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LINH TRAN STEPHENS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **Case No. 25-CV-0285-GKF-MTS** |
| | ) | |
| **STATE OF OKLAHOMA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

### JUDGMENT OF DISMISSAL

In an order filed contemporaneously herewith, the Court dismissed without prejudice Petitioner Linh Tran Stephens's petition for a writ of habeas corpus under 28 U.S.C. § 2254, in part for lack of subject matter jurisdiction and in part for failure to comply with Federal Rule of Civil Procedure 8(a).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that this judgment of dismissal is entered in favor of Defendants and against Plaintiff.

**DATED** 21st day of January, 2026.

Gregory K. Frizzell
United States District Court

FILED
Jan 21 2026
Heidi D. Campbell, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LINH TRAN STEPHENS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-CV-0285-GKF-MTS** |
| | ) | |
| **STATE OF OKLAHOMA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## <u>ORDER</u>

Petitioner Linh Tran Stephens, a self-represented litigant, petitions for a writ of habeas corpus under 28 U.S.C. § 2254 but also seeks relief under 42 U.S.C. § 1983 for alleged violations of her federal rights by various state and local officials.   Dkt. 2.   Ms. Stephens describes this civil action as an "emergency petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, combined with an emergency motion for a permanent restraining order and preliminary injunction, and a complaint for declaratory and injunctive relief under 42 U.S.C. § 1983."   *Id.* at 20.[1]   This matter is before the Court on the following motions:   Ms. Stephens's motions seeking leave to obtain electronic case filing rights for non-attorneys (Dkts. 3, 4); a motion to dismiss by Defendants David L. Moss Correctional Center, Sheriff Vic Regalado and Deputy Sheriff Jacob Williamson (collectively, "TCSO Defendants") (Dkt. 8); a motion to dismiss by Defendants Oklahoma Department of Human Services and Oklahoma Child Support Services (collectively "OKDHS Defendants") (Dkt. 10); and a motion to dismiss by Defendant Oklahoma Sheriffs' Association (Dkt. 15).   Ms. Stephens did not respond to the motions to dismiss, and the time to so do has

---

[1] The Court's citations refer to the CM/ECF header pagination.

expired.[2]    For two reasons, the Court grants the motions to dismiss and dismisses Ms. Stephens's

hybrid habeas petition/civil complaint and this civil action.    Based on the dismissal, the Court

dismisses as moot Ms. Stephens's motions for leave to obtain electronic case filing rights for non-

attorneys.

**I.        This Court lacks subject matter jurisdiction under 28 U.S.C. § 2254.**

First, to the extent Ms. Stephens invokes federal habeas jurisdiction and seeks a petition

for writ of habeas corpus, under 28 U.S.C. § 2254,[3] the Court agrees with TCSO Defendants and

OKDHS Defendants that this action must be dismissed for lack of subject matter jurisdiction

because Ms. Stephens has not alleged sufficient facts showing that she is "in custody" pursuant to

a state court judgment.    Dkt. 8 at 2-3; Dkt. 10 at 24-26.

Federal courts are empowered to grant a writ of habeas corpus to a "prisoner" if, among

other reasons, she is "in custody in violation of the Constitution or laws or treaties of the United

States."    28 U.S.C. § 2241(c)(3); *see* 28 U.S.C. § 2254(a) (specifically providing federal courts

authority to consider habeas petitions filed by state prisoners who allege they are "in custody in

violation of the Constitution or laws or treaties of the United States").

---

[2] Because Ms. Stephens appears without counsel, the Court liberally construes her filings. *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).    This rule of liberal construction "means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements."    *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] Ms. Stephens alleges this Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1343, 1651, and 2254.    Dkt. 2 at 22.

Ms. Stephens purports to seek a writ of habeas corpus to challenge her "custody" under a judgment entered against her in Tulsa County District Court Case No. FD-2015-2228, a domestic proceeding, and alleges she was sentenced to a six-month term of imprisonment, on May 8, 2025, "for alleged child support debt." Dkt. 2 at 2, 16. She also alleges she was "unlawfully detained and incarcerated for 60 days from February to April 2024" and that she relocated to South Carolina after her release from that period of incarceration. *Id.* at 34; *see also* Dkt. 2-1 at 33 (release order dated March 26, 2024, showing Ms. Stephens was released on "time served" for a charge of indirect contempt). Relevant to the May 2025 sentence, Ms. Stephens alleges "Judge Radford issued a default bench ruling against [Ms. Stephens] based solely on [Ms. Stephens's] inability to pay $350 in jury trial fees" and subsequently "issued a default bench conviction with a six-month jail sentence." *Id.* at 36-37. Ms. Stephens further alleges that, in June 2025 when she filed this civil action, she "face[d] imminent arrest and imprisonment for six months based on this void default judgment, which was rendered without jurisdiction, in violation of due process, and in contravention of [her] clearly established constitutional rights." *Id.* at 38. Ms. Stephens asserts she "is not currently in physical custody" but she should be deemed in custody because ""[t]he default judgment sentencing [her] to six months imprisonment and the imminent threat of arrest constitute significant restraints on liberty sufficient to invoke habeas jurisdiction." *Id.* at 43. In her request for relief, she asks this Court to "issue a writ of habeas corpus for [her] immediate release from the imminent six-month imprisonment for alleged child support debt; recall all warrants [and issue a] permanent restraining order enjoining Defendants from executing arrest

3

warrant against [her] or contempt hearings or any other relief to which petitioner may be entitled." *Id.* at 16.

Even a self-represented litigant must allege sufficient facts to establish the existence of federal jurisdiction. *See Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1201 (10th Cir. 2012) (noting that the party invoking federal jurisdiction bears the burden to identify the basis of court's jurisdiction). Ms. Stephens has not alleged any facts showing she is "in custody" for purposes of invoking federal habeas jurisdiction. *See, e.g.*, *Hensley v. Mun. Ct.*, 411 U.S. 345, 351 (1973) ("Since habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality and federalism, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate."). Instead, Ms. Stephens's allegations refer to detention for a sixty-day term she has already served and a potential future six-month detention she speculates might result from a bench warrant that might be executed should she travel to Oklahoma from her current residence in South Carolina. Dkt. 2 at 1, 43-45. Her allegations do not show that this is a case of special urgency or that the alleged restraints on her liberty are either severe or immediate. Because Ms. Stephens's allegations, accepted as true, do not show she is

4

"in custody" for purposes of invoking federal habeas jurisdiction, the Court concludes that this action shall be dismissed, in part, for lack of subject matter jurisdiction.[4]

## II.   Ms. Stephens's hybrid habeas petition/civil complaint is a deficient pleading.

Second, to the extent Ms. Stephens seeks relief under § 1983, she has sufficiently alleged jurisdiction under 28 U.S.C. § 1331 and 1343, but she has not properly commenced this civil action by filing a hybrid habeas petition/civil complaint.   A habeas proceeding under § 2254 is a special proceeding wherein a person in state custody can file a petition in federal court to challenge the lawfulness of her custody upon payment of a minimal ($5) filing fee.   In contrast, a civil action under § 1983 is a civil proceeding wherein any citizen can file a civil complaint in federal court to seek relief for alleged violations of her federal rights by state and local officials upon payment of more substantial ($405) filing and administrative fees.[5]

Even disregarding the improper attempt to combine two distinct types of civil actions in one pleading, the Court agrees with the moving defendants that Ms. Stephens's pleading does not comply with Federal Rule of Civil Procedure 8.   Dkt. 8 at 4-5; Dkt. 10 at 10-13; Dkt. 15 at 2, 5-

---

[4] To the extent this order could be considered a final adverse order entered against Ms. Stephens in a habeas proceeding, the Court declines to issue a certificate of appealability under 28 U.S.C. § 2253 because the lack of subject matter jurisdiction constitutes a plain procedural bar. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   Further, even if the Court could reasonably construe Ms. Stephens's hybrid habeas petition/civil complaint as alleging sufficient facts to support federal habeas jurisdiction (which the Court does not), the Court would dismiss the pleading because, as discussed next, Ms. Stephens's attempt to bring a combined habeas action and civil rights action is improper and her pleading does not comply with Federal Rule of Civil Procedure 8.

[5] Ms. Stephens paid only the $5 filing fee necessary to commence a federal habeas action. Dkt. 5.

5

6.    Rule 8 establishes basic but important requirements for a pleading filed in federal court. Specifically, a pleading "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a); *see Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) ("Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."). Though Ms. Stephens appears without counsel, she is subject to Rule 8(a)'s pleading requirements. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) ("Although we construe Green's pleadings liberally because he is a pro se litigant, he nevertheless must follow the same rules of procedure that govern other litigants."); LCvR17-1(d) ("A pro se party is required to comply with all applicable local rules and all applicable federal rules.").

Ms. Stephens's seventy-two-page hybrid habeas petition/civil complaint purports to assert multiple claims against multiple individual state officials, employees, or entities who allegedly caused her some kind of harm during what appears to be an ongoing domestic proceeding in state court. Dkt. 2 at 1, 17-18, 25-34. Ms. Stephens asserts that she "seeks emergency intervention from this Court to prevent her imminent arrest and unlawful imprisonment under a void order issued without jurisdiction, in violation of due process, and in contravention of clearly established constitutional protections." *Id.* at 21. She then identifies eleven claims, the first of which purports to seek federal habeas relief, the remainder of which alleged constitutional violations, all of which she asserts against "all defendants," and most of which fail to identify specific actions or

6

omissions of particular defendants.  *Id.* at 19-20, 43-66.  For example, Ms. Stephens describes her second claim as one alleging a violation of her Fourteenth Amendment right to due process and asserts:

> Defendants, acting under color of state law, have violated and continue to violate Plaintiff's procedural and substantive due process rights by:   a. Proceeding with a hearing despite Plaintiff's filed jurisdictional challenge and removal to federal court; b. Denying Plaintiff the opportunity to be heard by refusing her virtual attendance while granting this accommodation to the opposing party; c. Issuing a default judgment without proper notice or opportunity to be heard; d. Failing to conduct a Rule 8 hearing on Plaintiff's ability to pay despite her documented financial indigency; e. Threatening observers with arrest, thereby denying Plaintiff's right to a public trial; f. Refusing to accept payment for a court reporter, thereby preventing the creation of an accurate record for appeal. G. Summarily denying Plaintiff's formal objections to special judges and her demands for an Article III constitutional judge, without legal justification or written explanation.

*Id.* at 45.   Two paragraphs later and within the second claim, Ms. Stephens mentions "state court's actions," and, perhaps, all allegations in support of her second claim could be understood as referring to actions and omissions of one or more state courts and/or individual state judges.  *Id.* at 46.   In her tenth claim, Ms. Stephens alleges "all Defendants . . . engaged in a civil conspiracy to deprive" her of her rights under the First, Fourth, Fifth, Thirteenth, and Fourteenth Amendments. *Id.* at 57-61.   As to this claim, Ms. Stephens does identify specific actions of some defendants, but she also states that she asserts this claim against all Defendants.  *Id.* at 58-61.   Critically, it falls to the plaintiff in a federal lawsuit to make plain how each individual defendant allegedly harmed her through that individual defendant's actions or omissions.  Fed. R. Civ. P. 8(a); *see Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013) (noting that in § 1983 actions involving multiple defendants "it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants" because § 1983 is a "vehicle[] for imposing personal liability on government officials"

7

(emphases in original) (citations and internal quotation marks omitted)).   Stated another way, when a plaintiff files a pleading asserting multiple claims against multiple defendants and identifies each claim as asserted against "all defendants," neither an individual defendant nor a federal district court is required to speculate about which, if any, claims each individual defendant must defend against.   *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("We need not speculate, because the burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants.   Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.").

Ms. Stephens's requests for relief are similarly framed as applying to all Defendants.   For example, she asks this Court to:   "[i]ssue an immediate permanent restraining order and preliminary injunction enjoining Defendants from executing any arrest warrant against Plaintiff, taking any action to enforce the default judgment or alleged child support orders or debts, or otherwise interfering with Plaintiff's liberty based on the default judgment"; declare the state court default judgment "void ab initio and unenforceable"; "[d]eclare that Defendants violated Plaintiff's due process rights by denying her the opportunity to be heard while granting that opportunity to the opposing party"; and "[d]eclare that Defendants violated the Americans with Disabilities Act by denying reasonable accommodations to Plaintiff."   Dkt. 2 at 69.

Because Ms. Stephens's pleading does not comply with Federal Rule of Civil Procedure 8(a)'s basic pleading requirements and does not provide fair notice to each individual defendant

8

of the claim or claims against which he or she must defend, the Court grants the pending motions to dismiss and dismisses the hybrid habeas petition/civil complaint, in part, as a deficient pleading. Further, because Ms. Stephens did not pay the filing fee necessary to commence a civil action under § 1983 when she included § 1983 claims in her hybrid habeas petition/civil complaint, the Court concludes that the dismissal shall be without prejudice and without leave to amend.   Should Ms. Stephens wish to pursue a civil action under § 1983, she must file a civil complaint, not a habeas petition or a hybrid pleading that improperly combines habeas and § 1983 claims and must pay the $405 fees necessary to commence a civil action.

**IT IS THEREFORE ORDERED** that the motion to dismiss by Defendants David L. Moss Correctional Center, Sheriff Vic Regalado and Deputy Sheriff Jacob Williamson (Dkt. 8), the motion to dismiss by Defendants Oklahoma Department of Human Services and Oklahoma Child Support Services (Dkt. 10), and the motion to dismiss by Defendant Oklahoma Sheriffs' Association (Dkt. 15) are **granted**.

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus (Dkt. 2) is construed in part has a petition seeking relief under 28 U.S.C. § 2254 and is **dismissed without prejudice** in part for lack of subject matter jurisdiction; and is construed in part as a civil complaint seeking relief under § 1983 and is **dismissed without prejudice** in part for failure to comply with Federal Rule of Civil Procedure 8.

**IT IS FURTHER ORDERED** that Ms. Stephens's motions seeking leave to obtain electronic case filing rights for non-attorneys (Dkts. 3 and 4) are **dismissed as moot**.

9

**IT IS FURTHER ORDERED** that this is a final order terminating this action, a certificate of appealability is **denied**, and a separate judgment of dismissal shall be entered herewith.

**DATED** this 21st day of January, 2026.

Gregory K. Frizzell
United States District Court