# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

LINH TRAN STEPHENS, a natural )
living woman, sui juris, )
  )
      Plaintiff, )
  )
vs. )      Case No. 25-CV-285-GKF-MTS
  )
STATE OF OKLAHOMA, et al. )
  )
      Defendants. )

## TCSO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S COMBINED MOTION FOR RELIEF FROM JUDGMENT, TO REOPEN TIME TO FILE NOTICE OF APPEAL, AND NOTICE OF APPEAL [DOC 22]

COMES NOW defendants David L. Moss Correctional Center, Tulsa County Sheriff Vic Regalado and Tulsa County Sheriff's Deputy Jacob Williamson (hereinafter collectively referred to as the "TCSO" defendants), by and through James D. Dunn, General Counsel for the Sheriff's Office[1], and for its response in opposition to plaintiff's "Combined Motion for Relief from Judgment, to Reopen Time to File Notice of Appeal, and Notice of Appeal" [DOC 22] states the following.

## PROCEDURAL BACKGROUND

On January 21, 2026, this Court filed its order and judgment dismissing this case and entering judgment in favor of Defendants against the Plaintiff. [DOCS 18, 19] The court clerk entered a minute on March 9, 2026, indicating the court's judgment mailed to Plaintiff was returned

---

[1] 19 O.S. § 527(A) states: "[t]he sheriff, treasurer or assessor in a county shall have the authority to employ a general counsel, either in-house as a staff attorney or through an outside law firm, to advise or represent that officer and his or her office in the performance of the official duties of that office. The Board of County Commissioners shall approve all contracts for outside counsel. A general counsel employed pursuant to this section shall be compensated from the funds of the employing county office.

to the court.  On April 9, 2026, the Plaintiff filed the instant Motion to reopen the time to appeal, motion for relief from judgment under Rule 60.  [DOC 22]  Based on the following, the TCSO defendants respectfully request the court to enter an order denying Plaintiff's request for relief as the plaintiff failed to comply with LGnR2-6 and LCvR17-1(h).  Additionally, this court's judgment is neither void, nor was it obtained by the commission of fraud upon the court.

**ARGUMENT AND AUTHORITY**

**A.**

Plaintiff first argues she is entitled to relief pursuant to Fed. R. App. P. 4(a)(6) as she claims she did not receive notice of this court's judgment. Said judgment [DOC. 20] dismissing Plaintiff's lawsuit was directed to the Petitioner at "1964 ASHLEY RIVER RD STE B UNIT 80112, CHARLESTON, SC  29407."  It was returned to the court marked "Return to Sender-Attempted-Not Known-Unable to Forward."  [DOC 20]

The address used in plaintiff's complaint [DOC 2] is "1964 Ashley River Rd Ste B Unit 80112, Charleston, South Carolina [zip exempt, near 29407] without U.S. Washington, D.C."  In DOCS 3 and 4, Plaintiff states her address is "1964 Ashley River Rd Ste B Unit 80112, Charleston, South Carolina [zip exempt but near 29407] without U.S.D.C."  In plaintiff's summons', DOC 6, plaintiff lists her address as "1964 Ashley River Rd Ste B Unit 80112, Charleston, South Carolina [zip exempt but near 29407] Without United States District of Columbia."  In DOCS 21 and 22, Plaintiff's most recent filings, she lists her address as "P.O. Box 80112, Charleston, South Carolina [zip exempt but near 29416] without U.S.D.C."

LGnR2-6 provides in pertinent part that "[a]ll papers shall contain the name, mailing address, telephone number (if any), and email address (if any) of the attorney or pro se party filing such papers. All attorneys and pro se parties have a continuing duty to file a written notice of

changes in contact information… Pro se parties not authorized to file electronically shall update their contact information as required by LCvR17-1(h). **Papers sent by the Court will be deemed delivered if sent to the last known physical** or email **address provided to the Court**. (Emphasis added) LCvR17-1(e) states that a "…pro se party must provide the Clerk of Court and all parties a mailing address at which service upon the pro se party can be made." LCvR17-1(h) provides that "[e]very pro se party shall inform the Clerk of Court and all parties, in writing, of any change of name, address, telephone number, or email address within fourteen days of the change. It is the responsibility of the pro se party to notify the Clerk of Court and the parties of any change."

Here, it appears that plaintiff has either changed or corrected her address. Regardless, plaintiff's formatting of her address in her pleadings has been and remains non-standard as plaintiff insists on listing her zip code as "…exempt but near 29407" or "…exempt but near 29416" while putting the same in brackets and then stating "without U.S.D.C." or "without United States District of Columbia."

While *Haines v. Kerner*, 404 U.S. 519 (1972) requires courts to hold pro se pleadings to less stringent standards than formal pleadings drafted by lawyers, it has never meant that a court must cater to the idiosyncratic formatting desires with respect to one's mailing address, just as the court does not have to accept invented legal theories as valid, excuse jurisdictional defects, or pretend that "pseudo law" has merit.

Here, the court clerk complied with Fed R. Civ. P. 77(d)(1). Due to plaintiff's failure to comply with LGnR2-6 and LCvR17-1(h), plaintiff's request for relief pursuant to Fed. R. App. P. 4(a)(6) should be denied.

**B.**

In the alternative, plaintiff claims this court's judgment [DOC 19] is both void and was obtained by fraud. Plaintiff's assertions are meritless. A void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 270 (2010). Relief under *Fed R. Civ. P. Rule 60(b)(4)* is available only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard. *Id.* at 271.

Relief under Fed. R. Civ. P. Rule 60(d)(3) requires a showing of "an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238 (1944). Fraud on the court requires proof that an "officer of the court" perpetrated a "fraud" that "seriously affect[ed] the integrity of the normal process of adjudication." *Bulloch v. United States,* 763 F.2d 1115, 1121 (10th Cir. 1985). Allegations of fraud on the court are subject to the "clear and convincing evidence" standard and must involve "the most egregious conduct." *Id.* This is an extraordinary remedy, and the alleged fraud must rise above mere notice disputes or procedural irregularities. A failure to receive a routine docket entry or judgment does not constitute fraud on the court.

Plaintiff does not allege the Tulsa County defendants or their counsel engaged in any intentional scheme to prevent plaintiff from receiving notice of the court's judgment. There is no allegation that the Tulsa County defendants manipulated the docket, interfered with the clerk's notice system, or took any affirmative action to conceal the judgment. A bare allegation that plaintiff did not receive the judgment, standing alone, does not begin to approach the level of

misconduct required to establish fraud on the court. *See Hazel-Atlas,* 322 U.S. at 245-46 (fraud on the court requires deliberate conduct by an officer of the court to subvert the judicial process.)

## CONCLUSION

Based on the foregoing, the TCSO defendant's respectfully request this Court deny plaintiff's "Motion for Relief from Void Judgment" in its entirety. The plaintiff's failure to comply with LGnR2-6 and LCvR17-1(h) led to this court's judgment being returned to the court. Additionally, the judgment is not void, no fraud on the court occurred, and plaintiff has not made the extraordinary showing required for relief under either Fed. R. Civ. P. 60 (b)(4) or 60(d)(3). This Court's judgment should stand.

Respectfully submitted,


/s/       James D. Dunn
James D. Dunn, OBA#16829
General Counsel
Tulsa County Sheriff's Office
6080 E. 66th Street North
Tulsa, OK  74117
(918) 596-8704
jdunn@tcso.org
*Attorney for David L. Moss Correctional Center,*
*Sheriff Vic Regalado, Deputy Jacob R. Williamson*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of April 2026, I cause a true and correct copy of this

document to be placed in the United States mail, first class postage fully pre-paid, addressed to:

Linh Tran Stephens
P.O. Box 80112
Charleson, SC  29416


/s/      James D. Dunn
James D. Dunn